**E-FILED**
Monday, 20 June, 2005  03:37:02 PM
Clerk, U.S. District Court, ILCD

✎AO 240  (Rev. 10/03)

# UNITED STATES DISTRICT COURT

_____ District of _____

MARTEL Miller + Patrick Thompson

Plaintiff

V.

City of Urbana.
City of Champaign
Champaign County
Defendant

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

**FILED**
JUN 20 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT COURT
URBANA, OF ILLINOIS

CASE NUMBER:  05 - 2142

I, __Martell Miller + Patrick Thompson__ declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs
under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief
sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?          ☐ Yes      ☒ No          (If "No," go to Part 2)

    If "Yes," state the place of your incarceration  _____

    Are you employed at the institution? _____ Do you receive any payment from the institution? _____

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six months'**
    transactions.

2.  Are you currently employed?          ☐ Yes      ☒ No

    a.  If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name
        and address of your employer.

    b.  If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages
        and pay period and the name and address of your last employer. Kraft   $ 9.00
        1988.   Unit #4  School   2002  $ 9.00

3.  In the past 12 twelve months have you received any money from any of the following sources?

    a.  Business, profession or other self-employment      ☐ Yes      ☒ No
    b.  Rent payments, interest or dividends               ☐ Yes      ☒ No
    c.  Pensions, annuities or life insurance payments     ☐ Yes      ☒ No
    d.  Disability or workers compensation payments        ☐ Yes      ☒ No
    e.  Gifts or inheritances                             ☐ Yes      ☒ No
    f.  Any other sources                                ☐ Yes      ☒ No

    If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the
    amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

4.  Do you have any cash or checking or savings accounts?    ☐ Yes    ☒ No

    If "Yes," state the total amount. _____

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other
    thing of value?    ☐ Yes    ☒ No

    If "Yes," describe the property and state its value.

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate
    how much you contribute to their support.

    $N/A$

I declare under penalty of perjury that the above information is true and correct.

_____    E. Marta Mille    Patrick Thompson
6/20/05
Date                                      Signature of Applicant

NOTICE TO PRISONER: A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit
stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer
showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have
multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each
account.

JUN 2 0 2005

JOHM M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

Martel Miller and Patrick Thompson )
)
**Plaintiff** )
)
)
**vs.** )        Case No. 05-2142
)
City of Champaign )
)
City of Urbana )
)
Champaign County )
)
)
**Defendant(s)** )

# COMPLAINT

☑  **42 U.S.C. §1983** (suit against state officials for constitutional violations)

☐  **28 U.S.C. § 1331** (suit against federal officials for constitutional violations)

☐  **Other** _____

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

**Now comes the plaintiff,** Martel Miller and Patrick Thompson **, and states as follows:**

**My current address is:** Martel Miller- 114 E. Park, Champaign, IL 61820

Patrick Thompson- 2712 E. Illinois St., Urbana IL 61802

**The defendant** City of Champaign **, is employed as** _____

_____ **at** _____

**The defendant** City of Urbana **, is employed as** _____

_____ **at** _____

**The defendant** Champaign County **, is employed as** _____

_____ **at** _____

**The defendant** _____ **, is employed as** _____

_____ **at** _____

(revised 9/96)

The defendant _____, is employed as _____

_____ at _____

Additional defendants and addresses _____

_____

_____

_____

For additional plaintiffs or defendants, provide the information in the same format as above on a separate page.

## LITIGATION HISTORY

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?     Yes   ☐       No   ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in state or federal court while incarcerated?

         Yes   ☐       No   ☐

C. If your answer to B is yes, how many? _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

    1. Parties to previous lawsuit:

       Plaintiff(s) _____

       Defendant(s) _____

       _____

    2. Court (if federal court, give name of district; if state court, give name of county)

       _____

3. **Docket Number/Judge** _____

4. **Basic claim made** _____

5. **Disposition** (That is, how did the case end. Was the case dismissed? Was it appealed? Is it

   still pending?) _____

6. **Approximate date of filing of lawsuit** _____

7. **Approximate date of disposition** _____

For additional cases, provide the above information in the same format on a separate page.


## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution?   Yes  ☐      No  ☐

B. Have you filed a grievance concerning the facts relating to this complaint?   Yes  ☐      No  ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?   Yes  ☐      No  ☐

*PLEASE NOTE:  THE PRISON LITIGATION REFORM ACT BARS ANY INCARCERATED*

*PERSON FROM BRINGING SUIT CONCERNING THE CONDITIONS OF HIS CONFINEMENT*

*UNLESS AND UNTIL HE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES.*

*PLEASE ATTACH COPIES OF MATERIALS RELATING TO YOUR GRIEVANCE.*

# STATEMENT OF CLAIM

**Place of the occurrence**   Champaign-Urbana, Illinois

**Date of the occurrence**   September 2004, February 2005
August 2004 , July 2004, December 2003, October 2003

**Witnesses to the occurrence**   Individuals in the confiscated video tape(s)

*State here briefly the FACTS that support your case. Describe how EACH defendant is involved.*
*Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims*
*should be raised in a separate civil action.*
         *THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.*

### MARTEL MILLER- PLANTIFF

In the month of August 2004, I was filming a traffic stop.  I was approached by
officers of the Champaign Police department.  I was informed by the Champaign
Police to stop filming or I would be arrested.  Officer Griffin went to his car to talk
to Assistant States Attorney, Elizabeth Dobson, who had been doing a ride along.
At the direction of Asst. States Attorney Elizabeth Dobson, the Champaign Police
department confiscated and seized VEYA's camcorder and tape. Dobson indicated
that Griffin could seize the camcorder without a warrant (see attached copy of
supplemental police report).  The video tape that was seized in the month of August
2004 with the camcorder was subsequently returned to VEYA, but footage of the
events that took place that night, had been altered or destroyed (see exhibit B).  Also
Sgt. Griffin did not object to being filmed (see video exhibit C).

### PATRICK THOMPSON-PLANTIFF

In the month of July 2004, I was filiming a traffic stop in the area of Mack's gas station  along
with filming Sgt. Griffin and Mr. Allen. Who were in engaging in a conversation.  Also in the
area was Asst. States Attorney Elizabeth Dobson who was also filming in the area (see video
exhibit D).  We also believe that the documentary was seized from UPTV without our
permission, consent or warrant.

In the month of October 2003, I was pulled over for an alledge seat belt violation (see video
exhibit E, and see attached complaint F) In the month of December of 2003, I was pulled over
again and given a ticket for no rear plate light.

In August of 2004, (see cassette tape G), I was charged with two counts of home invasion, one
count of criminal sexual abuse, one count intimidation.  I believe the officer violated the law .

On September 2004, I believe that Mrs. Dobson was prejudiced and biased (see exhibit H).
Also in  December  2004 and February 2005 there was misrepresentation along with other
constitutional violations (see attachment J).

4

# RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

We believe that our first, fourth, fifth, sixth and fourteenth amendment has been violated and we are requesting that a hearing be held based on the complexity of this matter, we are requesting the amount of 15 million for damages.

**JURY DEMAND**         Yes  ☒         No  ☐

Signed this _June_ day of _20th_ , ~~19~~ 2005

*E. Martin Mill. Patrick Thompso*
( *Signature of Plaintiff* )

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Address: | Telephone Number: |

6

# ATTACHMENT SUPPLEMENTAL POLICE REPORT

## SUPPLEMENTAL DETAIL

| Case Number CC0409247 | Officer Number 7914 | Date Entered 09/03/2004 | Date/Time of Orig. Rpt. 08/07/2004 23:26 |
|---|---|---|---|
| Incident Address 926 W BRADLEY AVENUE X STR (926 W BRADLEY/1200 CHAMPAIGN | | | Title of Report: Eavesdropping |

## NARRATIVE

Reporting Agent: Sergeant David Griffet

This is a supplemental report.

