E-FILED
 Tuesday, 05 July, 2005  02:08:19 PM
 Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTEL MILLER and PATRICK THOMPSON, ) <br> ) <br> Plaintiffs,  ) <br> ) <br> v.   ) <br> ) <br> CITY OF CHAMPAIGN, CITY OF URBANA,   ) <br> and CHAMPAIGN COUNTY,   ) <br> ) <br> Defendants.   ) | No. 05-2142 |

ORDER

  The plaintiffs have filed a *pro se* complaint against the defendants pursuant to 42 U.S.C. § 1983.  They seek to proceed *in forma pauperis*.

  To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations. It must decide first whether the litigant is unable to pay the costs of commencing the action.  28 U.S.C. § 1915(a)(1).  If so, it must then determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

  One need not be completely destitute to proceed *in forma pauperis* under section 1915.  An affidavit demonstrating that the petitioner cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *Rewolinski v. Morgan*, 896 F. Supp. 879, 880 (E.D. Wis. 1995).  Patrick Thompson has not been employed since 1989.   He has no items of value and no cash or bank accounts.  Martel Miller has not been employed since 2002.  He has no items of value other than a checking account.[1]   It is clear that the plaintiffs cannot, because of their poverty, provide themselves with the necessities of life.

  To proceed *in forma pauperis*, however, the complaint must also satisfy section 1915(e)(2)(B).  To state a claim under 42 U.S.C. § 1983,  the plaintiffs must show (1) they were deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

  The plaintiffs allege violations of their First, Fourth, Fifth, Sixth and Fourteenth

---

[1] The court cannot determine the value of his checking account, which he has listed as $4.59.00; it could be $4.59 or $459.00.  Regardless, he is unemployed and has no other means of support.  Payment of the filing fee would create an extreme hardship for Miller and leave him unable to provide the necessities of life.

1

Amendments.[2]  The court is obliged to give the plaintiffs' pro se allegations, however inartfully pleaded, a liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Miller and Thompson have not yet named any individual defendants.  The court, liberally construing the allegations, understands the plaintiffs' claims to have arisen through the execution of the defendant governmental entities' customs or policies.  *See Monell v. Department of Soc. Serv.*, 436 U.S. 658, 694 (1978).

Miller alleges that in August 2004, he was videotaping a traffic stop when he was ordered by Champaign police officers to stop videotaping or he would be arrested.  Officer Griffin returned to the squad car to confer with Champaign County Assistant State's Attorney Elizabeth Dobson ("Dobson") who was in the squad car on a "ride-along."  Miller alleges that Officer Griffin seized the camcorder and videotape at Dobson's direction. The camcorder and videotape were eventually returned to Miller, but parts of the videotape had been erased.

Thompson alleges similar circumstances.  He claims he was filming a traffic stop at which Dobson was also present; she was also filming in the area.  Although the complaint is not clear on this point, it appears that he was filming footage for a local documentary, and employees at the City of Urbana's public television station seized the documentary without the plaintiffs' permission, consent or a warrant.  Thompson also alleges that the police have engaged in a discriminatory pattern of traffic stops effectuated against him for alleged seat belt violations and vehicle equipment deficiencies.  He further claims that Dobson and/or others have engaged in prejudicial and biased conduct pertaining to his criminal prosecution for home invasion, criminal sexual abuse and intimidation.

The plaintiffs have stated potential claims pursuant to 42 U.S.C. § 1983; they have alleged a deprivation of their constitutional rights, and alleged that the individuals responsible for the deprivation were acting under color of state law.  Therefore, they have satisfied section 1915(e)(2)(B).

Because Miller and Thompson have shown inadequate resources from which to pay the filing fee, and have pled a *prima facie* case pursuant to 42 U.S.C. § 1983, they are entitled to proceed *in forma pauperis*.

## CONCLUSION

For the foregoing reasons, the court grants the applications to proceed *in forma pauperis* [#4, #5].

ENTERED this 5th  day of July, 2005.

        **s/Harold A. Baker**
HAROLD A. BAKER
U.S. DISTRICT JUDGE

---

[2] The court need not, at this stage, analyze each of the plaintiffs' claims under 28 U.S.C. 1915(e)(2)(B), as long as at least some of their allegations state a claim for relief.