# ATTACHMENT F

December 29, 2003

Champaign Police department
82 E. University Avenue
Champaign, IL 61820

To Whom it May Concern:

My name is Patrick Thompson, I am filing a discrimination complaint towards the Champaign Police Department. On 12/27/03, I was in a parking lot on Main Street in Champaign when two officers approached me. One officer (Sgt. Griffet) who I previously had filed a complaint against on 10/9/03, and the other officer unknown, they approached the vehicle I was driving to determine if the black tea cup I had was a 40 ounce beer bottle. Once they determined that there was no alcohol in the cup, I proceeded to leave I noticed a squad car following behind me very closely for a couple of blocks. As I turned into another parking lot, he kept going. I then drove back down Main Street when another squad car proceeded to follow behind me.

I was eventually pulled over and given a warning ticket for no rear plate lights by officer Lack. Officer Lack flashed his light in my eyes, and then begins to do a visual searcher of the vehicle. I then became aware that Sgt Griffet, the Sgt who approached my car earlier, was parked behind officer Lack. These stops are racially motivated, because they follow and pursue until they find a vehicle code or traffic violation. Sgt. Griffet, by him being the superior officer at the scene he had the authority and the responsibility to intervene on an unwarranted and unlawful stop.

Patrick Thompson

# City of Champaign

**Office of the City Manager**
102 North Neil Street
Champaign IL 61820-4042
Telephone (217) 403-8910
Fax (217) 403-8978
CityManagersOffice@ci.champaign.il.us

February 5, 2004

Mr. Patrick Thompson
#3 Southwood Court
Champaign, IL 61821

Dear Mr. Thompson:

The purpose of this letter is to address your appeal of Chief Finney's response to your November 10, 2003 complaint alleging officer misconduct, as well as your complaint arising from two stops on December 27, 2003. A meeting was held on January 9, 2004, and included John Lee Johnson, Deputy Chief Daniels, Lieutenant Nearing, Lieutenant Yohnka, City Attorney Fred Stavins, Assistant to the City Manager for Community Relations Denise Gordon, you and me, at which time we discussed the actions of the officers and your concerns.

Your complaint concerned a contact with police officers on October 9, and two additional contacts on December 27, 2003. On October 9 you were stopped by a police officer for a seat belt violation. You initiated a complaint because you felt that the officer stopped you because of your race. Subsequently, you were stopped on December 27 to investigate whether you had an open alcohol container in your vehicle and again because the light over the rear license plate was not working. You wrote a letter of complaint on these two stops, feeling that they also were racially motivated.

As your representative, Mr. Johnson indicated that the three traffic stops were improper and the police officers exceeded their authority. In the case of the stop for seatbelt violation, you do not feel the officer could have seen whether or not you were wearing your seatbelt at night, you were in fact wearing your seatbelt, and the officer did not ticket you for a seatbelt violation, but arrested you on another charge of driving in violation of restrictions on your license. The second stop for an alcohol violation resulted in no ticket. And the third stop, which occurred right after the second stop, was for not having a working light above your rear license plate, when the light was working. A warning ticket was issued at the third stop. In addition to being stopped for insufficient cause, Mr. Johnson felt strongly that it was unconstitutional to stop a motorist for one cause and not take action on the basis of the cause of the stop, yet take action on another charge determined after the stop was made. You also indicated that you believed the same sergeant was involved in all three stops and that he was targeting you. As a remedy, you wanted the Police Department to drop the traffic charges and to stop following you.

In response to your concerns about the first stop on October 9, Lt. Nearing indicated that the officer's attention was drawn to your car by what seemed like excessive speed. After pulling in behind you, the officer noticed the seat belt violation and pulled you over. It was noted that the new State law regarding seat belt enforcement

Mr. Patrick Thompson
February 5, 2004
Page 2.

has increased officer awareness and enforcement activity for these violations. When the officer approached you, he advised you that your seat belt was worn improperly, in that the shoulder belt was not over the shoulder. He then ran a records check and learned of restrictions on your driver's license, which you were violating. He arrested you for the license violation, but did not pursue the seat belt violation. Lt. Nearing explained it would not be uncommon for officers to write up the more serious traffic offense and not pursue the less serious offense, and that is left to the discretion of the officer. A sergeant was present at the stop to provide routine backup.

In response to your concerns about the second and third stops, Lt. Yohnka explained that a sergeant saw you drive by on Main Street and thought he saw an alcohol container in your hand. He stopped your vehicle, observed that what he saw was not an alcohol container, and released you. He then did a records check and METCAD reported an outstanding warrant for a Patrick Thompson. So, he asked police units in the area to stop you if they had an opportunity to do so in order to check on the warrant. Another officer then noticed your vehicle without an operational light above your rear license plate and stopped you. Once he was able to determine you were not the Patrick Thompson with the warrant, he issued a warning ticket for the light, and released you. Lt. Yohnka indicated his investigation determined that the stops were made consistent with departmental policies.

After reviewing the information from our meeting and the police reports, and after conferring with the City Attorney with regard to the legal arguments made by Mr. Johnson, it is my decision to uphold the decisions of the Chief. As to whether the stops were racially motivated, I do not feel that there were facts presented to support this allegation, especially in light of the apparent confusion about the sergeants involved. The record is clear that two different sergeants were involved, one on each date. While the traffic stops were made for minor traffic violations, they did constitute valid reasons for making vehicle stops. While the courts have placed limitations on the types of searches which can be done following a traffic stop, I am not aware, nor is our Legal Department aware, of any court decision which would not allow a police officer to follow up on information received from a records check by radio or computer. Finally, neither the fact that you were not ticketed for the alleged seat belt violation nor that you were issued a warning ticket for the equipment violation seems to indicate racial bias.

Thank you for bringing this to our attention. It provided the opportunity to re-evaluate our policies and to see if our policies are being followed consistently. We look at each complaint as a learning opportunity for all of us involved, which will help us do better in the future.

Sincerely,

*Steven C. Carter*
Steven C. Carter
City Manager

SCC/rw

cc: Chief Finney
 D. Gordon
 J. L. Johnson

J:\CMO\ADM\CORRESP\Police\Citizen Complaints\Thompson (Patrick) Complaint Response 2.5.04