E-FILED
Thursday, 28 July, 2005  12:34:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARTEL MILLER and PATRICK THOMPSON, )
    Plantiffs, )
) No. 05-2142
Vs. )
)
CITY OF CHAMPAIGN, CITY OF URBANA, )
And CHAMPAIGN COUNTY, )
    Defendants. )

FILED

JUL 2 8 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## AMENDMENT TO 42 U.S.C. 1983

The Plantiffs assert that the City of Urbana and the Police department illegally confiscated and seized a video tape that was produced and submitted to UPTV for broadcasting on August 23, 2004. On August 25, 2004 Martel Miller was informed by UPTV staff that the tape had been seized by the Urbana Police department. According to the Champaign police report and letter from Steve Holtz (Urbana city attorney) see the attached copy of letter and police report, the officer stated on August 31, 2004 he had received the vhs tape from Assistant States Attorney, Mrs. Dobson. In addition the police report states that there was a subpoena, dated August 31, 2004, to seize the video tape from UPTV. (see attached copy of subpoena) The police report further states that the officer was made aware by the Urbana Police Department a week before that several officers were being illegally recorded. Therefore these events, clearly show there was an interrelationship between the City of Urbana, City of Champaign and Champaign County with regards to the illegal confiscation and seizure of the tape.

Secondly, Urbana police department during it's investigation in 04-CF-1571, failed to include the interview of a key witness in the police report. We believe that this is a violation of the law. There is testimony and documentation from the witness and the officer that there was an interview conducted.

**Haines v. Kerner,** 404 U.S. 519, 92 S.Ct. 594, U.S.Ill. 1972. Jan 13, 1972
The only across-the-board special treatment which the Supreme Court has guaranteed pro se litigants, apart from the due process rights accorded all litigants in civil cases, is the right to have courts liberally construe their pleadings. Pro se litigants deserve, of course, the minimum due process rights to which all other litigants are entitled. The most significant of these rights is an opportunity to be heard, 'granted at a meaningful time and in a meaningful manner.

1

Allegations of pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. It is not, however, justifiable in civil cases, where many litigants appear pro se not because they prefer to do so, but because they cannot afford counsel. Modern procedural due process jurisprudence requires, at the very least, that courts should give the pro se civil litigant a liberal construction of his pleadings. The court should then determine what further process is due, based on the individual facts and circumstances of the case. In short, in civil cases, there sometimes may be a 'license not to comply' with procedural requirements.

WHEREFORE, the plantiffs request this Court for an order granting the continuance of the complaint.

            Plantiffs
            Martel Miller and Patrick Thompson

Martel Miller, 114 E. Park St., Champaign IL, 61820

Patrick Thompson, 723 S. Mattis Avenue, Champaign IL, 61821

### CERTIFICATE OF SERVICE
The undersigned hereby certifies that on Thursday, July 28, 2005, service of the foregoing was made by submitting a true copy to the United States District Court for the Central District of Illinois and defendants.

CITY OF CHAMPAIGN, 102 N. Neil St, Champaign, IL 61820

CITY OF URBANA, 400 S. Vine St. Urbana, IL, 61801

CHAMPAIGN COUNTY, 1776 E. Washington, Urbana, IL, 61802

            Plantiffs
            Martel Miller and Patrick Thompson