```
              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF ILLINOIS

MARTEL MILLER and PATRICK    )
THOMPSON,                    )
                             )
              Plaintiffs,    )
                             )
     vs.                     )    No. 05-2142
                             )
CITY OF CHAMPAIGN, CITY OF   )
URBANA and CHAMPAIGN COUNTY, )
                             )
              Defendants.    )
```

**MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO DISMISS**

Defendant, Champaign County, by its attorneys, Flynn, Palmer & Tague, for its Memorandum of Law in Support of Motion to Dismiss, pursuant to Rule(b)(6) of the Federal Rules of Civil Procedure, states as follows:

Plaintiffs, Martel Miller and Patrick Thompson, have filed a Section 1983 Complaint against Defendants, City of Champaign, City of Urbana and Champaign County.

Plaintiff Miller alleges that in August, 2004, while he was filming a traffic stop, the Champaign Police Department seized the camcorder and tape without a warrant at the direction of Champaign County Assistant State's Attorney Elizabeth Dobson, who was doing a ride along.

Plaintiff Thompson also alleges that in July, 2004, documentary footage of a traffic stop he was filming was wrongfully seized. He alleges that Assistant State's Attorney Dobson also was filming in the area.

Plaintiff Thompson further alleges that in August, 2004, Assistant State's Attorney Dobson was prejudiced and biased

against him in prosecuting him for alleged crimes.

Plaintiff Thompson also alleges that in December, 2004, and February, 2005, there was misrepresentation along with other constitutional violations, as shown in Exhibit "J" to the Complaint. Exhibit "J" is a letter from Defendant Thompson to "the honorable Court for the Sixth Circuit" complaining that his attorney had Case No. 04-CF-1571 continued and requesting that the case be set for trial. Exhibit "J" does not allege wrongdoing by Defendant, Champaign County, or any of the employees or agents.

Plaintiff Miller fails to state a cause of claim upon which relief can be granted under Section 1983 for the alleged seizure of the camcorder and tape.

720 Illinois Compiled Statutes 5/14-2(a)(1)(A) provides as follows:

> "(a) A person commits eavesdropping when he:
>
>> (1) Knowingly and intentionally uses an eavesdropping device for the purpose of hearing or recording all or any part of any conversation or intercepts, retains, or transcribes electronic communication unless he does so (A) with the consent of all the parties to such conversation or electronic communication."

A police officer may lawfully seize without a warrant articles in plain view which, due to the surrounding circumstances, he reasonably believes constitute evidence of criminal activity, as long as the officer views the evidence from a position where he has the right to be. Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968); People v. Bradford, 53 Ill.Dec. 375, 380, 423 N.E.2d 1179 (1981).

According to Plaintiff Miller's allegations, the camcorder

and tape were in plain view and it would have been reasonable for the police officer to believe they were evidence of the violation of 720 Illinois Compiled Statutes 5/14-2(a)(1)(A). Therefore, any seizure would have been proper and Assistant State's Attorney Dobson would not have violated Defendant Miller's constitutional rights in directing their seizure.

Further, the police officer who allegedly seized the camcorder and tape at the direction of Assistant State's Attorney Dobson was not under any duty to follow Assistant State's Attorney Dobson's orders or suggestions. Therefore, Plaintiff Miller's allegation that Assistant State's Attorney Dobson directed the police officer to seize the camcorder and tape fails to state a Section 1983 violation against Champaign County. <u>Anderson v. Simon,</u> 217 F.3d 472, 476 (7th Cir.), rehearing and rehearing en banc denied, certiorari denied, 531 U.S. 1073, 121 S.Ct. 765, 148 L.Ed.2d (2000).

Plaintiff Thompson fails to state a claim upon which relief can be granted under Section 1983 for the alleged filming by Assistant State's Attorney Dobson. He does not explain how the alleged filming by Assistant State's Attorney Dobson violated his constitutional rights in any way.

He also fails to allege that Assistant State's Attorney Dobson was recording audio as well as video. Recording audio is prohibited, but recording video is not. 720 Illinois Compiled Statutes 5/14-2(a)(1)(A).

