E-FILED
Thursday, 04 August, 2005 03:14:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTEL MILLER and PATRICK THOMPSON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 05-2142 |
| CITY OF CHAMPAIGN, CITY OF URBANA and CHAMPAIGN COUNTY, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

NOW COMES the defendant, CITY OF CHAMPAIGN, by its attorneys, Thomas, Mamer & Haughey, LLP, and file this Memorandum in support of their Motion to Dismiss.

The Statement of Claim filed in this matter indicates that Champaign police officers and especially an Officer Griffin (*sic*) seized a videotape from each of the defendants. Attached to the Complaint, labeled "Attachment Supplemental Police Report" is a report dated 8/07/04 regarding the actions of Sgt. David Griffet relating to some of the allegations in the Complaint.

Attached as Exhibit A to this Memorandum is the transcript of grand jury proceedings in the case of *The People of the State of Illinois v. E. Martell Miller*, 04-CF-1482 and *People of the State of Illinois v. Patrick D. Thompson*, 04-CF-1609.

Pages 10-16 of the transcript contain the sworn testimony of Sgt. David I. Griffet. The police report and the grand jury testimony establish that the officers had reasonable cause to suspect that a violation of Illinois criminal statutes had occurred, in that Sgt.

Griffet listened to the audio portion of the tape and heard taped conversations. The officer's testimony establishes that he had not given permission for the taping to occur.

720 ILCS 5/14-1 *et seq.* establishes that recording of conversations is prohibited unless all parties consent to the recording. 720 ILCS 5/14-2 outlines the elements of the offense:

> (a) A person knowingly commits eavesdropping when he:
>
> > (1) Knowingly and intentionally uses an eavesdropping device for the purpose of hearing or recording all or any part of any conversation . . . unless he does so (A) with the consent of all of the parties to such conversation . . . or (B) in accordance with Article 108A or Article 108B of the Code of Criminal Procedure of 1963, approved August 14, 1963, as amended. Article 108A and 108B involve judicial supervision of the use of eavesdropping devices and electronic criminal surveillance for specific crimes.

Prior versions of the eavesdropping statute did not "reach conversations that a party did not intend to be private." *People v. Nunez,* 258 Ill.Dec. 667, 678, 325 Ill.App.3d 35, 48, 756 N.E.2d 941, 952 (2nd Dist. 2001). The *Nunez* court noted that the legislature amended the definition of a conversation to include "any oral communication between two or more persons regardless of whether one or more of the parties intended their communication to be of a private nature under circumstances that justify that expectation." This change has been interpreted to "prohibit the recording of any conversation without the consent of all parties regardless of any party's expectation of privacy." *id.*

In general, it is lawful for police officers to seize evidence that is in plain view and which, due to the surrounding circumstances, they believe constitute evidence of criminal activity. *People v. Sweeney*, 46 Ill.App.3d 858, 361 N.E.2d 344 (3rd Dist. 1977). The "test of reasonableness for a plain view seizure is whether the facts available to the

officer at the moment of the seizure were such as to warrant a man of reasonable caution to believe that action taken was appropriate." *People vs. Bradford,* 97 Ill.App.3d, 998, 1003, 423 N.E.2d 1179, 1184 (5th Dist. 1981).

The plaintiffs were committing a crime when they videotaped the activities of the police because they were violating the eavesdropping statute that prohibits the recording of conversations without the consent of all parties to the recording. The officers could obtain any evidence that was in plain view if they believed that it constituted evidence of criminal activity. It was reasonable for the officers to confiscate the videotape because the fact that a crime was taking place "warranted a man of reasonable caution to believe" that the seizure was appropriate. *People vs. Bradford.*

The Complaint also fails to state a cause of action because it does not assert that the police officers under these circumstances were following a custom or practice of the City of Champaign. Indeed, these officers, under the allegations provided, were following the advice of an assistant state's attorney in taking these actions.

For these reasons, the defendant prays that the Court will dismiss the Complaint, enter judgment in its behalf and against the plaintiff, and award it its costs of suit.

CITY OF CHAMPAIGN, Defendant

BY: THOMAS, MAMER & HAUGHEY, LLP

_____
David E. Krchak

    s/**DAVID E. KRCHAK**
    Attorney David E. Krchak
    Attorneys for City of Champaign
    Thomas, Mamer & Haughey, LLP
    30 E. Main, PO Box 560
    Champaign, IL 61824-0560
    (217) 351-1500
    Fax: (217) 355-0087
    Attorney's e-mail address: krchak@tmh-law.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 4, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I mailed the foregoing to the following individuals:

| | |
|---|---|
| Martell Miller<br>114 E. Park<br>Champaign, IL 61820 | Patrick Thompson<br>2712 E. Illinois Street<br>Urbana, IL 61802 |
| Howard W. Small<br>Ansel & Small, Ltd.<br>PO Box 468<br>Champaign, IL 61824-0468 | Jerome P. Lyke<br>Flynn, Palmer & Tague<br>PO Box 1517<br>Champaign, IL 61824-1517 |

by U.S. Mail, postage fully prepaid.

_____
    s/**DAVID E. KRCHAK**
    Attorney David E. Krchak
    Attorneys for City of Champaign
    Thomas, Mamer & Haughey, LLP
    30 E. Main, PO Box 560
    Champaign, IL 61824-0560
    (217) 351-1500
    Fax: (217) 355-0087
    Attorney's e-mail address: krchak@tmh-law.com