UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARTEL MILLER and PATRICK THOMPSON,
    Plaintiffs,

Vs.

CITY OF CHAMPAIGN, CITY OF URBANA,
And CHAMPAIGN COUNTY,
    Defendants.

Case No. 05-2142

FILED
AUG 17 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## AMENDMENT TO 42 U.S.C. 1983

Assistant States Attorney Elizabeth Dobson who was doing a ride along with Sgt. Griffet as a civilian was video taping civilians across the street from Mac's gas station located 601 N. Neil St. Champaign Illinois. On a separate occasion, Assistant States Attorney Elizabeth Dobson authorized the seizure of a video camera from Martel Miller without a warrant. Also States Attorney John Piland and Assistant States Attorney Elizabeth Dobson engaged in a conspiracy with the City of Champaign Police Department. Second, Plaintiff states that his sixth amendment right to a speedy trial was violated. Third, the Sixth Judicial Circuit Court of Champaign County allowed private council in 04-CF-1571 to set 04-CF-1609 for trial and continue 04-CF-1571. Plaintiff states that this is ineffective assistance of council.

I Martel Miller and Patrick Thompson used a commonplace hand-held video/audio recording device to document the on-duty actions and words of police officers in public places, including the sound of conversations between police officers and civilians. At no time were there any allegations made that Mr. Miller or Mr. Thompson interfered with

the work of the police. Moreover, none of the recorded conversations were private: all took place in publicly accessible places, and the participants used speaking voices audible to passersby. The First Amendment guarantees the right to petition the government for redress of grievances. This includes the right to collect information regarding the government's actions. The First Amendment also protects the freedom of the press to report on government actions, and the public's right to receive this news. These rights promote government accountability, one of our core national values.

These rights are especially important in the context of law enforcement. One reasonable step to ensure police accountability is for civilians to monitor the behavior of police officers in the streets and sidewalks of their communities. Photographs, videotapes, and audiotapes are simply effective monitoring techniques, creating an objective record of interactions between police officers and civilians. The videotape of the Rodney King beating is just one commendable example of such monitoring. With increasing frequency, private individuals and organizations throughout the country are using ordinary video/audio recorders to monitor a myriad of police activities, including at large demonstrations and solitary traffic stops. This is part of the legitimate and constructive civic tradition.

Audio recordings are often a necessary and appropriate part of monitoring police activity. Some police misconduct is verbal, including: (a) the threat unlawful violence or a frame-up; (b) the use of racial epithets and other foul words; and (c) the failure to comply with department policy, such as the refusal bay n officer on request to state his name or

explain how to file a civilian complaint. Moreover, it will frequently be difficult or impossible to assess the reasonableness of a police officer's use of force captured on videotape, in the absence of an audiotape of the conversation that preceded, accompanied, and followed that use of force. This case did not involve; (a) an audio recorder that is more sensitive than the human ear.

When people present in a publicly accessible place engage in a conversation in an average speaking voice audible to passersby, they ordinarily can have no reasonable expectation that their words will remain private. This is especially true for government officials, including police officers, who speak while carrying out their public duties. It is also true for the civilians can see and hear these conversations, and may lawfully photograph and videotape the likenesses of these civilian speakers.
The civilian speakers suffer no invasion of privacy when other civilians also make an audio recording of their words spoken to police officers in an ordinary conversational volume. If a civilian and/or a police officer want to have a confidential conversation, they can simply meet in a private, indoor location.

A conspiracy existed between the commanding staff which includes, Champaign Chief of police, Assistant States Attorney, Elizabeth Dobson and former States Attorney John Piland.. In one instance you have former States Attorney Piland stating that commanding staff (Deputy Chief John Murphy, and Deputy Chief Troy Daniels, and Lt. John Swenson requested that eaves dropping charges be filed and not dismissed. Second, you have

Chief Finney (Champaign Chief of Police) making a statement that "I did not know about the charges being filed", until after they had been filed. Third, Elizabeth Dobson (former Assistant States Attorney) filed a motion to dismiss (04-CF-1482 E. Martel Miller, in that motion Dobson stated that "Champaign Chief of Police has authorized charges and that his concern was that the Champaign Police Department not be the first or only police agency alleged as the victim of the Eavesdropping offense. (See attached copies of News-Gazette articles, Elizabeth Dobson's motion to dismiss and States John Piland letter).

Plaintiff, Patrick Thompson, who filed several pro se motions requesting a speedy trial. In 04-CF-1571, states that he has been denied his right to be tried within the 120 day in custody and 160 days out of custody. Plaintiff also asserts that the court for the 6th Judicial Circuit allowed private attorney, Bruce Ratcliffe, to set 04-CF-1609 for trial and whose appearance was not entered and continue 04-CF-1571 in which his appearance was entered. Without the consent and knowledge of plaintiff. This is clearly misrepresentation and ineffective assistance of council. Plaintiffs are requesting in the amount of $5,000,000 for damages.

WHEREFORE, the plaintiffs request this Court for an order granting the continuance of the complaint.

