UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTEL MILLER and ) | |
| PATRICK THOMPSON, ) | |
| ) | |
| Plaintiffs, ) | 05-2142 |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHAMPAIGN, CITY OF ) | |
| URBANA, AND CHAMPAIGN COUNTY, ) | |
| ) | |
| Defendants. ) | |

ORDER

On July 5, 2005, the plaintiffs, Martel Miller ("Miller") and Patrick Thompson ("Thompson"), filed a complaint against the defendants, City of Champaign ("Champaign"), City of Urbana ("Urbana"), and Champaign County ("the County"). The plaintiffs allege a violation of their constitutional rights arising from their attempts to videotape and broadcast the interactions between on-duty police officers and private citizens in public places. Thompson also alleges that his right to a speedy trial has been violated, as was his right to effective assistance of counsel. The plaintiffs have also filed separate motions for appointment of counsel.

On August 4, 2005, and again on August 17, 2005, the plaintiffs filed documents titled "Amendment to 42 U.S.C. 1983," which the court construes as amended complaints.[1] The defendants have filed separate motions to dismiss the complaint.

BACKGROUND

During the summer of 2004, Miller and Thompson apparently attempted to produce a videotaped documentary of police activity and conversations between police officers and citizens. In August 2004, Miller was filming a traffic stop when he was approached by officers of the Champaign Police Department. He was told to stop filming or he would be arrested. Officer Griffin went to his car to talk to Assistant State's Attorney Elizabeth Dobson ("Dobson"), who was doing a "ride-along." After conferring with Dobson, Officer Griffin

---

[1] Federal Rule of Civil Procedure 15 allows a party to amend a pleading once as a matter of course before a responsive pleading is filed. Otherwise, the party must file a motion for leave to file an amended complaint and wait for the court's ruling before filing the amended complaint. The defendants have filed responsive pleadings; therefore, in the future, the plaintiffs must obtain the court's permission before amending their complaint.

confiscated the camcorder and tape. The camcorder and tape were eventually returned, but footage of the events that took place that night had been altered or destroyed. Miller states that Griffin did not object to being filmed.

In July 2004, Thompson alleges he was filming a traffic stop involving Officer Griffin. Dobson was also filming in the area. The plaintiffs later gave to the City of Urbana a video to be broadcast on its public access television station. The plaintiffs claim the documentary was seized without their permission, consent or a warrant when an employee of Urbana Public Television responded to a subpoena to appear before a grand jury and produce the videotape and all copies. Miller and Thompson were indicted for violating the Illinois Eavesdropping Act, 720 Ill. Comp. Stat. 5/14-1. The charges were later dismissed.

Thompson alleges that he was stopped for two traffic violations during 2003.[2] Thompson also alleges improprieties arising from his prosecution for home invasion and sexual assault.

All three defendants have filed motions to dismiss the complaint for failure to state a claim.

## ANALYSIS

In ruling on a motion to dismiss, a court must accept the plaintiff's well-pled allegations as true and draw reasonable inferences in the plaintiff's favor. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Dismissal should be granted only if it appears that the plaintiff cannot prove a set of facts consistent with the claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### I.

Urbana argues that it should be dismissed from this action because the only allegation against it pertains to the seizure of the videotape. In the second amended complaint, however, Thompson also alleges improprieties in the investigation and prosecution of case 04-CF-1571, which is pending before the state court. Thompson states that the Urbana police department failed to include the interview of a key witness in its police report.

Liberally construing the claim, it appears Thompson wants this court to intervene in the state criminal proceeding because he perceives his defense will be limited by the prosecution's failure to present evidence in his defense. Under certain circumstances, the prosecution's failure to *turn over* evidence favorable to a criminal defendant violates the Due Process clause. *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963). However, "the *Brady* rule [applies] to information known to the prosecution but 'unknown to the defense.'" *Boss v. Pierce*, 263 F.3d 734, 743 (7th Cir. 2001). Thompson has pled facts showing he is well aware of the existence of exculpatory

---

[2] Thompson does not allege that the stops were unjustified. The court cannot discern a potential federal claim from this allegation.

evidence, and there is no indication that he is prevented from calling the witness to testify on his behalf. Consequently, this claim is dismissed.

To support their claim that the videotape was unreasonably seized, the plaintiffs have attached to their first amended complaint [#18] a copy of the County's subpoena. A subpoena *duces tecum* to obtain evidence for a grand jury inquiry does not violate the Fourth Amendment as long as the items requested are relevant to the investigation and identified with reasonable particularity. *United States v. Alewelt*, 532 F.2d 1165, 1168 (7th Cir. 1976). Moreover, to succeed on this sort of Fourth Amendment claim, the parties must assert a possessory interest and an expectation of privacy in the item. *Alewelt*, 532 F.2d at 1168.

The County State's Attorney subpoenaed the videotape to use in the grand jury proceedings. The subpoena sought any and all videotapes produced by a citizen watch group, called Copwatch, in which police officers Griffin and Cobb appeared. The subpoena identified the videotape with reasonable particularity and was relevant to the potential eavesdropping charge. Urbana was required by legal process to turn over the subpoenaed material. Furthermore, the plaintiffs admit they had neither possession of, nor an expectation of privacy in, the video. They had given the videotape to the Urbana Public Television station intending that it be broadcast to the public. Accordingly, Urbana's motion to dismiss [#26] is granted.

II.

