E-FILED
Monday, 10 April, 2006 02:33:41 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARTEL MILLER and PATRICK )
THOMPSON, VEYA Inc. )
    Plaintiffs, )
                                       )     Case No. 05-2142
Vs. )

CITY OF CHAMPAIGN, CITY MANAGER
STEVE CARTER, CITY ATTORNEY FRED STAVINS,
CHIEF OF POLICE R.T. FINNEY,
DEPUTY CHIEF JOHN MURPHY, DEPUTY CHIEF
TROY DANIELS, LT. JOHN SWENSON, SGT. DAVID GRIFFET
OFFICER JUSTUS CLINTON, OFFICER MICHAEL PYBURN,
and unknown Officer, all in their individual and official capacity.

CHAMPAIGN COUNTY,
STATES ATTORNEY JOHN PILAND
ASSISTANT STATES ATTORNEY ELIZABEH DOBSON,
All in their individual and official capacity.

CITY OF URBANA,
ASSISTANT CHIEF OF POLICE MIKE BILY,
All in their individual and official capacity.

    Defendants

FILED
APR 1 0 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## AMENDED CIVIL COMPLAINT

Now comes plaintiffs Martel Miller, Patrick Thompson and VEYA Inc. filing an amendment to 42. U.S.C 1983 civil rights complaint and request jury trial in accordance with Rule 38 Federal code and procedure. Complaining of the defendants, CITY OF CHAMPAIGN in it's Official Capacity, and City MANAGER STEVE CARTER, in his Official and Individual Capacity, City ATTORNEY FRED STAVINS, in his Official and Individual Capacity, CHIEF OF POLICE R.T. FINNEY, in his Official and Individual Capacity, DEPUTY CHIEF JOHN MURPHY, in his Official and Individual Capacity, DEPUTY CHIEF TROY DANIELS, in his Official and

1

Individual Capacity, LT. JOHN SWENSON, in his Official and Individual Capacity, SGT DAVID GRIFFET, in his Official and Individual Capacity, OFFICER JUSTUS CLINTON, in his Official and Individual Capacity, OFFICER MICHAEL PYBURN, in his Official and Individual Capacity, and unknown CHAMPAIGN POLICE OFFICERS, in their Official and Individual Capacity,

CHAMPAIGN COUNTY in it's Official Capacity, STATES ATTORNEY JOHN PILAND in his Official and Individual Capacity, Assistant STATES ATTORNEY ELIZABETH DOBSON in her Official and Individual Capacity.

CITY OF URBANA in its Official Capacity, ASSISTANT CHIEF OF POLICE MIKE BILY in his Official and Individual Capacity.

PARTIES TO THIS CAUSE OF ACTION

1. Plaintiff is MARTEL MILLER, who was born July 4, 1961, and is a citizen of the United States of America and currently a resident of Champaign, Champaign County, Illinois.

2. Plaintiff is PATRICK THOMPSON, who was born November 12, 1968, and is a citizen of the United States of America and currently a resident of Champaign, Champaign County, Illinois.

3.  Plaintiff is VISIONARIES EDUCATING YOUTHS & ADULTS (VEYA) Inc., a non-profit incorporated business established in the year 2004 in Champaign. Champaign County, Illinois.

4.  Defendants are , CITY OF CHAMPAIGN in it's Official Capacity, and City MANAGER STEVE CARTER, in his Official and Individual Capacity, City ATTORNEY FRED STAVINS, in his Official and Individual Capacity, CHIEF OF POLICE R.T. FINNEY, in his Official and Individual Capacity, DEPUTY CHIEF JOHN MURPHY, in his Official and Individual Capacity, DEPUTY CHIEF TROY DANIELS, in his Official and Individual Capacity, LT. JOHN SWENSON, in his Official and Individual Capacity, SGT DAVID GRIFFET, in his Official and Individual Capacity, OFFICER JUSTUS CLINTON, in his Official and Individual Capacity, OFFICER MICHAEL PYBURN, in his Official and Individual Capacity, and unknown CHAMPAIGN POLICE OFFICERS, in their Official and Individual Capacity.

