E-FILED
Tuesday, 23 May, 2006  04:02:11 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARTEL MILLER, PATRICK THOMPSON and VEYA, INC. | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| -v- | ) ) | Case No. 05-2142 |
| CITY OF CHAMPAIGN, CITY MANAGER STEVE CARTER, CITY ATTORNEY FRED STAVINS, CHIEF OF POLICE R. T. FINNEY, DEPUTY CHIEF JOHN MURPHY, DEPUTY CHIEF TROY DANIELS, LT. JOHN SWENSON, SGT. DAVID GRIFFET, OFFICER JUSTUS CLINTON, OFFICER MICHAEL PYBURN, and unknown Officer, all in their individual and official capacity. | ) ) ) ) ) ) ) ) ) ) ) ) | |
| CHAMPAIGN COUNTY, STATE'S ATTORNEY JOHN PILAND, ASSISTANT STATES ATTORNEY ELIZABETH DOBSON, All in their individual and official capacity. | ) ) ) ) ) ) ) | |
| CITY OF URBANA, ASSISTANT CHIEF OF POLICE MIKE BILY, All in their individual and official capacity. | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION TO DISMISS COUNTS I, II, IV AND V OF THE AMENDED CIVIL COMPLAINT

NOW COME Defendants, City of Champaign, City Manager Steve Carter, City Attorney Fred Stavins, Chief of Police R. T. Finney, Deputy Chief John Murphy, Deputy Chief Troy Daniels, Lt. John Swenson, Sgt. David Griffet and Officer Justus Clinton by its attorney, James D. Green of Thomas, Mamer & Haughey, LLP, and move to dismiss

Counts I, II, IV and V of the Amended Civil Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and state:

1. Plaintiffs have filed a five count Amended Civil Complaint.

2. This Motion pertains to Counts I, II, IV and V.

3. With regard to Count III, Defendant, David Griffet, has filed a Motion for Summary Judgment in a separate pleading.

## COUNT I

4. Plaintiff, VEYA, Inc., a corporation, cannot proceed under Count I because it is not represented by counsel.

5. In the alternative, Plaintiff, VEYA, fails to state a cause of action under Count I.

6. Under Count I, Plaintiff, VEYA, Inc.. alleges that the City of Champaign, Carter, Stavins, Finney, Murphy, Daniels, Swenson and Griffet, among others, were involved in a conspiracy to prevent members of VEYA, Inc., (Plaintiffs Martel Miller and Patrick Thompson) from filming a documentary of City and governmental officials because criminal charges were brought against Miller and Thompson for violation of the Illinois Eavesdropping Act (720 ILCS 5/14-2(a)(1)(A)).

7. Nowhere, however, does VEYA, Inc. allege that criminal charges were brought against VEYA, Inc.

8. VEYA, Inc., nonetheless, alleges that the actions of Defendants somehow violated its right to conduct business and thus VEYA, Inc. seeks damages.

9. Without charges being filed against VEYA, Inc., there can be no violation of VEYA, Inc.'s constitutional rights based on the allegations in Count I.

10. Assuming, arguendo that Plaintiff, VEYA, Inc., states a cause of action for a constitutional violation even though VEYA, Inc. itself was never charged with a crime, then Defendant, David Griffet, should be dismissed from Count I because VEYA acknowledges that Griffet's actions in seizing VEYA's camcorder and videotape were based on instructions and authorization from Assistant State's Attorney, Elizabeth Dobson.  (¶16, Amended Civil Complaint)  Griffet, therefore, is entitled to qualified immunity under Count I.

11. Also, the City of Champaign is an improper party under Count I because there is no allegation of the City depriving VEYA of a federal right due to a city custom or policy.

## COUNT II

12. Under Count II, Plaintiff, Martel Miller, alleges that his constitutional rights were violated by Defendants David Griffet, Justus Clinton and Michael Pyburn, among others, because Griffet seized a video camcorder from Martel Miller without a warrant. (¶24) Pyburn has not been served with summons.

