UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARTEL MILLER, PATRICK THOMPSON and VEYA, INC. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| -v- | ) Case No. 05-2142<br>) |
| CITY OF CHAMPAIGN, CITY MANAGER STEVE CARTER, CITY ATTORNEY FRED STAVINS, CHIEF OF POLICE R. T. FINNEY, DEPUTY CHIEF JOHN MURPHY, DEPUTY CHIEF TROY DANIELS, LT. JOHN SWENSON, SGT. DAVID GRIFFET, OFFICER JUSTUS CLINTON, OFFICER MICHAEL PYBURN, and unknown Officer, all in their individual and official capacity. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| CHAMPAIGN COUNTY, STATE'S ATTORNEY JOHN PILAND, ASSISTANT STATES ATTORNEY ELIZABETH DOBSON, All in their individual and official capacity. | )<br>)<br>)<br>)<br>)<br>) |
| CITY OF URBANA, ASSISTANT CHIEF OF POLICE MIKE BILY, All in their individual and official capacity. | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTS I, II, IV AND V OF THE AMENDED CIVIL COMPLAINT

NOW COME Defendants, City of Champaign, City Manager, Steve Carter, City Attorney Fred Stavins, Chief of Police R. T. Finney, Deputy Chief John Murphy, Deputy Chief Troy Daniels, Lt. John Swenson, Sgt. David Griffet and Officer Justus Clinton by

their attorney James D. Green of Thomas, Mamer & Haughey, LLP, and submit this memorandum of law in support of their motion to dismiss Counts I, II, IV and V of the amended civil complaint.

## COUNT I

Count I is brought by Plaintiff, VEYA, Inc., a corporation, even though it is not represented by counsel. The Amended Complaint is signed by Plaintiffs, Martel Miller and Patrick Thompson, who apparently are not licensed attorneys. Count I should be dismissed for this reason alone. See Mendenhall v. Goldsmith, 59 F.3d 685, 687 (7th Circuit 1995), wherein the court held: "A corporation can only appear by counsel."

In the alternative, Plaintiff, VEYA, Inc., fails to state a cause of action under Count I in which VEYA alleges violation of 42 USC § 1983 by, among others, Defendants City of Champaign, City Manager Steve Carter, City Attorney Fred Stavins, Chief of Police R. T. Finney, Deputy Chief John Murphy, Deputy Chief Troy Daniels, Lt. John Swenson and Sgt. David Griffet. VEYA alleges that these Defendants were involved in a vast conspiracy to have Miller and Thompson charged with a violation of the Illinois Eavesdropping Act so that Miller and Thompson would cease filming police activities and then to dismiss the charges once the filming had stopped. (¶s 8, 9, 10, 11, 12, 13 and 14, Amended Civil Complaint) VEYA however, does not allege that it was charged with violating the Eavesdropping Act. VEYA, nonetheless, alleges that Carter, Stavins, Finney, Murphy, Daniels, Swenson and Griffet were all involved in a conspiracy to "ban VEYA, Inc. from their order of business...." (¶s 8, 9, 10, 11, 12, 13 and 14, Amended Civil Complaint.) VEYA then concludes that the actions of the City of Champaign and its officials named in this lawsuit "constitute a deliberate violation of Plaintiff, VEYA, Inc.'s, right to conduct business and negatively affected VEYA, Inc.'s past and future ability to acquire or continue

funding with local prospective funders and severed the business relationships as a non-profit, which relies on city and government funding resources." (¶17, Amended Civil Complaint)  However, because VEYA was not charged with violating the Eavesdropping Act (merely its members), there is no constitutional infringement in connection with VEYA.

In addition, the City of Champaign is an improper party under Count I because there are no specific allegations against the City, only individuals affiliated with the City.  An action cannot be maintained against the City because there is no allegation that VEYA suffered a deprivation of a federal right as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the City which was the proximate cause of the alleged injury.  Ovadal v. City of Madison, 416 F3d 531, 535 (7th Circuit 2005).

Finally, Defendant, David Griffet, is entitled to qualified immunity under Count I in which it is alleged that he unlawfully confiscated VEYA's camcorder and videotape.  (¶14 Amended Civil Complaint)

Qualified immunity applies to a police officer who is performing a discretionary function in the course of his work to the extent that his conduct "Does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Spiegel v. Cortese, 196 F3d 717, 723 (7th Circuit 2000), quoting from Eversole v. Steele, 59 F3d 710, 717 (7th Circuit 1995)  The Spiegel court further held that in determining whether qualified immunity applies, the court should consider:

    (1)    Whether the plaintiff has asserted a violation of a federal constitutional right, and
    (2)    Whether the constitutional standards implicated were clearly established at the time in question.

