```
                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF ILLINOIS


MARTEL MILLER and PATRICK      )
THOMPSON, VEYA, INC.,          )
                               )
          Plaintiffs,          )
                               )
     vs.                       )   No. 05-2142
                               )
CITY OF CHAMPAIGN, CITY        )
MANAGER STEVE CARTER, CITY     )
ATTORNEY FRED STAVINS, CHIEF   )
OF POLICE R.T. FINNEY, DEPUTY  )
CHIEF JOHN MURPHY, DEPUTY      )
CHIEF TROY DANIELS, LT. JOHN   )
SWENSON, SGT. DAVID GRIFFET,   )
OFFICER JUSTUS CLINTON,        )
OFFICER MICHAEL PYBURN, and    )
UNKNOWN OFFICER, All in Their  )
Individual and Official        )
Capacity, CHAMPAIGN COUNTY,    )
STATES ATTORNEY JOHN PILAND,   )
ASST. STATES ATTORNEY          )
ELIZABETH DOBSON, All in       )
Their Individual and Official  )
Capacity, CITY OF URBANA,      )
ASSISTANT CHIEF OF POLICE      )
MIKE BILY, All in Their        )
Individual and Official        )
Capacity,                      )
                               )
          Defendants.          )
```

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS**

Defendants, John Piland and Elizabeth Dobson, for their Memorandum of Law in Support of Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, state as follows:

**AS TO COUNT I**

Plaintiffs have filed an Amended Complaint against Defendants under 42 U.S.C. Section 1983.

Count I alleges that former Champaign County State's Attorney, John Piland, and former Champaign County Assistant State's Attorney, Elizabeth Dobson, conspired between themselves and with others to ban Plaintiff, Veya, Inc., from doing business by charging Plaintiffs, Martel Miller and Patrick Thompson, who allegedly are members of Veya, Inc., with the crime of eavesdropping.

Count I also alleges that as part of the conspiracy, Defendant Dobson instructed Defendant, David Griffet, a Champaign Police Officer, to unlawfully seize from Plaintiff Miller a videotape and camcorder belonging to Veya, Inc.

Count I seeks a judgment against all Defendants and in favor of Plaintiff, Veya, Inc.

Count I should be dismissed because Veya, Inc. is not represented by counsel. A corporation can appear only by counsel and the complaint of a corporation not appearing by counsel should be dismissed. Mendenhall v. Goldsmith, 59 F.3d 685, 687 (7th Cir. 1995).

Further, in initiating a prosecution and in presenting the State's case, a prosecutor is immune from a civil suit for damages. Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976).

A prosecutor is entitled to absolute immunity in a Section 1983 action alleging malicious prosecution. Spiegel v. Robinovitz, 121 F.3d 251, 257 (7th Cir.).

A prosecutor has the protection of qualified immunity when functioning in the role of an administrator or investigative officer rather than an advocate. <u>Mendenhall v. Goldsmith,</u> 59 F.3d 685, 689 (7th Cir. 1995).

Giving legal advice to the police is deemed to be administrative in character. <u>Mendenhall</u>, 59 F.3d at 689.

Qualified immunity shields from liability government officials who are performing discretionary functions in the course of duty to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. <u>Spiegel v. Cortese,</u> 196 F.3d 717, 723 (7th Cir. 1999).

In determining whether qualified immunity applies, the Court is to consider (1) whether the plaintiff has asserted a violation of a federal constitution right and (2) whether the constitutional standards implicated were clearly established at the time in question. <u>Spiegel</u>, 196 F.3d at 723.

The City of Champaign and Champaign County previously argued that the seizure of the videotape and camcorder was proper because it was the seizure of evidence in plain view of a crime, namely, the Illinois eavesdropping statute (720 ILCS 5/14-1, et seq.).

In response, the Court cited the exemption to the eavesdropping statute for "[r]ecordings made simultaneously with a video recording of an oral conversation between a peace

officer, who has identified his or her office, and a person stopped for an investigation of an offense under the Illinois Vehicle Code".  720 ILCS 5/14-3(h).

Section 5/14-3(h) is part of Senate Bill 1352, which eventually became Public Act 88-677, and which amended the eavesdropping statute in response to People vs. Beardsley, 115 Ill.2d 47, 503 N.E.2d 346, 104 Ill.Dec. 789 (1986); In Re Marriage of Almquist, 299 Ill.App.3d 732, 736, 704 N.E.2d 68, 71, 234 Ill.Dec. 910 (1998); Senate Bill 1352; April 21, 1994 Senate Debates at pages 139-140; May 20, 1994 Senate Debates at pages 56-57; May 20, 1994 Senate Debates at page 42.

In People vs. Beardsley, the court held that an arrestee did not violate the eavesdropping law by recording a conversation between two officers while the arrestee and the officers were in the squad car, even though the officers did not know of or consent to the recording.  The court held that the eavesdropping statute related only to conversations meant to be private, and the recorded conversation took place in the immediate presence of the arrestee.  Beardsley, 115 Ill.2d at 54-55.

