UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARTEL MILLER and PATRICK THOMPSON, VEYA, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 05-2142 |
| CITY OF CHAMPAIGN, CITY MANAGER STEVE CARTER, CITY ATTORNEY FRED STAVINS, CHIEF OF POLICE R.T. FINNEY, DEPUTY CHIEF JOHN MURPHY, DEPUTY CHIEF TROY DANIELS, LT. JOHN SWENSON, SGT. DAVID GRIFFET, OFFICER JUSTUS CLINTON, OFFICER MICHAEL PYBURN, and UNKNOWN OFFICER, All in Their Individual and Official Capacity, CHAMPAIGN COUNTY, STATE'S ATTORNEY JOHN PILAND, ASST. STATES ATTORNEY ELIZABETH DOBSON, All in Their Individual and Official Capacity, CITY OF URBANA, ASSISTANCE CHIEF OF POLICE MIKE BILY, All in Their Individual and Official Capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

**RESPONSE TO MOTION TO DISMISS COUNTS I, II, IV AND V OF THE AMENDED CIVIL COMPLAINT AS TO CITY OF CHAMPAIGN AND ITS AGENTS**

NOW COME the Plaintiffs MARTEL MILLER, PATRICK THOMPSON, and VEYA INC., by and through their attorneys ROBERT G. KIRCHNER LAW OFFICE and hereby file their response to the Motion to Dismiss Counts I, II, IV, and V of the Amended Civil Complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure and respond as follows:

-1-

# I. STANDARD OF REVIEW

In ruling upon Defendant's *12(b)(6) Motion to Dismiss* this Court must accept the allegations of Plaintiff's Complaint as true and draw all reasonable inferences therefrom in a light most favorable to the Plaintiff. (*Triad Associates, Inc. V. Robinson,* 10 F. 3rd 492, 495 (7th Cir.). If it does not appear beyond doubt that the Plaintiff cannot establish any set of facts which would entitle him to relief the Court must deny Defendant's *Motion to Dismiss*. (*Hishon v. King and Spaulding,* 467 U.S. 69 (1984)*; Conley v. Gibson,* 355 U.S. 41 (1957). Additionally, because a Plaintiff need not plead all of the essential facts in his Complaint, the Court must also consider factual allegations which are consistent with the Complaint that are provided by Affidavit, attached Exhibits, or subsequent Briefs. (*Hrubec v. National Ry. Passenger Corp.,* 981 F. 2d 962, 963 (7th Cir. 1992)*; Doe v. First National Bank of Chicago,* 865 F. 2d 864, 873 (7th Cir. 1989).

# II. STATEMENT OF POINTS AND AUTHORITIES

1. The undersigned's entry of appearance resolves Veya, Inc's *pro se* status ( *Scandia Down Corporation v. Euroquilt, Inc*., 772 F. 2d 1423 (7th Cir. 1985), *Palazzo v. Gulf Oil Corporation*, 764 F. 2d 1381, (11th Cir. 1985), *K.M.A., Inc. V. General Motors Acceptance Corporation*, 652 F. 2d 398 (5th Cir. 1981)

2. Qualified immunity has not been demonstrated, probable cause does not exist, retaliatory seizures and prosecutions are actionable *Ovadal v. City of Madison* 416 F.3d 531, 535 (7th Cir. 2005,) *Spiegel v. City of Chicago* 920 F.Supp 891, 896 (N.D. Ill. 1996)*, People v. Ceja* 204 Ill.2d 332, 789 N.E. 1228 (Illinois 2003)*, People v. Soto* 342 Ill.App.3d 105, 796 N.E. 690 (2nd Dist. 2003) *,People v. Ledesma* 327 Ill.App.3d 805, 812, 763 N.E.2d 806 (4th Dist. 2002)

,*Gutierrez v. Peters* 111 F.3d 1364, 1368-1369 (7th Cir. 1997), *Turner/ Ozanne v. Hyman/Power* 111 F.3d 1312, 1319-1320 (7th Cir.1997)