On August 7, 2004, just after 2330 hours I was asked to respond to the 900 block of West Bradley Avenue, Champaign, Champaign County, Illinois. Upon arrival I was told that officers suspected that Martel Miller had been recording their conversations with his video camera.

I spoke with Martel and explained what I had been told. I asked him if I could view the documented footage and he gave me the camera so I could review it. While reviewing a short section of the tape I could hear Officer Clinton's voice on the tape.

I then went to my squad car and I spoke briefly with Champaign County Assistant State's Attorney Elizabeth Dobson who had been riding along with me. I told Ms. Dobson what I had found. I told her that I wanted to seize the tape since it was potential evidence of a crime and the recorder since it was used to make the recording. Ms. Dobson told me that I had the authority to do this without a warrant.

I then met with Martel and I told him that I would be seizing the tape and the recorder. He then called Patrick Thompson on his cellular telephone and Patrick soon arrived and yelled at me.

I later reviewed the footage on the tape at CPD and I found a traffic stop involving a University of Illinois police officer. After this discovery I contacted Sgt. Frederick at the University of Illinois Police Department and Sgt. Frederick told me that he would have his officer complete a report.

Reporting Officer: GRIFFET,DAVID

officer's initials ___ ___ approved ___ $\cancel{\mathcal{L}}$.9/4 ___ **NARRATIVE CONTD.**

CC0409247

NARRATIVE CONTD.

See previous reports for further details.

| Copied By: | Entered/Filed By: |

Miscellaneous/Leads #'s

| Signature of Reporting Officer | date | APPROVED (Supervisor) 9/4 | date 9/3/04 |

No secondary disemmination without consent from Champaign Police Dept.

Reporting Officer: GRIFFET,DAVID          officer's initials _____ approved _____ 9/4

# ATTACHMENT F

December 29, 2003

Champaign Police department
82 E. University Avenue
Champaign, IL 61820

To Whom it May Concern:

My name is Patrick Thompson, I am filing a discrimination complaint towards the
Champaign Police Department. On 12/27/03, I was in a parking lot on Main Street in
Champaign when two officers approached me. One officer (Sgt. Griffet) who I previously
had filed a complaint against on 10/9/03, and the other officer unknown, they approached
the vehicle I was driving to determine if the black tea cup I had was a 40 ounce beer
bottle. Once they determined that there was no alcohol in the cup, I proceeded to leave I
noticed a squad car following behind me very closely for a couple of blocks. As I turned
into another parking lot, he kept going. I then drove back down Main Street when another
squad car proceeded to follow behind me.

I was eventually pulled over and given a warning ticket for no rear plate lights by officer
Lack. Officer Lack flashed his light in my eyes, and then begins to do a visual searcher of
the vehicle. I then became aware that Sgt Griffet, the Sgt who approached my car earlier,
was parked behind officer Lack. These stops are racially motivated, because they follow
and pursue until they find a vehicle code or traffic violation. Sgt. Griffet, by him being
the superior officer at the scene he had the authority and the responsibility to intervene on
an unwarranted and unlawful stop.

Patrick Thompson


**ity of Champaign**

**Office of the City Manager**
102 North Neil Street
Champaign IL 61820-4042
Telephone (217) 403-8910
Fax (217) 403-8978
CityManagersOffice@ci.champaign.il.us

February 5, 2004

Mr. Patrick Thompson
#3 Southwood Court
Champaign, IL 61821

Dear Mr. Thompson:

The purpose of this letter is to address your appeal of Chief Finney's response to your November 10, 2003 complaint alleging officer misconduct, as well as your complaint arising from two stops on December 27, 2003. A meeting was held on January 9, 2004, and included John Lee Johnson, Deputy Chief Daniels, Lieutenant Nearing, Lieutenant Yohnka, City Attorney Fred Stavins, Assistant to the City Manager for Community Relations Denise Gordon, you and me, at which time we discussed the actions of the officers and your concerns.