Plaintiff Thompson fails to state a claim upon which relief can be granted under Section 1983 for the alleged prejudiced and biased prosecution of him by Assistant State's Attorney Dobson.

In initiating a prosecution and in presenting the State's case, a prosecutor is immune from a civil suit for damages. Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976).

A prosecutor is entitled to absolute immunity in a Section 1983 action alleging malicious prosecution. Spiegel v. Rabinovitz, 121 F.3d 251, 257 (7th Cir.), certiorari denied 522 U.S. 998, 1185 S.Ct. 565, 139 L.Ed.2d 405 (1997).

A prosecutor is absolutely immune from liability under Section 1983 for presentation of evidence to a grand jury in a manner calculated to obtain an indictment, even when maliciously, wantonly or negligently accomplished. Morrison v. City of Baton Rouge, 761 F.2d 242, 248-49 (5th Cir. 1985).

Although in Exhibit "J" to the Complaint Plaintiff Thompson does not allege wrongdoing by Champaign County or any of its employees or agents, he does complain of a delay in the prosecution of a criminal case against him. To the extent it may be inferred that Plaintiff Thompson is complaining of the Champaign County State's Attorney or a Champaign County Assistant State's Attorney, the Complaint fails to state a claim upon which relief can be granted under Section 1983, as a prosecutor is absolutely immune from a Section 1983 claim alleging a delay in prosecuting. Anderson v. Simon, 217 F.3d 472, 475-76 (7th Cir.), rehearing and rehearing en banc denied, certiorari denied, 531 U.S. 1073, 121 S.Ct. 765, 148 L.Ed.2d 666 (2000).

Finally, the only Champaign County employee or agent whom Plaintiffs Miller and Thompson complain of is Assistant State's Attorney Dobson. However, although the Court assumed it for

purposes of its ruling on the in forma pauperis applications, Plaintiffs Miller and Thompson never state that the alleged wrongdoing on the part of Assistant State's Attorney Dobson occurred as a result of an official custom, policy or practice of Champaign County.  A local governmental body can be held liable in a Section 1983 case only if the alleged constitutional violation occurred as a result of an official custom, policy or practice as respondeat superior does not apply.  <u>Holmes v. Sheahan,</u> 930 F.2d 1196, 1199 (7th Cir.), certiorari denied, 502 U.S. 960, 112 S.Ct. 423, 116 L.Ed.2d 443 (1991).  Since Plaintiffs Miller and Thompson do not allege wrongdoing pursuant to an official custom, policy or practice of Champaign County, their Section 1983 action against Champaign County fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant, Champaign County, prays that Plaintiffs' Complaint be dismissed with prejudice as to Champaign County.

                                        CHAMPAIGN COUNTY, Defendant

                                        BY:  FLYNN, PALMER & TAGUE


                                        By:   /s/  Jerome P. Lyke
                                              Jerome P. Lyke
                                              Illinois Bar No. 6182867
                                              Flynn, Palmer & Tague
                                              402 W. Church Street
                                              P.O. Box 1517
                                              Champaign, IL  61824-1517
                                              Telephone:  (217) 352-5181
                                              Fax:  (217) 352-7964
                                              <u>jeromelyke@yahoo.com</u>

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that he did on the 4th day of August, 2005, electronically file the foregoing Memorandum of Law in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Martel Miller  
114 E. Park  
Champaign, IL  61820

Patrick Thompson  
723 S. Mattis  
Champaign, IL  61821

Howard W. Small  
Ansel & Small, Ltd.  
41 E. University, Suite 3A  
P.O. Box 468  
Champaign, IL  61824-0468  
hwslaw@shout.net

David E. Krchak  
Thomas, Mamer & Haughey  
30 E. Main Street  
P.O. Box 560  
Champaign, IL  61824-0560  
krchak@tmh-law.com

By:   /s/  Jerome P. Lyke  
Jerome P. Lyke  
Illinois Bar No. 6182867  
Flynn, Palmer & Tague  
Attorney for Champaign County  
402 W. Church Street  
P.O. Box 1517  
Champaign, IL  61824-1517  
Telephone:  (217) 352-5181  
Fax: (217) 352-7964  
jeromelyke@yahoo.com