                                                Plaintiffs

                                                Martel Miller and Patrick Thompson

*[signatures: Martel Miller, Patrick Thompson]*

Martel Miller, 114 E. Park St., Champaign IL, 61820

Patrick Thompson, 723 S. Mattis Avenue, Champaign IL, 61821

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Wednesday, August 17, 2005, service of the foregoing was made by submitting a true copy to the United States District Court for the Central District of Illinois and defendants.

Howard W. Small, Ansel & Small, Ltd. P.O. Box 468, Champaign IL 61824-0468

Jerome P. Lyke, Flynn, Palmer & Tague, P.O. Box 1517, Champaign IL 61824-1517

David E. Krchak, 30 E. Main PO Box 560, Champaign IL 61824-0560

Plaintiffs

Martel Miller and Patrick Thompson

*[signatures]*

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, )<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>E. MARTEL MILLER, )<br>Defendant. ) | No. 2004-CF-1482 |

### AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS

Elizabeth J. Dobson, being first duly sworn, deposes and states as follows:

1. That she is an Assistant State's Attorney for Champaign County, Illinois, and that she is the prosecutor who drafted and filed the Information alleging the offense of Eavesdropping (Class 1 Felony) in the above-entitled cause.

2. That on Saturday, August 7, 2004, based on information and belief, the defendant in the above-entitled cause used a video-audio recoding device to record a conversation that took place between officers of the Champaign Police Department and a citizen during the course of a traffic stop.

3. That, based upon information and belief, the defendant consented to the review of his tape at the scene of the traffic stop and a command officer from the Champaign Police Department noted that the officers involved in the stop had been video and audio recorded. This information was provided to Affiant, who advised that the camera and tape should be seized under exigent circumstances for subsequent review.

4. That, based upon information and belief, the recording equipment and video/audiotape were seized and maintained as evidence by the Champaign Police Department.

5. That, on Monday, August 9, 2004, Affiant went to the Champaign Police Department at the invitation of command staff to review the video/audiotape and to discuss the possibility of criminal charges being filed in the case. Affiant did go to the Champaign Police Department and did meet with two members of command staff about the case, but did not view the video/audiotape, as it was entered into evidence and was inaccessible to the involved personnel at that time.

6. That, during the course of the meeting on August 9, 2004, Affiant was advised of the existence of a letter to the Chief of Police of the City of Champaign, purportedly authored by the defendant in this case, who claimed to represent a citizen group called VEYA. The letter purportedly notified the Chief of Police of the City of Champaign that the citizen group was going to act as observers concerning police-citizen interactions. Affiant requested a copy of this letter, purportedly from the defendant, to determine if mention had been made of the video/audio recording of police officer activity and to determine if consent, implied or otherwise, had been given by the police to the recording activity at issue.

7. That Affiant was accompanied by command personnel at the Champaign Police Department from the meeting room on the first floor to the administrative offices on the second floor.

8. A meeting then took place between Affiant and other members of the police department command staff, as an attempt was made to locate a copy of the requested letter. That the

defendant on this class 1 felony offense, but this request was denied and a summons was ordered to issue for the defendant, with the return date of August 23, 2004.

17. That at no time between the filing date of August 10, 2004 and the summons return date of August 23, 2004 did Affiant receive information from the Champaign Police Department suggesting an administrative change in position concerning the filing of criminal charges.

18. That at no time between the summons return date of August 23, 2004 and the Grand Jury date of September 2, 2004 did Affiant receive information from the Champaign Police Department suggesting an administrative change in position concerning the filing of criminal charges.

FURTHER AFFIANT SAYETH NOT.

_____
Elizabeth J. Dobson
Lead Prosecutor

STATE OF ILLINOIS             )
                              ) ss
CHAMPAIGN COUNTY, ILLINOIS    )

Elizabeth J. Dobson, Assistant State's Attorney for Champaign County, Illinois, being first duly sworn, deposes and states that she has read the above and foregoing Affidavit by her subscribed, and that the facts and information set forth therein are true to the best of her knowledge and belief.

_____

Subscribed to and Sworn before Me

This 24th day of September, 2004.

_____
Circuit Clerk



# John C. Piland
CHAMPAIGN COUNTY STATE'S ATTORNEY

Courthouse
101 E. Main Street
P.O. Box 785
Urbana, IL 61801
Phone (217) 384-3733
Fax (217) 384-3816
Traffic fax: (217) 384-6591

*First Assistant State's Attorney*
William R. Gaston

*Criminal Division*
Elizabeth J. Dobson
Steven D. Ziegler
Duke C. Harris
Mick McAvoy
Kelly M. Griffith
Lawrence T. Solava
Michelle E. Brooks
Sarah J. Carlson
Kenneth R. Swails
Robert A. Scales
Timothy J. Sielaff
Daniel C. Jackson
Lindsey R. Steiling