Champaign has also filed a motion to dismiss, arguing that the complaint fails to allege a custom, policy or practice endorsing the acts of its employees as described in the complaint. Furthermore, Champaign argues that its police officers committed the acts while enforcing the Illinois eavesdropping law, and seizure of the videotape and camcorder was proper because it was evidence, in plain view, of the commission of a crime.

"Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits. 'Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002)
(*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To establish municipal liability under 42 U.S.C. § 1983, the plaintiffs must show that: "(1) they suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the municipality; which (3) was the proximate cause of the injury." *Ovadal v. City of Madison*, 416 F.3d 531, 535 (7th Cir. 2005). Liberally construed, the pleadings impliedly allege municipal custom or policy because the plaintiffs have named Champaign as the defendant, rather than naming the Champaign employees who allegedly violated the plaintiffs' rights. Proving a municipal custom or policy of a constitutional violation is a difficult endeavor for a plaintiff. The plaintiffs may decide to amend their complaint to name the individual defendants as well. However, their failure to do so does not, at this early stage, necessitate dismissal of the claims against the municipality.

Champaign also argues that the seizure of the camcorder and video was proper because the officers were enforcing the eavesdropping law. Not all eavesdropping is unlawful. The Illinois Eavesdropping Statute lists exemptions to the general prohibition against eavesdropping. One such exemption exists for "[r]ecordings made simultaneously with a video recording of an oral conversation between a peace officer, who has identified his or her office, and a person stopped for an investigation of an offense under the Illinois Vehicle Code." 720 Ill. Comp. Stat. 5/14-3(h). Miller alleges he was filming a traffic stop when Officer Griffin told him to stop filming or he would be arrested. Dobson was in the squad car, and at her direction the police officer confiscated the camcorder and tape. When the seized items were returned, portions of the footage were altered or destroyed. If the plaintiffs' actions fell within the exemption, the taping was lawful and seizure of the camcorder and tape was improper.

The plaintiffs have met the liberal pleading requirements of Federal Rule of Civil Procedure 8(a). They have pled nothing inconsistent with their claim for relief. Champaign's motion to dismiss [#23] is denied.

### III.

The County has also filed a motion to dismiss. The County argues that (1) the seizure of the camcorder and tape from Miller was proper and that Dobson is not accountable for a seizure by a Champaign police officer; (2) Dobson's alleged filming was not wrongful, the allegations do nos suggest Dobson was recording audio as well as video, and she has absolute immunity in Thompson's prosecution; and (3) the plaintiffs have not alleged that the County has a custom, policy or practice consistent with the constitutional violations alleged by the plaintiffs.

Liberally construed, the complaint alleges that the seizure was improper. The complaint suggests a conspiracy between Dobson (a County employee) and a Champaign police officer when Dobson told the police officer to seize the camcorder. The existence, or not, of a conspiracy and unlawful seizure hinges on facts that must be developed through discovery. The issue cannot be resolved by the court at this early stage of the litigation.

It is unclear whether the plaintiffs intended to allege that Dobson's filming of her own videotape amounted to wrongful conduct. The court construes the statement as background information rather than a claim against the County.

As to the allegedly wrongful prosecution of Thompson on the unrelated criminal charge, that case is still pending in the state court. The *Younger* doctrine prohibits this court from interfering in an ongoing criminal prosecution. *See Younger v. Harris*, 401 U.S. 37 (1971); *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). "The accused should first set up and rely upon his defense in the state courts[.]" *Younger*, 401 U.S. at 45. This court must stay consideration of these issues until the state courts conclude the criminal trial and appeals. *Simpson*, 73 F.3d at 138.

As with the claims against Champaign, there is nothing in the complaint inconsistent with

a claim of custom, policy or practice of constitutional violations by the County. *See Ovadal*, 416 F.3d at 535-37. Without naming as defendants the individuals involved in the alleged constitutional violations, the plaintiffs may have a difficult time proving custom, policy or practice against Champaign and the County. If they wish, they may file an amended complaint within fourteen days of the date of this order, adding as defendants the individuals who are alleged to have violated the plaintiffs' constitutional rights.[3]

IV.

Miller and Thompson have filed separate motions for appointment of counsel. The court is unable to appoint counsel at this time. The court understands that *pro se* litigants are often at a disadvantage, but "given the difficulty of the case, . . . the plaintiff[s] appear to be competent to try it [themselves.]" *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005). Miller and Thompson may refile their motions if, at any point, they are faced with issues they feel they cannot manage on their own. In the meantime, the plaintiffs shall continue to represent themselves in this action. Accordingly, the motions [#2, #3] are denied.

CONCLUSION

Urbana's motion to dismiss [#26] is granted. Urbana is terminated from this lawsuit. Champaign's motion to dismiss [#23] is denied in its entirety. The County's motion to dismiss [#19] is denied. The claim alleging improprieties in the unrelated criminal prosecution of Thompson is stayed. All other claims against the County remain pending. The motions for appointment of counsel [#2, #3] are denied at this time. The court grants leave to Miller and Thompson to file, within fourteen days of the date of this order, a third amended complaint to name individual defendants. If they do so, Champaign and the County shall file their answers within twenty-one days thereafter. Otherwise, Champaign and the County shall file their answers to the second amended complaint within twenty-one days of the date of this order.

Entered this 13th day of February, 2006.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[3] In the amended complaint, the plaintiffs must include a short and plain statement of the factual basis supporting *all* claims they intend to pursue. (Simply adding new defendants and claims is insufficient because the amended complaint supplants the earlier-filed complaints.)