CHAMPAIGN COUNTY in it's Official Capacity, STATES ATTORNEY JOHN PILAND in his Official and Individual Capacity, Assistant STATES ATTORNEY ELIZABETH DOBSON in her Official and Individual Capacity.

CITY OF URBANA in its Official Capacity, ASSISTANT CHIEF OF POLICE MIKE BILY in his Official and Individual Capacity.

## JURISDICTION AND VENUE

5.  This Honorable Court has jurisdiction of this above –entitled cause of action pursuant to Section 1983 of the Civil Rights Act of 1964, as amended (42 U.S.C . 1983), This cause of action arises under Section 1983 of the Civil Rights Act of 1964 as amended (42 U.S.C. 1983). This court has Federal Jurisdiction to secure the protection of, and redress the deprivation of Plaintiff MARTEL MILLER, PATRICK THOMPSON, and VISIONARIES EDUCATING YOUTHS & ADULTS (VEYA) INC. rights as guaranteed by the law of the United States of America and the Constitution of the United States of America, including the award for damages against Defendants for intentionally committing acts which deprived the Plaintiffs, MARTEL MILLER, PATRICK THOMPSON, and VISIONARIES EDUCATING YOUTHS & ADULTS (VEYA), INC. of their first, fourth and fourteenth amendment to the United States Constitution.

## STATEMENT OF FACTS

6.  In the month of July or August 2004 the Defendants CITY OF CHAMPAIGN, CITY MANAGER STEVE CARTER, CITY ATTORNEY FRED STAVINS ,POLICE CHIEF R.T. FINNEY, , DEPUTY CHIEF JOHN MURPHY, DEPUTY CHIEF TROY DANIELS, LT. JOHN SWENSON, SGT. DAVID GRIFFET, FORMER STATES ATTORNEY JOHN PILAND and FORMER STATES ATTORNEY ELIZABETH DOBSON in their Official and Individual Capacity, conspired in an agreement to file charges under section 720 ILCS 5/14-2 (a) (1) (A)., against the plaintiff's, members of

VEYA Inc. namely MARTEL MILLER and PATRICK THOMPSON to stop VEYA's order of business which involved filming a documentary of City and Governmental Officials in their Official Capacity. The overall act included filing charges against members of VEYA, Plaintiff's MARTEL MILLER and PATRICK THOMPSON, with the intent to drop the charges once the members were banned from filming. This event also resulted in VEYA's property (camcorder and tape) being confiscated without a warrant and the tape being altered and footage destroyed.

COUNT I – VIOLATION OF 42 U.S.C. 1983 BY DEFENDANT
CITY OF CHAMPAIGN, CITY MANAGER STEVE CARTER, CITY ATTORNEY FRED STAVINS, POLICE CHIEF R.T. FINNEY, DEPUTY CHIEF JOHN MURPHY, DEPUTY CHIEF TROY DANIELS, LT. JOHN SWENSON, SGT. DAVID GRIFFET, FORMER STATES ATTORNEY JOHN PILAND and FORMER STATES ATTORNEY ELIZABETH DOBSON IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY

7. The Plaintiff, VEYA INC., repeats and re-alleges all allegations of Paragraph 6.

8. Defendant CITY MANAGER STEVE CARTER, was involved in the conspiracy to ban VEYA INC from their order of business, by bringing charges against it's members, with the sole purpose of using the charges as leverage to stop the filming of a documentary of city and government officials in their official capacity and then to dismiss the charges once the filming had stopped.

9. Defendant CITY ATTORNEY FRED STAVINS, was involved in the conspiracy to ban VEYA INC from their order of business, by bringing charges against it's members, with the sole purpose of using the charges as leverage to stop the filming of a documentary of city and government officials in their official capacity and then to dismiss the charges once the filming had stopped.