13. David Griffet, however, was instructed and authorized to seize the video by Assistant State's Attorney Elizabeth Dobson (¶26).  Thus, Griffet is entitled to qualified immunity under Count II.

14. Also, under Count II, Plaintiff, Martel Miller, does not allege that the video camcorder was seized by Defendant, Justus Clinton.  Clinton allegedly instructed Miller to stop filming or be arrested.  (¶22)  There is no allegation that Clinton arrested Miller or seized the video camcorder.  The camcorder was not seized from Miller until such time as David Griffet was instructed and authorized to do so by Assistant State's Attorney

3

Elizabeth Dobson, according to Plaintiff Miller. Hence, Justus Clinton is also entitled to qualified immunity.

## COUNT III

Defendant, David Griffet, has filed a separate Motion for Summary Judgment under Count III.

## COUNT IV

15. Under Count IV, Plaintiff, Patrick Thompson, alleges that his constitutional rights were violated by Defendant, David Griffet as well as Officer Lack and unknown officers.

16. Officer Lack's first name is not provided, he is not listed as a defendant in the caption of this case, and has he been served with summons.

17. The only allegation against Defendant, David Griffet under Count IV relates to Griffet allegedly trying to initiate a stop of Thompson (apparently in December 2003) on the basis that a black coffee mug looked like a 40 oz. bottle of beer. (¶34) Allegedly, this resulted in Thompson being issued a warning ticket for a tail light violation. (¶34) Somehow, Plaintiff Thompson believes that Griffet's actions constituted racial discrimination.

18. Plaintiff Thompson, however, fails to state a cause of action for racial discrimination under Count IV against Griffet due to an isolated incident where Griffet approached a non-moving vehicle in which he believed there was a 40 oz. bottle of beer and issued a warning ticket to Thompson for a tail light violation of which Thompson does not dispute. Qualified immunity applies to Griffet under Count IV.

## COUNT V

19.     Under Count V, which consists of paragraphs 39, 40, 41 and 42, there is no specific reference to Defendant, David Griffet, or any reference to Plaintiff, Patrick Thompson, having a cause of action against Griffet.

20.     However, because there is reference to David Griffet in the heading for Count V, above paragraph 40, Defendant Griffet, requests that he be dismissed from Count V.

WHEREFORE, Defendants, City of Champaign, City Manager, Steve Carter, City Attorney Fred Stavins, Chief of Police R. T. Finney, Deputy Chief John Murphy, Deputy Chief Troy Daniels, Lt. John Swenson, Sgt. David Griffet and Officer Justus Clinton pray Counts I, II, IV and V of the Amended Civil Complaint be dismissed with prejudice and an award of costs be entered in their favor.

CITY OF CHAMPAIGN, CITY MANAGER, STEVE CARTER, CITY ATTORNEY FRED STAVINS, CHIEF OF POLICE R. T. FINNEY, DEPUTY CHIEF JOHN MURPHY, DEPUTY CHIEF TROY DANIELS, LT. JOHN SWENSON, SGT. DAVID GRIFFET and OFFICER JUSTUS CLINTON, Defendants

THOMAS, MAMER & HAUGHEY, LLP

/s/ James D. Green, No. 6203059
Attorney for Defendant
Thomas, Mamer & Haughey, LLP
30 E. Main, PO Box 560
Champaign, IL 61824-0560
(217) 351-1500
Fax: (217) 351-2017
E-mail address: jim@tmh-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Howard W. Small and Jerome P. Lyke, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Mr. Martell Miller  
1401 Mittendorf Drive  
Champaign, IL 61821

Mr. Patrick Thompson  
1809 Winchester  
Champaign, IL 61821

/s/ James D. Green, No. 6203059  
Attorneys for Defendant  
Thomas, Mamer & Haughey, LLP  
30 E. Main, PO Box 560  
Champaign, IL 61824-0560  
(217) 351-1500  
Fax: (217) 351-2017  
E-mail address: jim@tmh-law.com