Id.

The plaintiff has the burden of meeting the elements of the 2-part test set forth above Id.

The 7th Circuit further held:

> Because qualified immunity protects all "but the plainly incompetent or those who knowingly violate the law," a law enforcement officer will be immune to claims based on an arrest without probable cause unless "it is obvious that no reasonably competent officer" would have believed that there was probable cause to arrest. [citation omitted].  Thus, qualified immunity applies not only to those officials who correctly determine that probable cause to arrest exists, but also to those governmental officials who reasonably but mistakenly conclude that it does.  [citation omitted].  In this context, the law tolerates reasonable error because "Officials should not err always on the side of caution because they fear being sued." [citation omitted].  Probable cause is itself "a commonsense determination, measured under a reasonableness standard," [citation omitted], and is present if at the time of arrest "the facts and circumstances within [the arresting officer's] knowledge and of which she has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." [citation omitted]  The existence of probable cause turns on the information known to the officers at the moment the arrest is made, not on subsequently-received information.  [citation omitted]  Consequently, "as long as a reasonably credible witness or victim informs the police that someone has committed, or is committing, a crime, the officers have probable cause to place the alleged culprit under arrest, and their actions will be cloaked with qualified immunity if the arrestee is later found innocent." [citation omitted].  Thus, the reviewing court should ask whether an official "acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed several years after the fact." [citation omitted]

Spiegel at 723.

Also, it is well established that "Officers carrying out arrest orders are entitled to rely on that order being based upon sufficient probable cause." Spiegel v. City of Chicago, 920 F. Supp. 891, 896 (N.D. Ill. 1996)

Based on the foregoing, Sgt. Griffet, who was "instructed and authorized" to seize the videotape and camcorder by Assistant State's Attorney Elizabeth Dobson, is entitled to qualified immunity.  VEYA cannot show that Griffet violated a clearly established statutory or constitutional right of which a reasonably competent police officer would have known

4

based on the circumstances of this case. Sgt. Griffet had been counseled by Dobson during her ride along that a violation of the Eavesdropping Act had occurred. There is no allegation Griffet was counseled to confiscate by anyone at the City. Nowhere under Count I does VEYA allege that one of the exemptions under the Eavesdropping Act applied at the time of the alleged confiscation. Thus, Count I must be dismissed.

## COUNT II

Under Count II, Plaintiff, Martel Miller, alleges that his constitutional rights were violated by, among others, Defendants, David Griffet and Justus Clinton.[1]

The crux of Count II is that Officer Clinton was involved in a bicycle traffic stop with a third party in August 2004 which was filmed by Plaintiff Miller, using a video camcorder and that Sgt. Griffet then confiscated the video camcorder from Miller, without a warrant, on the basis that Miller had violated the Eavesdropping Act. (¶s 24 and 28) There is no allegation that Clinton or Griffet arrested Miller.

Nowhere does Plaintiff Miller explain how his First Amendment rights were violated.

Apparently, Plaintiff Miller believes that his Fourth Amendment rights were violated because the video camcorder was seized from him by Griffet without a warrant and that this prevented Miller from continuing to film. (¶24, Amended Civil Complaint) Plaintiff further alleges that Griffet was instructed and authorized to make the seizure by Assistant State's Attorney Elizabeth Dobson who was at the scene. (¶26, Amended Civil Complaint)

---

[1] Plaintiff Miller also names Michael Pyburn, a Champaign Police Officer, as a Defendant under Count II, but Pyburn has not been served with Summons and the undersigned attorney has not entered his appearance on behalf of Pyburn at this time.

5

Count II fails to state a cause of action for which Plaintiff, Miller, is entitled to relief against Griffet or Clinton because they are each entitled to qualified immunity. Indeed, Griffet's and Clinton's actions, if true, were the result of the instructions and authorization of Assistant State's Attorney Elizabeth Dobson. Thus, Miller cannot show Griffet or Clinton violated a clearly established statutory or constitutional right of which a reasonably competent police offer would have known. Spiegel, 196 F3d at 723-24.

## COUNT III

Defendant, David Griffet, has filed a Motion for Summary Judgment in a separate pleading with respect to Count III.