In Public Act 88-677, the General Assembly added the definition of "conversation" to the eavesdropping statute.  The statute defines "conversation" as "any oral communication between 2 or more persons regardless of whether one or more of the parties intended their communication to be of a private nature under circumstances justifying that expectation".  720 ILCS 5/14-1(d).

Thus, the amended statute broadened the eavesdropping statute by prohibiting the recording of any conversation without the consent of all parties regardless of any party's expectation of privacy. Almquist, 299 Ill.App.3d at 736.

At the same time the General Assembly broadened the eavesdropping statute, it also added exemptions (g), (h) and (I). 720 ILCS 5/14-3(g), (h) and (I). Each of these exceptions involves law enforcement. April 21, 1994 Senate Debates at pages 139-140.

In the debates, Senator Dillard described exemption (h) as applying to the audio portion of a videotape of a traffic stop by law enforcement officers. April 21, 1994 Senate Debates at page 139.

At the time the videotape and camcorder were seized, it was reasonable for former Assistant State's Attorney Dobson to believe that exemption (h) did not apply to a videotaping of a traffic stop by a bystander. Indeed, counsel for Defendants Piland and Dobson has not been able to find a previous case stating that exception (h) applies to a recording by someone other than a law enforcement officer. Thus, the alleged constitutional violation in the seizing of the videotape and camcorder was not clearly established and Defendants Piland and Dobson are entitled to qualified immunity.

Lastly, the police officer who allegedly seized the videotape and camcorder at the direction of Defendant Dobson was

not under any duty to follow her orders or suggestions. Therefore, the allegation that Defendant Dobson directed the police officer to seize the videotape and camcorder fails to state a Section 1983 violation against Defendants Piland and Dobson.  Anderson v. Simon, 217 F.3d 472, 476 (7th Cir.).

For the foregoing reasons, Count I fails to state a claim upon which relief can be granted as to Defendants Piland and Dobson and, therefore, should be dismissed as to Defendants Piland and Dobson.

**AS TO COUNT II**

In Count II, Plaintiff, Martel Miller, seeks a judgment against Defendant Dobson for the same seizure of the videotape and camcorder and the same eavesdropping prosecution as are alleged in Count I.  For all the reasons stated above as to Count I, except the argument that Veya, Inc.'s claim should be dismissed because it is not represented by counsel, Count II also should be dismissed as to Defendant Dobson.

**AS TO COUNT III**

In Count III, Plaintiff, Patrick Thompson, claims a malicious eavesdropping prosecution by Defendant Dobson.  As argued above, Defendant Dobson is entitled to absolute immunity.

The alleged filming of Plaintiff Thompson by Defendant Dobson does not violate any of his rights.  Recording audio is prohibited, but recording video is not.  720 ILCS 5/14-2(a)(1).

WHEREFORE, Defendant, John Piland, prays that Count I of the Amended Compliant be dismissed with prejudice as to him, and Defendant, Elizabeth Dobson, prays that Counts I, II and III of the Amended Complaint be dismissed with prejudice as to her.

        JOHN PILAND and ELIZABETH DOBSON, Defendants

        BY:  FLYNN, PALMER & TAGUE

        By:  __/s/  Jerome P. Lyke__
        Jerome P. Lyke
        Illinois Bar No. 6182867
        Flynn, Palmer & Tague
        Attorney for Champaign County
        402 W. Church Street
        P.O. Box 1517
        Champaign, IL  61824-1517
        Telephone:  (217) 352-5181
        Fax: (217) 352-7964
        jeromelyke@yahoo.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he did on the 24th day of May, 2006, electronically file the foregoing Memorandum of Law in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Howard W. Small
    Ansel & Small, Ltd.
    41 E. University, Suite 3A
    P.O. Box 468
    Champaign, IL  61824-0468
    hwslaw@shout.net

    David E. Krchak
    James D. Green
    Thomas, Mamer & Haughey
    30 E. Main Street
    P.O. Box 560
    Champaign, IL  61824-0560
    krchak@tmh-law.com
    jim@tmh-law.com

and I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF participants:

    Martel Miller             Patrick Thompson
    1401 Mittendorf Dr.      1809 Winchester
    Champaign, IL  61821     Champaign, IL  61821

                                By:   /s/  Jerome P. Lyke
                                    Jerome P. Lyke
                                    Illinois Bar No. 6182867
                                    Flynn, Palmer & Tague
                                    Attorney for Champaign County
                                    402 W. Church Street
                                    P.O. Box 1517
                                    Champaign, IL  61824-1517
                                    Telephone:  (217) 352-5181
                                    Fax: (217) 352-7964
                                    jeromelyke@yahoo.com