3. §1981 affords a remedy for racial targeting. (*Perkins v. Village of Lincolnshire* 1996 WL 613159), (*Roman v. City of Chicago Dep't of Police* 1995 WL 417573), (*Mendez* 687 F.Supp. 412), *(Dennis v. Velez*, 1988 WL 40838), *(Felician v. County of Suffolk* (E.D. NY. 2005) 419 F.Supp.2d 302)

### III. BACKGROUND

The *Amended Civil Complaint* filed April 10th, 2006 *pro se* by the Plaintiffs herein alleges that Defendants Finney, Murphy, Daniels, Swenson, Griffet were all involved in a conspiracy to interfere with a production of a video depicting the conduct of Police Department and their interaction with the public by using criminal charges to stop the filming of the documentary and to effectuate a dismissal of those charges once the filming had stopped. (*Amended Civil Complaint* ¶'s 10, 11, 12, 13 and 14) Additionally, as to Defendant Finney, the Plaintiffs allege that he authorized his command staff to file those charges and to contact other local law enforcement agencies to join in a conspiracy of filing charges against the members of VEYA, INC(the other 2 Plaintiffs herein). (*Amended Civil Complaint* ¶ 10)

More specifically, Plaintiff MARTEL MILLER alleges in Count I and II that during the month of August 2004, while filming a bicycle traffic stop between a citizen and Officers Clinton and Pyburn, he was ordered to stop filming or be arrested. In order to effectuate that result, Officer Griffet confiscated the camcorder from the Plaintiff. (*Amended Civil Complaint* ¶ 19) Plaintiff MARTEL MILLER alleges that the pursuit of criminal charges against them constituted a deprivation of his First, Fourth, and Fourteenth Amendments to the United States

Constitution. (*Amended Civil Complaint* ¶ 20)

Count III is the subject of a summary judgment motion by Officer Griffet and is addressed in a response to that summary judgment motion.

Count IV, brought by Plaintiff PATRICK THOMPSON relates to a "traffic stop" which was racially motivated. (*Amended Civil Complaint* ¶ 34) Specifically, Count IV filed by Plaintiff PATRICK THOMPSON alleges that his race and color are the basis for harassment, intimidation, and "traffic stops" (*Amended Civil Complaint* ¶ 36) by Defendant Griffet and other unknown officers.

Defendants' *Motion to Dismiss Counts I, II, IV, and V of the Amended Civil Complaint* brought pursuant to 12(b)(6) seeks qualified immunity as to Defendant Griffet on the basis that the seizing of the camcorder and videotape were authorized and directed by Assistant State's Attorney Elizabeth Dobson (Motion to Dismiss ¶'s 10, 13, 17 and 18). As to Counts II and IV, Defendant Griffet simply asserts that a cause of action for racial discrimination is improperly brought against Defendant Griffet due to the incident being isolated (Motion to Dismiss ¶ 18) and the issuance of warning tickets for a taillight violation. (Motion to Dismiss ¶'s 17-18)

The only other specificity discerned in the Motion to Dismiss is as to the City of Champaign wherein in a singular paragraph (Motion to Dismiss ¶ 11) the City asserts "the City of Champaign is an improper party under Count I because there is no allegation of the City depriving VEYA of a federal right due to city custom or policy". The City Defendants have filed a Memorandum of Law in support of their Motion to Dismiss the Amended Complaint. That Memorandum asserts that any claims which VEYA, INC may have are not actionable because the Complaint was signed by Plaintiffs MARTEL MILLER and PATRICK THOMPSON who