Your complaint concerned a contact with police officers on October 9, and two additional contacts on December 27, 2003. On October 9 you were stopped by a police officer for a seat belt violation. You initiated a complaint because you felt that the officer stopped you because of your race. Subsequently, you were stopped on December 27 to investigate whether you had an open alcohol container in your vehicle and again because the light over the rear license plate was not working. You wrote a letter of complaint on these two stops, feeling that they also were racially motivated.

As your representative, Mr. Johnson indicated that the three traffic stops were improper and the police officers exceeded their authority. In the case of the stop for seatbelt violation, you do not feel the officer could have seen whether or not you were wearing your seatbelt at night, you were in fact wearing your seatbelt, and the officer did not ticket you for a seatbelt violation, but arrested you on another charge of driving in violation of restrictions on your license. The second stop for an alcohol violation resulted in no ticket. And the third stop, which occurred right after the second stop, was for not having a working light above your rear license plate, when the light was working. A warning ticket was issued at the third stop. In addition to being stopped for insufficient cause, Mr. Johnson felt strongly that it was unconstitutional to stop a motorist for one cause and not take action on the basis of the cause of the stop, yet take action on another charge determined after the stop was made. You also indicated that you believed the same sergeant was involved in all three stops and that he was targeting you. As a remedy, you wanted the Police Department to drop the traffic charges and to stop following you.

In response to your concerns about the first stop on October 9, Lt. Nearing indicated that the officer's attention was drawn to your car by what seemed like excessive speed. After pulling in behind you, the officer noticed the seat belt violation and pulled you over. It was noted that the new State law regarding seat belt enforcement

Mr. Patrick Thompson
February 5, 2004
Page 2.

has increased officer awareness and enforcement activity for these violations. When the officer approached you, he advised you that your seat belt was worn improperly, in that the shoulder belt was not over the shoulder. He then ran a records check and learned of restrictions on your driver's license, which you were violating. He arrested you for the license violation, but did not pursue the seat belt violation. Lt. Nearing explained it would not be uncommon for officers to write up the more serious traffic offense and not pursue the less serious offense, and that is left to the discretion of the officer. A sergeant was present at the stop to provide routine backup.

In response to your concerns about the second and third stops, Lt. Yohnka explained that a sergeant saw you drive by on Main Street and thought he saw an alcohol container in your hand. He stopped your vehicle, observed that what he saw was not an alcohol container, and released you. He then did a records check and METCAD reported an outstanding warrant for a Patrick Thompson. So, he asked police units in the area to stop you if they had an opportunity to do so in order to check on the warrant. Another officer then noticed your vehicle without an operational light above your rear license plate and stopped you. Once he was able to determine you were not the Patrick Thompson with the warrant, he issued a warning ticket for the light, and released you. Lt. Yohnka indicated his investigation determined that the stops were made consistent with departmental policies.

After reviewing the information from our meeting and the police reports, and after conferring with the City Attorney with regard to the legal arguments made by Mr. Johnson, it is my decision to uphold the decisions of the Chief. As to whether the stops were racially motivated, I do not feel that there were facts presented to support this allegation, especially in light of the apparent confusion about the sergeants involved. The record is clear that two different sergeants were involved, one on each date. While the traffic stops were made for minor traffic violations, they did constitute valid reasons for making vehicle stops. While the courts have placed limitations on the types of searches which can be done following a traffic stop, I am not aware, nor is our Legal Department aware, of any court decision which would not allow a police officer to follow up on information received from a records check by radio or computer. Finally, neither the fact that you were not ticketed for the alleged seat belt violation nor that you were issued a warning ticket for the equipment violation seems to indicate racial bias.

Thank you for bringing this to our attention. It provided the opportunity to re-evaluate our policies and to see if our policies are being followed consistently. We look at each complaint as a learning opportunity for all of us involved, which will help us do better in the future.

Sincerely,

Steven C. Carter
City Manager

SCC/rw

cc: Chief Finney
    D. Gordon
    J. L. Johnson

J:\CMO\ADM\CORRESP\Police\Citizen Complaints\Thompson (Patrick) Complaint Response 2.5.04

# EXHIBIT H

1    A.    Yes.

2          MS. DOBSON:   Does anyone have any questions?

3          JUROR 4:   Was Stacy Rahn bruised or injured

4    physically in any way?