*Civil Division*
Brookens Administrative Center
1776 E. Washington
Urbana, IL 61802
Phone (217) 384-3776
Fax (217) 384-3896
Joel Fletcher
Matthew J. Hartrich

*Child Support Enforcement Alliance*
Phone (217) 384-3850
Mary K. Manning
Wanda E. Donnelly
Investigator
Gerald A. Morgan

*Misdemeanor*
Phone (217) 384-3813
David C. Steigmann

*Domestic Violence Unit*
Phone (217) 384-3750
Adam M. Dill
*Domestic Violence Advocates*
Susan Y. Chapin
Lisette Lugo
*Investigator*
David Griffet

*Investigator*
James E. Davis

*Administrative Assistant*
Theresa A. Smith

*Paralegal*
Janelle Albrecht

*Victim/Witness Services*
Phone (217) 384-8625
Sherry Chaney-Bruce
Bobbie Sykes

*Adult Diversion Program*
(217) 384-3802
Martin Sheridan
Kathryn J. McGee

FOR IMMEDIATE RELEASE

Contact:  State's Attorney

John Piland

384-3733

State's Attorney John Piland today characterized as "totally false" suggestions made in News Gazette articles reporting that the Champaign County State's Attorney's Office failed to provide the Champaign Police Department with an opportunity for input regarding the filing of eavesdropping charges. Piland stated that the charges were filed at the request of the Champaign Police Department only after the command staff at the Champaign Police Department reviewed the matter and informed the State's Attorney's Office of their desire to proceed.

"The charges were filed at the <u>request</u> of the Champaign Police Department and only after command staff had the opportunity to review their case" stated Piland. "Furthermore, the charges remain on file at their direct request. Statements or suggestions to the contrary are completely false."

Piland stated that he personally made the decision to file charges in support of the involved police officers only after being informed that the Champaign Police Department requested charges be filed.

Felony eavesdropping charges were filed by the State's Attorney's Office on August 10, 2004. The Champaign County Grand Jury later indicted E. Martel Miller and Patrick Thompson on the counts originally charged as well as additional counts. Rules of Professional Conduct prohibit the State's Attorney's Office or the Police Department from describing or discussing the specific facts of these cases in an effort to correct other factual errors printed in the News-Gazette. The rules require the statement that the fact that a defendant has been charged with a crime is merely an accusation and that the defendant is presumed innocent unless proven guilty.

Piland stated that he is not trying to ascertain the source or reason for the incorrect statements but does believe the public should be informed rather than misinformed on this issue. Piland indicated that while the case remains pending he understands that the Champaign Police Department desires the opportunity to speak with certain groups and individuals in an attempt to avoid any future problems. Piland also stated that because the police are the victims in the case, he would continue to respect the wishes of the Champaign Police Department in whether the cases would be

For confirmation of the assertion that the command staff of the Champaign Police Department had the opportunity to review the matter and after reviewing their own case requested charges be filed by the Champaign County State's Attorney contact:

Deputy Chief John Murphy and Lt. John Swenson @ 351-4545

These individuals have first hand knowledge of these facts.

For confirmation of the assertion that the command staff of the Champaign Police Department has specifically requested the State's Attorney's Office not dismiss charges pending meetings with certain groups and individuals contact:

Deputy Chief Troy Daniels @ 351-4545

He has first hand knowledge of these facts.

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

FILED
SIXTH JUDICIAL CIRCUIT
JUN 0 2 2005
Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE<br>OF ILLINOIS<br>　　　　　PLANTIFF<br><br>VS<br><br>Patrick Thompson<br>　　　　　DEFENDANT | )<br>)<br>)<br>)<br>) Case No. 2004 CF 1571<br>)<br>) |

# ENTRY OF APPEARANCE,
# PLEA OF NOT GUILTY, AND
# DEMAND FOR SPEEDY TRIAL BY JURY

NOW COMES PATRICK THOMPSON,
The Defendant hereby pleads not guilty and demands a speedy trial by jury pursuant to 725 ILCS 5/103-5 (b).

CERTIFICATE OF SERVICE

I, PATRICK THOMPSON, HEREBY CERTIFY I SERVED A TRUE AND CORRECT COPY OF THE FOREGOING ENTRY OF APPEARANCE, PLEA OF NOT GUILTY, AND DEMAND FOR SPEEDY TRIAL BY JURY UPON THE STATE'S ATTORNEY APELLATE PROSECUTOR MICHAEL VUJOVICH OF CHAMPAIGN COUNTY BY HAND DELIVERY TO THE STATE'S ATTORNEY, OR IN OPEN COURT, IN THE CHAMPAIGN COUNTY COURTHOUSE, 101 EAST MAIN STREET, URBANA ILLINOIS 61801, ON THIS DATE OF __5/25/05__. A SPEEDY TRIAL WAS DEMANDED ON AUGUST 24TH 2004, DECEMBER 10TH 2004, AND DECEMBER 30TH 2004

Respectfully submitted, and certified,
PATRICK THOMPSON, the defendant

_Patrick Thompson_
PATRICK THOMPSON, defendant