10. Defendant, POLICE CHIEF R.T. FINNEY, was involved in the conspiracy to ban VEYA INC from their order of business, by bringing charges against it's members, with the sole purpose of using the charges as leverage to stop the filming of a documentary of city and government officials in their official capacity and then to dismiss the charges once the filming had stopped. In addition Defendant authorized his commanding staff to file the charges against members of VEYA INC. and to contact other local law enforcement agencies to join in the conspiracy of filing the charges against members of VEYA Inc.

11. Defendant, DEPUTY CHIEF JOHN MURPHY was involved in the conspiracy to ban VEYA INC from their order of business, by bringing charges against it's members, with the sole purpose of using the charges as leverage to stop the filming of a documentary of city and government officials in their official capacity and then to dismiss the charges once the filming had stopped.

12. Defendant, DEPUTY CHIEF TROY DANIELS was involved in the conspiracy to ban VEYA INC from their order of business, by bringing charges against it's members, with the sole purpose of using the charges as leverage to stop the filming of a documentary of city and government officials in their official capacity and then to dismiss the charges once the filming had stopped.

13. Defendant, LT. JOHN SWENSON was involved in the conspiracy to ban VEYA INC from their order of business, by bringing charges against it's members, with the sole purpose of using the charges as leverage to stop the filming of a documentary of city and government officials in their official capacity and then to dismiss the charges once the filming had stopped.

14. Defendant, SGT. DAVID GRIFFET was involved in the conspiracy to ban VEYA INC from their order of business, by bringing charges against it's members, with the sole purpose of using the charges as leverage to stop the filming of a documentary of city and government officials in their official capacity and then to dismiss the charges once the filming had stopped. In addition Defendants direct action resulted in the unlawful confiscation of VEYA INC's. property, the camcorder and video tape. The videotape was altered and footage was destroyed as result of this unlawful confiscation.

15. Defendant, FORMER STATES ATTORNEY JOHN PILAND was involved in the conspiracy to ban VEYA INC from their order of business, by bringing charges against it's members, with the sole purpose of using the charges as leverage to stop the filming of a documentary of city and government officials in their official capacity and then to dismiss the charges once the filming had stopped.

16. Defendant, FORMER STATES ATTORNEY ELIZABETH DOBSON was involved in the conspiracy to ban VEYA INC from their order of business, by bringing charges against it's members, with the sole purpose of using the charges as leverage to stop the filming of a documentary of city and government officials in their official capacity and then to dismiss the charges once the filming had stopped. In addition defendant during her ride along with Defendant SGT DAVID GRIFFET instructed and authorized SGT. DAVID GRIFFET to unlawfully seize the VEYA Inc. video camcorder.

17. The actions of the Defendants, CITY OF CHAMPAIGN, CITY MANAGER STEVE CARTER, CITY ATTORNEY FRED STAVINS, POLICE CHIEF R.T. FINNEY, DEPUTY CHIEF JOHN MURPHY, DEPUTY CHIEF TROY DANIELS, LT. JOHN

SWENSON, SGT. DAVID GRIFFET, FORMER STATES ATTORNEY JOHN PILAND and FORMER STATES ATTORNEY ELIZABETH DOBSON IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY constitute a deliberate violation of Plaintiff VEYA Inc's right to conduct business and negatively affected VEYA INC's past and future ability to acquire or continue funding with local prospective funders and severed the business relationships as a non-profit, which relies on city and government funding resources. WHEREFORE, Plaintiff, VEYA INC., demands trial by jury on Count 1 and respectfully prays for the following relief: $5 million.

18. Judgment in favor of Plaintiff, VEYA INC, and against the Defendants, in their individual and official capacity, for future, punitive, and compensatory damages that VEYA INC. incurred.

    A. Judgment in favor of Plaintiff, VEYA INC., and against the Defendants, in their individual and official capacity, for damages of $5 million. To deter the recurrence of similar future conduct towards non-profit social service businesses filming documentaries of city and government officials in their official capacity.

    PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN

STATEMENT OF FACTS

19. In the month of August 2004, Plaintiff MARTEL MILLER, using a camcorder, was filming a bicycle traffic stop between citizen James Woods and Defendant OFFICERS JUSTUS CLINTON and MICHAEL PYBURN. Defendants OFFICERS JUSTUS

CLINTON and MICHAEL PYBURN instructed Plaintiff MARTEL MILLER to stop filming the traffic stop or be arrested. Defendant OFFICER GRIFFET confiscated the camcorder from Plaintiff MARTEL MILLER. Defendant ASSISTANT STATES ATTORNEY ELIZABETH DOBSON instructed and authorized OFFICER GRIFFET to seize the camcorder without a warrant. Plaintiff MARTEL MILLER was charged with several counts of 720 ILCS 5/14-2 (a) (1) (A).

20. The unlawful and malicious prosecution of the charges brought against Plaintiff MARTEL MILLER, resulted in the deprivation of his first, fourth and fourteenth amendment to the United States Constitution. Plaintiff also suffered pain and suffering, emotional trauma, and defamation of character as a result of the actions from the defendants named in Paragraphs 6, in their Official and Individual capacity.

COUNT II – VIOLATION OF 42 U.S.C. 1983 BY DEFENDANT
OFFICER JUSTUS CLINTON AND
MICHAEL PYBURN, SGT DAVID GRIFFET, AND ASSISTANT STATES ATTORNEY
ELIZABETH DOBSON IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY

21. The Plaintiff, MARTEL MILLER, repeats and re-alleges all allegations of Paragraphs 19-20.

22. Defendant, OFFICERS JUSTUS CLINTON and MICHAEL PYBURN instructed Plaintiff MARTEL MILLER, to stop filming the traffic stop or be arrested in violation of Plaintiff's first amendment.

23. The actions of the Defendants OFFICERS JUSTUS CLINTON and MICHAEL PYBURN, constitute a deliberate violation of Plaintiff MARTEL MILLER's civil rights.

9


24. Defendant, SGT. DAVID GRIFFET seized the video camcorder from Plaintiff MARTEL MILLER without a warrant which prevented said Plaintiff the ability to continue filming.

25. The actions of Defendant SGT. DAVID GRIFFET violated Plaintiff's MARTEL MILLER's first, fourth fourteenth amendment to the United States Constitution.

26. Defendant ASSISTANT STATES ATTORNEY ELIZABETH DOBSON in her individual capacity as a civilian ride along with Defendant SGT. DAVID GRIFFET instructed and authorized the seizure of the video camcorder without a warrant from Plaintiff MARTEL MILLER.

27. The actions of the Defendant ASSISTANT STATES ATTORNEY ELIZABETH DOBSON violated Plaintiff's first, fourth fourteenth and amendment to the United States Constitution.

28. The actions of the Defendants, OFFICER JUSTUS CLINTON, MICHAEL PYBURN, SGT. DAVID GRIFFET, and ASSISTANT STATES ATTORNEY ELIZABETH DOBSON constitute a deliberate violation of Plaintiff MARTEL MILLER's civil rights by refusing to allow him to film the traffic stop with a camcorder, seizure of the camcorder and charging him with several counts of 720 ILCS 5/14-2 (a) (1) (A). Defendant engaged in unlawful conduct of conspiring to bring unlawful charges against Plaintiff MARTEL MILLER to deprive him from his right to freedom by charging Plaintiff MARTEL MILLER with violating statute 720 ILCS 5/14-2 (a) (1) (A).

WHEREFORE, Plaintiff, MARTEL MILLER, demands trial by jury on Count II and respectfully prays for the following relief: $1.5 million.

B. Judgment in favor of Plaintiff, MARTEL MILLER, and against the Defendants, in their individual and official capacity, for compensatory damages for pain and suffering, emotional trauma, and defamation of character.