## COUNT IV

Under Count IV, Plaintiff, PATRICK THOMPSON, alleges that his constitutional rights were violated by Defendant Griffet, Officer Lack[2] and unknown officers. Although the allegations under Count IV are difficult to discern, it appears that Plaintiff Thompson complains of Griffet because "In the month of December [2003?] defendant, Sgt. Griffet of the Champaign Police Department tried to initiate a stop by alleging that a black coffee mug looked like a 40 oz bottle of beer." (¶34, Amended Civil Complaint) Further, Plaintiff Thompson alleges that Griffet had approached him in a non-moving vehicle. (¶34, Amended Civil Complaint). As Plaintiff Thompson put his car in motion he was stopped and issued a warning ticket for a taillight violation. (¶ 34, Amended Civil Complaint).

Plaintiff Thompson also alleges other interactions with the Champaign Police Department under paragraph 34 of the Amended Civil Complaint, but none of these other

---

[2] Officer Lack, although referred to as Defendant Lack under paragraph 37 of the Amended Civil Complaint, is not named as a Defendant in the caption of the case and is not named under paragraphs 1-4 of the Amended Civil Complaint under the heading "Parties to this Cause of Action." Lack has not been served with summons.

6

incidents involved Griffet and there is no allegation that Griffet was involved in a conspiracy with other officers relating to these other incidents.

Plaintiff Thompson apparently believes that his one incident with Griffet alleged in Count IV involved racial profiling such that Thompson's rights under the Fourteenth Amendment and his right to equal protection of the law were violated. There is no allegation, however, as to Thompson's race. Thus, these facts, if true, do not amount to a violation of Plaintiff Thompson's constitutional rights, particularly without any allegation that Patrick Thompson did not have a taillight violation for which he received a warning ticket and that Griffet did not have a good faith belief that Patrick Thompson was transporting a 40 oz. bottle of beer in plain view.

In addition, Griffet is entitled to qualified immunity in relation to his one encounter with Thompson under Count IV and there is no indication he did not have probable cause to approach and ticket Thompson. Spiegel, 196 F.3d 723-24.

## COUNT V

Under Count V, it appears that Plaintiff, VEYA, Inc., is bringing an action against Defendants, City of Urbana and its Assistant Chief of Police Mike Bily. None of the allegations under Count V (¶s 39-42) make reference to Defendant, David Griffet or any other police officers of the City of Champaign. However, the heading for Count V (above paragraph 40) contains a mislabeling as that heading refers to "Defendant, Sgt. David Griffet, Officer Lack and unknown officers..." Thus, to the extent that Count V is directed against David Griffet, the City of Champaign or any of its police officers, Count V must be dismissed for failure to state a cause of action.

**CONCLUSION**

Based on the foregoing, this Court should grant the Motion to Dismiss Counts I, II, IV and V of the Amended Civil Complaint filed by Defendants, City of Champaign, City Manager, Steve Carter, City Attorney Fred Stavins, Chief of Police R. T. Finney, Deputy Chief John Murphy, Deputy Chief Troy Daniels, Lt. John Swenson, Sgt. David Griffet and Officer Justus Clinton.

CITY OF CHAMPAIGN, CITY MANAGER, STEVE CARTER, CITY ATTORNEY FRED STAVINS, CHIEF OF POLICE R. T. FINNEY, DEPUTY CHIEF JOHN MURPHY, DEPUTY CHIEF TROY DANIELS, LT. JOHN SWENSON, SGT. DAVID GRIFFET and OFFICER JUSTUS CLINTON, Defendants

THOMAS, MAMER & HAUGHEY, LLP
/s/ James D. Green, No. 6203059
Attorney for Defendant
Thomas, Mamer & Haughey, LLP
30 E. Main, PO Box 560
Champaign, IL 61824-0560
(217) 351-1500
Fax: (217) 351-2017
E-mail address: jim@tmh-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Howard W. Small and Jerome P. Lyke, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Mr. Martell Miller  
1401 Mittendorf Drive  
Champaign, IL 61821

Mr. Patrick Thompson  
1809 Winchester  
Champaign, IL 61821

/s/ James D. Green, No. 6203059  
Attorneys for Defendant  
Thomas, Mamer & Haughey, LLP  
30 E. Main, PO Box 560  
Champaign, IL 61824-0560  
(217) 351-1500  
Fax: (217) 351-2017  
E-mail address: jim@tmh-law.com