are not licensed attorneys. While accurate, the remedy is not a dismissal in light of the fact that counsel has now appeared on it's behalf. ( *Scandia Down Corporation v. Euroquilt, Inc.*, 772 F. 2d 1423 (7th Cir. 1985), *Palazzo v. Gulf Oil Corporation*, 764 F. 2d 1381, (11th Cir. 1985), *K.M.A., Inc. V. General Motors Acceptance Corporation*, 652 F. 2d 398 (5th Cir. 1981) City Defendants additionally assert the VEYA, INC has no claims (Count I) because it was not charged with violating the Eavesdropping Act. Apparently, the theory of the Defendants is that the criminal charging and arrest of VEYA's principles with claims that the criminal offenses were being committed by the production of the video, had no chilling or other effect on VEYA, the entity with whom the Plaintiffs were engaged. Citing *Ovadal v. City of Madison* 416 F.3d 531, 535 (7th Cir. 2005), Defendants argue that there is no allegation that VEYA suffered a deprivation of its rights by virtue of any express municipal policy, widespread custom, or deliberate act of a decision maker with final policy making authority. Notwithstanding this assertion, the City Defendants have not proffered by affidavit, or otherwise, any evidence to indicate that the allegations are inaccurate. Moreover, the allegations of Plaintiffs' *Amended Civil Complaint* are augmented by the affidavits provided herewith which demonstrate that command personnel in the City of Champaign Police Department (a part of the City of Champaign) directed and orchestrated the filing of criminal charges under a delegation of that authority from Assistant State's Attorney Elizabeth Dobson. (See EXHIBIT C, Affidavit of Elizabeth Dobson)

      Additionally, on September 2, 2004, Thompson was charged by the Champaign County State's Attorney's office with Eavesdropping.   (EXH. M, P. 6) (A copy of the Indictment is attached hereto as EXHIBIT G.)  Thompson believes that the charges were filed against him in

retaliation for his filming Dobson on June 29, 2004, when she was filming the same crowd that he was filming and for exposing Dobson's ride alongs with Griffet. (EXH. M, P. 6) According to news articles, Dobson stopped doing 'ridealongs' after Martel and Thompson were charged with eavesdropping .

Miller believes that the decision to charge him with eavesdropping was made by the Champaign police department, and that belief is based in part of the admissions of Elizabeth Dobson, Lead Prosecutor, in her "State's Motion to Dismiss" the case against Miller (People v. E. Martel Miller, 04-CF-1482, filed Sept. 24, 2004) and the Affidavit in Support of the Motion to Dismiss, filed with the State's Motion to Dismiss. [See EXHIBIT C, attached.] Miller also believes that, based on Defendant John C. Piland's press release, stating that the "charges were filed at the <u>request</u> of the Champaign Police Department and only after command staff had the opportunity to review their case." (Emphasis in original).See EXHIBIT D.  Also Defendant Piland's Press Release specifically names Defendants Swenson, Daniels of the Champaign Police Department, but also references Champaign Police Department 'Command Staff' as having first hand knowledge of Champaign Police Department's decision to prosecute.

Miller believes that the decision to prosecute Patrick and Martel was made to keep them from monitoring the police, and that Defendants chose to go after Patrick and Martel, specifically, as Dobson states in her grand jury statement in the cases against he and Patrick for eavesdropping, "So, again, with regard to taping your kids, go ahead." (EXH. N., ¶57, P. 5)  [See also EXHIBIT F, page 8,attached].

Moreover, the facts presented clearly cannot support a finding that there are no set of facts which would demonstrate that the Plaintiffs cannot prove a claim for which recovery might

-6-

be had.

      Defendant City's Memorandum of Law further asserts that Defendant Griffet is entitled to qualified immunity and asserts that officers are entitled to rely on the assumption that an order to arrest is based upon probable cause. Defendants' argument misstates the decision in *Spiegel v. City of Chicago* 920 F.Supp 891, 896 (N.D. Ill. 1996) and wholly neglects to address the absence of any factual basis for the seizure of the videotape and camera, or the retaliatory prosecution orchestrated and directed in conjunction with "command staff". It is critical to an evaluation of Plaintiffs' claims to recognize that the charges and conduct complained of herein was not the result of normal police activity, but instead, a reaction to months of videotaping for the purpose of producing a broadcast relating to police conduct which the police department, City staff, and police officers were <u>fully aware of</u> and which they did not want shown on public television. In *Spiegel* the case cited and relied upon, and in the discussion noted that the arresting officers, "like the Defendants here", who reasonably rely upon information obtained from another law enforcement official regarding an **arrest warrant** are entitled to qualified immunity should that information later be proved incorrect. Inexplicably, City Defendants neglect to include in their quoted extract from *Spiegel* the remainder of that paragraph. No such arrest warrant or communication is at issue herein. No authority is cited by Defendants or on behalf of Defendant Griffet for the proposition (beginning at page 4 of the Memorandum) that Defendant Dobson's counseling during a ride along absolves him of liability. Defendant Dobson, ironically assets that she is entitled to immunity because the officers should not have relied on her.