5    A.    She told me the -- I believe it was her right

6    side, either her right or left, back side area by her ribs

7    was sore and hurting her, and they bothered her all day

8    through work.  She works at a hospital.  She spoke with

9    one of the nurses.  One of the nurses looked at it.  I

10   don't think she actually seeked medical attention to it,

11   but said she was fine.  She was instructed to call back if

12   there was bruising or something that developed.  She never

13   did return my call -- or contact me later.

14         JUROR 4:  Most of the cases that we've heard, you

15   know there were witnesses or present to corroborate

16   accusations.   In this case, what should we expect in the

17   way of corroboration?  What is the Grand Jury supposed to

18   expect?

19         MS. DOBSON:   You're to determine probable cause.

20   And probable cause means that you are determining that the

21   evidence is sufficient, if true, to justify a reasonable

22   person in believing that a crime has been committed and

23   the Defendant is the one who did it.

24         In sexual assault cases, a trial jury is usually

10

1    instructed that the word of one person alone is sufficient

2    to sustain the charge if it is believed beyond a

3    reasonable doubt.

4            Your burden is significantly less than beyond a

5    reasonable doubt. You are at probable cause. So, if this

6    evidence is to be believed, did the Defendant, Patrick

7    Thompson, commit the offenses that are listed in the

8    indictment, that's your -- that's your concern.

9            (WHICH WERE ALL THE PROCEEDINGS HAD IN THIS SAID

10   CAUSE.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

11

1          IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

2                    CHAMPAIGN COUNTY, ILLINOIS

3

4          I, Melissa Clagg, an Official Court Reporter for

5     the Circuit Court of Champaign County, Sixth Judicial

6     Circuit of Illinois, do hereby certify that I reported the

7     proceedings had in the above-entitled cause; that I

8     thereafter caused the foregoing to be transcribed into

9     typewriting, which I hereby certify to be a true and

10    accurate Report of Proceedings had before the Grand Jury.

11

12

13

14

15

16

17

18

19                    _Melissa Clagg_

20                    Official Court Reporter

21

22

23    Dated this 25th

24    day of April, 2005

12

# ATTACHMENT J



DEC 1 0 2004



CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

04CF-1571

To the honorable court for the 6th Circuit

    I Patrick Thompson would like to go on record and request the court that in case 04CF-1571, be set for trial in the next jury term. This matter has been going on since August 24, 2004 without any hearing. These allegations are very serious in nature and my Sixth Amendment right to have a speedy trial by an impartial jury, and the right to confront and cross examine the witnesses. My Fourteenth Amendment that the State shall not deprive any person of life, liberty, or property, without due process of law, at no point have I had the opportunity to challenge the false statements or the reckless discard for the truth. There was a great deal of information and investigation by interest groups. At this point I am requesting that there be no more continuances and that the case be set for trial. There was a request from me that 04CF-1571 be set for December jury term and on the November 18th pre-trial docket call attorney representing the matter of 04CF-1571 either misrepresentation or error by setting 04CF-1609 for trial and continuing 04CF-1571, which is the case that attorney appearance was entered. The next pre-trial entry is December 29th at 1:30pm. I ask the court that this case be no longer continued.

                        Respectfully submitted

                        Patrick Thompson

December 10, 2004

OFFICE OF THE PUBLIC DEFENDER
CHAMPAIGN COUNTY, ILLINOIS
RANDALL ROSENBAUM
101 E. MAIN STREET
URBANA, IL. 61801
217-384-3714
FAX-384-3856

12/30/04

Mike Vujovich
Office of the Appellate Prosecutor
725 S. Second
Springfield, IL. 62704

Re: Patrick Thompson 04CF1571

Dear Mike:

We would like to try this case on the February term. Pretrial is set for Jan. 26, 2004 at 9:30 AM in Courtroom A. It is my client's express direction to me not to seek nor consent to any more continuances.

Thank you so much Mike.

John Taylor

Cc: Patrick Thompson