C. Judgment in favor of Plaintiff, MARTEL MILLER, and against the Defendants, in their individual and official capacity, for punitive and compensatory damages in the amount of $1.5 million to deter the recurrence of similar future conduct toward individuals filming documentaries of city and government officials in their official capacity.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN

STATEMENT OF FACTS

29. Sometime in the month of July or August 2004, the Defendants SGT. DAVID GRIFFET and FORMER ASST. STATES ATTORNEY ELIZABETH DOBSON, conspired to take actions to unlawfully and maliciously charge and prosecute Defendant PATRICK THOMPSON under the statute 720 ILCS 5/14-2 (a) (1) (A) which arose from Plaintiff's filming a documentary footage in the month of August 2004. Plaintiff PATRICK THOMPSON was filming footage for a documentary to be later rebroadcast on the Urbana Public Television. Plaintiff PATRICK THOMPSON

was filming a traffic stop in the area of Mack's gas station and filming Defendant SGT. GRIFFET and citizen Mr. Allen who were engaging in a conversation. Defendant FORMER ASST. STATES ATTORNEY ELIZABETH DOBSON was also in the area filming Plaintiff PATRICK THOMPSON during her ride along with Defendant SGT. DAVID GRIFFET. In the month of September 2004, Plaintiff PATRICK THOMPSON was unlawfully charged with 1 count in violation of 720 ILCS 5/14-2 (a) (1) (A) based on the incident above.

The conspiracy and unlawful, malicious prosecution of the charges brought by the above Defendants against Plaintiff, PATRICK THOMPSON, caused the deprivation of his first and fourteenth Amendment, emotional, mental, financial damage and defamation of character.

### COUNT III – VIOLATION OF 42 U.S.C. 1983 BY DEFENDANT SGT DAVID GRIFFET, AND ASSISTANT STATES ATTORNEY ELIZABETH DOBSON IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY

30. The Plaintiff, PATRICK THOMPSON, repeats and re-alleges all allegations of Paragraph 29.

30. Defendant, SGT DAVID GRIFFET, committed the overall act of conspiracy to deprive Plaintiff PATRICK Thompson's first and fourteenth amendment to film city and government officials in public official capacity. Defendant engaged in unlawful conduct of conspiring to bring unlawful charges against Plaintiff PATRICK THOMPSON to deprive him from his right to freedom.

31. Plaintiff asserts that Defendant FORMER ASST. STATES ATTORNEY ELIZABETH DOBSON committed the overall act of conspiracy to deprive Plaintiff PATRICK THOMPSON'S First and Fourteenth amendment to film city and government officials in public official capacity. Defendant engaged in unlawful conduct of conspiring to bring unlawful charges against Plaintiff PATRICK THOMPSON to deprive him from his right to freedom by charging Plaintiff PATRICK THOMPSON with violating statute 720 ILCS 5/14-2 (a) (1) (A).

32. Plaintiff asserts that Defendant FORMER ASST. STATES ATTORNEY ELIZABETH DOBSON in her INDIVIDUAL CAPACITY during her ride along as a civilian with DEFENDANT SGT. DAVID GRIFFET violated Plaintiff's constitutional right under statute 720 ILCS 5/14-2 (a) (1) (A) by filming plaintiff for the sole purpose of malicious prosecution with the intent to deprive Plaintiff PATRICK THOMPSON of his right to be free from cruel and unusual punishment.

33.

WHEREFORE, Plaintiff, PATRICK THOMPSON demands trial by jury on Count III and respectfully prays for the following relief: $1 million.

   D. Judgment in favor of Plaintiff, PATRICK THOMPSON, and against the Defendants, in their individual and official capacity, for compensatory damages for pain and suffering, emotional trauma, and defamation of character.

E. Judgment in favor of Plaintiff, PATRICK THOMPSON, and against the Defendants, in their individual and official capacity, for punitive and compensatory damages in the amount of $1.5 million to deter the recurrence of similar future conduct toward individuals filming documentaries of city and government officials in their official capacity.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN

STATEMENT OF FACT

34. In the month of October 2003 Plaintiff PATRICK THOMPSON, was pulled over at 1:30am for an alleged seat belt violation by unknown Champaign Law Enforcement Officer. Plaintiff PATRICK THOMPSON asserts that this stop was racially motivated. In the month of December Defendant SGT GRIFFET of the Champaign Police Department tried to initiate a stop by alleging that a black coffee mug looked like a 40 oz bottle of beer. Plaintiff PATRICK THOMPSON was then pursued by Defendant OFFICER LACK of the Champaign Police Department and other unknown officers and was then pulled over for an alleged traffic violation. Plaintiff PATRICK THOMPSON filed a written complaint on both incidents that he had been the target of racial profiling. Plaintiff PATRICK THOMPSON submitted these two complaints to the Champaign Police Department. The complaints were denied and an appeal was heard with members from the CITY OF CHAMPAIGN which included Defendants CITY MANAGER STEVE CARTER AND CHIEF OF POLICE R.T FINNEY. In the hearing it was stated on the record that the UNKOWN officer was drawn to what

seemed like excessive speeding. On separate occasion Defendant SGT. GRIFFET approached a non moving vehicle mistaking a black coffee mug for a 40-ounce bottle of beer. SGT. GRIFFET did not ask to see Plaintiffs PATRICK THOMPSONS license, registration or name, nor did Plaintiff volunteer this information. As Plaintiff put the vehicle in motion he was pursued by several different police squad cars, and according to the letter from the Champaign Police Department, the police admitted running a warrant check for a DUI on Patrick Thompson, and they were trying to find an opportunity for a vehicle code violation to pull Plaintiff PATRICK THOMPSON over. Plaintiff was pulled over and issued a warning ticket for a tail light violation. There was no way possible that the officers could know Plaintiffs identity if the officers never requested to see any identification, and the vehicle was not registered in the Plaintiffs name. Plaintiff PATRICK THOMPSON is asserting that members of the CITY OF CHAMPAIGN POLICE DEPARTMENT violated Plaintiff PATRICK THOMPSONS Fourteenth Amendment Right to unreasonable discrimination based on race and color.

COUNT IV – VIOLATION OF 42 U.S.C. 1983 BY DEFENDANT
SGT DAVID GRIFFET, OFFICER LACK AND UNKNOWN OFFICERS IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITY

35.  The Plaintiff, PATRICK THOMPSON, repeats and re-alleges all allegations of Paragraph 34.

36.  Plaintiff asserts that Defendant Unknown Champaign Police Officer violated Plaintiff PATRICK THOMPSONS Fourteenth Amendment Rights to be free from unreasonable

discrimination based on race and color. Plaintiff PATRICK THOMPSON did have his seat belt on and Defendant Unknown CHAMPAIGN POLICE OFFICER did acknowledge that plaintiff had his seat belt on. Defendant had no legal reason or justification of pulling Plaintiff over. Plaintiff PATRICK THOMPSON was protected by the Fourteenth Amendment to the United States Constitution and therefore equal protection of the law therefore the action of the Defendant UNKNOWN CHAMPAIGN POLICE OFFICER, constitute a deliberate violation of Plaintiff PATRICK THOMPSONS civil rights. The stop was racially motivated and Plaintiff PATRICK THOMPSON was harassed and intimidated based on race and color.

37. Plaintiff asserts that Defendant SGT. DAVID GRIFFET violated Plaintiff PATRICK THOMPSONS rights stated in paragraph 34. Defendant SGT DAVID GRIFFET harassed and intimidated Plaintiff PATRICK THOMPSON. Defendant SGT. DAVID GRIFFET continued with this harassment and intimidation even after determining what appeared to him to be a 40-ounce of beer was actually a coffee mug. Defendants. SGT DAVID GRIFFET, OFFICER LACK and other UNKNOWN OFFICERS continued the harassment and intimidation by following the Plaintiff and looking for an unlawful reason to pull plaintiff over. These direct actions by the Defendants transpired under the color of the law and directed at Plaintiff PATRICK THOMPSON based on his race and color. Plaintiff PATRICK THOMPSON states that this vehicle stop was racially motivated.

38. WHEREFORE, Plaintiff, PATRICK THOMPSON, demands trial by jury on Count IV and respectfully prays for the following relief: $ 2 million.