      City Defendants Memorandum of Law (at page 5) indicates that Defendant Pyburn has not been served with summons and no entry has been made on his behalf. Thus no relief can be

sought by him at this time. The remaining discussion with respect to Count II (Memorandum of Law at page 5-6) relates to the confiscation of the video camcorder and tape and asserts that Defendant Griffet or Defendant Clinton is entitled to qualified immunity by virtue of instruction by Elizabeth Dobson and by the absence of any clearly established statutory or constitutional right. The facts established in Plaintiffs Complaint and the affidavits submitted herewith demonstrates the interference with First Amendment activity and the absence of probable cause. To simply suggest that Plaintiff MARTEL MILLER has not explained how his rights were violated (Memorandum of Law at page 5), is incorrect. In *People v. Ceja* 204 Ill.2d 332, 789 N.E. 1228 (Illinois 2003), the Illinois Supreme Court addressed the post-amended version of the Illinois Eavesdropping Statue and held that no violation of that statute occurs when the individuals are aware that their statements are being monitored. The Court characterized this as acquiescence in an implied consent to monitoring when the communications continue despite the knowledge that they were being monitored. (*Ceja* at 349) Specifically, the Court noted that the controlling principals have been widely recognized and that the element of consent may be satisfied either expressly or by implication. Consent exists when a persons behavior manifests acquiescence. Implied consent, the Court stated, is consent in fact which is inferred from the surrounding circumstances indicating that the party knowingly agreed to the surveillance. Although the circumstances relevant to an implication of consent will vary from case to case, language or acts that tend to prove a party knows of or assents to encroachments of the routine expectations, conversations of private are sufficient. The Court specifically noted the visibility of the speakers as a factor in determining consent. (*Ceja* at 349-350) As demonstrated by the facts presented herein. The Plaintiffs notified the City of Champaign Police Department of their intent

to produce a documentary depicting the activities of the Champaign Police Department and it's officers and, in particular, their involvement in traffic stops. (See also EXH N, ¶ 4 p. 1-2 , ¶ 10 P. 2, ¶ 19 P. 2-3 ; EXH. M, p. 2, and EXH .A) That letter was received and acknowledged by the command staff and City officials and it is clear from the factual information provided herewith, that specific officers, including Officer Griffett, had full knowledge and awareness of the monitoring of their activities in conjunction with the production of this documentary. Additionally, Griffet, in the documentary tape, speaks with Miller while he is filming and Officer Griffet telling Miller he had no problem with the taping that was taking place. (EXH. N ¶¶ 18, 19, P. 2) Thus, at the very least, a factual issue is presented which should entitle the Plaintiffs to pursue discovery.

    These same principles were applied by the Appellate Court in *People v. Soto* 342 Ill.App.3d 105, 796 N.E. 690 (2nd Dist. 2003).

    Thus, as early as 2003 the law had been established by the Illinois Supreme Court and an Appellate Court that the type of consent required to avoid liability under the Eavesdropping Statute existed under circumstances akin to that presented herein. Moreover, accidental overhears of recordings of a conversation clearly do not violate the Eavesdropping Act. (*People v. Ledesma* 327 Ill.App.3d 805, 812, 763 N.E.2d 806 (4th Dist. 2002)) The post-amendment principles were entirely consistent with earlier precedent.

    That leaves the issue of the racially motivated traffic stops. The Complaint is clear in its assertion that the conduct complained of was racially motivated and no contrary facts are before the Court.

    When considering a motion to dismiss, the Court must accept as true all well-pleaded

factual allegations in the complaint, and draw all reasonable inferences in the light most favorable to the nonmoving party. (*Gutierrez v. Peters* 111 F.3d 1364, 1368-1369 (7th Cir. 1997) The Court should dismiss the case only if the nonmoving party can prove no set of facts consistent with allegations of the complaint that would entitle him to relief. (*Turner/ Ozanne v. Hyman/Power* 111 F.3d 1312, 1319-1320 (7th Cir.1997).