    F. Judgment in favor of Plaintiff, PATRICK THOMPSON, and against the Defendants, in their individual and official capacity, for compensatory damages for pain and suffering, emotional trauma, and defamation of character.

    G. Judgment in favor of Plaintiff, PATRICK THOMPSON, and against the Defendants, in their individual and official capacity, for punitive and compensatory damages in the amount of $2 million to deter the recurrence of similar future conduct toward individuals being pulled over for alleged traffic violations based on their race and color.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN.

## STATEMENT OF FACTS

39. Plaintiff VEYA INC. submitted a video tape documentary for re-broadcasting and airing on the URBANA PUBLIC TELEVISION STATION. On August 23, 2004, member of VEYA submitted a video tape to the (UPTV) URBANA PUBLIC TELEVISION STATION for broadcasting. On August 24, 2004 Defendant MIKE BILY ASSISTANT CHIEF OF POLICE, with the Urbana Police Department sent an

email correspondent to Chris Foster coordinator of UPTV stating "I will retain the tape until I have the opportunity to speak with Steve". Plaintiff asserts that this tape was confiscated and seized without VEYA INC's expressed written consent or permission. The video documentary credits specifically stated and included copyright infringement statements. Plaintiff VEYA INC states that the documentary was confiscated and that Defendant MIKE BILY ASSISTANT CHIEF OF POLICE, with the Urbana Police Department violated VEYA INC first amendment right to publicly broadcast. Plaintiff VEYA INC states that the documentary was not illegal, therefore Defendant MIKE BILY ASSISTANT CHIEF OF POLICE violated the First and Fourth Amendment. The video documentary was seized and confiscated before the issue of the Subpoena Duces Tecum and from these direct actions members of VEYA INC. Defendants PATRICK THOMPSON and MARTEL MILLER were criminally indicted. Plaintiff VEYA INC. states that Defendant MIKE BILY ASSISTANT CHIEF OF POLICE violated VEYA INC's First and Fourth Amendment to the United States Constitution.

## COUNT V – VIOLATION OF 42 U.S.C. 1983 BY DEFENDANT SGT DAVID GRIFFET, OFFICER LACK AND UNKNOWN OFFICERS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY

40. The Plaintiff, PATRICK THOMPSON, repeats and re-alleges all allegations of Paragraph 39.

41. Plaintiff asserts that Defendant MIKE BILY ASSISTANT CHIEF OF POLICE illegally seized and confiscated VEYA INC's video documentary, violating VEYA INC's First and Fourteenth Amendment rights to the United States Constitution.

18

42. WHEREFORE, Plaintiff, VEYA INC., demands trial by jury on Count V and respectfully prays for the following relief: $ 5 million.

 H. Judgment in favor of Plaintiff, VEYA INC., and against the Defendants, in their individual and official capacity, for compensatory damages for pain and suffering, emotional trauma, and defamation of character.

 I. Judgment in favor of Plaintiff, VEYA INC. and against the Defendants, in their individual and official capacity, for punitive and compensatory damages in the amount of $5 million to deter the recurrence of similar future conduct towards the illegal confiscation and seizure of property.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CREATED HEREIN.

WHERFORE, the plaintiffs request judgment in favor of the Plaintiffs VEYA INC., MARTEL MILLER, and PATRICK THOMPSON.

Plaintiffs

Martel Miller and Patrick Thompson

*[signatures]*

Martel Miller, 1401 Mittendorf Drive, Champaign IL 61821

Patrick Thompson, 1809 Winchester, Champaign IL 61821

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2006 service of the foregoing was made by submitting a true copy to the United States District Court for the Central District of Illinois and defendants.

Howard W.Small, Ansel & Small, Ltd. P.O. Box 468, Champaign IL 61824-0468

Jerome P.Lyke, Flynn, Palmer & Tague, P.O. Box 1517, Champaign IL 61824-1517

David E.Krchak, 30 E. Main PO Box 560, Champaign IL 61824-0560

Plaintiffs

Martel Miller and Patrick Thompson