    42 U.S.C § 1981 has been held to apply to claims of police harassment based upon race. (*Perkins v. Village of Lincolnshire* 1996 WL 613159)It has been held to apply to claims that the police violated a plaintiff's civil rights because he was Latino-American. (*Roman v. City of Chicago Dep't of Police* 1995 WL 417573) and unlawful searches based upon plaintiff's Hispanic background (*Mendez* 687 F.Supp. 412; See also *Dennis v. Velez*, 1988 WL 40838; and *Felician v. County of Suffolk* (E.D. NY. 2005) 419 F.Supp.2d 302) Clearly the opposing parties have been given fair notice of the nature, grounds, and bases of the claims before them. The discovery process bears the process of filling in the details. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1215 (2d ed. 1990). At this stage the plaintiff is to receive the benefit of imagination as long the hypothesis are consistent with the complaint. (*Sanjuan v. Am.Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) The bald assertion of immunity ignores how delicate the Seventh Circuit has treated the assertion of immunity as a defense in a Rule 12(b)(6) motion. (See *Jacobs v. City of Chicago* 215 F.3d 738, 765 n. 3 (7th Cir. 2000) The facts alleged without discovery of any type- interrogatories, request to produce, or depositions to date- and the absence of any facts produced by the Defendants to support its claims, clearly mandate a denial of a motion to dismiss filed herein. Whether the Plaintiffs' theories of liability were accurate is irrelevant.(*Janke Construction Company Inc. v.*

*Vulcan Materials Company* 527 F.2d 772, 776 (7th Cir. 1976)) § 1981 is applicable to the race related claims of Patrick Thompson.

With respect to the City of Champaign, as recognized it this Court's earlier Order and in light of the factual information presented herein with respect to the involvement of "command staff", the Plaintiffs should at least be entitled to proceed with discovery to determine if the "command staff", and its conduct renders the City liable under Monnell.. The assertion that command staff were involved in making the decisions complained of is not speculation, conjecture, or the imagination of the Plaintiffs, but instead, the product of an affidavit by Assistant State's Attorney Elizabeth Dobson. (EXH. C, attached.) (See also, EXH D, Press release by State's Attorney John Piland). Surely this provides some basis for permitting the Plaintiffs to proceed.

WHEREFORE the Plaintiffs pray the *Motion to Dismiss Counts I, II, IV and V of the Amended Civil Complaint* be denied.

>Respectfully submitted,
>
>PATRICK THOMPSON, MARTEL
>MILLER and VEYA, INC., Plaintiffs
>
>**By: s/ Robert G. Kirchner**
>Robert G. Kirchner Bar Number 6182070
>Attorney for Plaintiffs
>Robert G. Kirchner Law Office
>100 Trade Centre Drive Suite 402
>Champaign, IL 61820
>Email: rgk-kirchnerlaw@sbcglobal.net
>
>**By: s/ Ruth E. Wyman**
>Ruth E. Wyman Bar Number: 6284294
>One of the Attorneys for the Plaintiff
>Robert G. Kirchner Law Office
>100 Trade Centre Drive, Suite 402

Champaign, IL 61820
Phone: 217-355-5660
Facsimile: 217-355-5675
E-mail: rw-kirchnerlaw@sbcglobal.net

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Howard W. Small        hwslaw@shout.net

David E. Krchak        krchak@tmh-law.com

James D. Green         jim@tmh-law.com

Jerome P. Lyke         jeromelyke@yahoo.com


**By: s/ Robert G. Kirchner**
Robert G. Kirchner
One of the Attorneys for Plaintiffs
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: (217) 355-5660
Facsimile: (217) 355-5675
E-mail: rgk-kirchnerlaw@sbcglobal.net

**By: s/ Ruth E. Wyman**
Ruth E. Wyman Bar Number: 6284294
One of the Attorneys for the Plaintiff
Robert G. Kirchner Law Office
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Facsimile: 217-355-5675
E-mail: rw-kirchnerlaw@sbcglobal.net