**E-FILED**
Wednesday, 03 January, 2007  04:55:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARTEL MILLER, PATRICK THOMPSON, and the VEYA, | ) | |
| FOUNDATION, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 05-2142 |
| | ) | JURY DEMAND |
| CITY OF CHAMPAIGN, R.T. FINNEY, JOHN MURPHY, | ) | |
| TROY DANIELS, JOHN SWENSON, DAVID GRIFFET, | ) | |
| JUSTUS CLINTON, MICHAEL PYBURN, All in Their | ) | |
| Individual Capacities, ELIZABETH DOBSON, In Her | ) | |
| Individual Capacity, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' THIRD AMENDED COMPLAINT**

NOW COME the Plaintiffs, MARTEL MILLER, PATRICK THOMPSON, and the VEYA

FOUNDATION, by and through their attorneys, ROBERT G. KIRCHNER LAW OFFICE, and

hereby files their Third Amended Complaint against the Defendants herein, and in support thereof

states and alleges as follows:

**Jurisdiction and Venue**

1.      That this court has jurisdiction pursuant to the provisions of Title 28 USC §§ 1331 and 1343,

and supplemental jurisdiction under Title 28 USC § 1367.

2.      That venue is proper under the provisions of Title 28 USC § 1391(b).

3.      That Plaintiffs, MARTEL MILLER and PATRICK THOMPSON, are and were at all times

relevant to these proceedings, residents of Champaign County, Illinois.

4.      VEYA Foundation was at all times relevant a not for profit corporation incorporated under

the laws and statues of the State of Illinois.

5.      That Defendants R.T. FINNEY,  JOHN MURPHY, TROY DANIELS,  JOHN SWENSON,

-1-

DAVID GRIFFET, JUSTUS CLINTON, and MICHAEL PYBURN were at all times relevant hereto employed by the City of Champaign as police officers with the City of Champaign Police Department.

6.    That Defendant ELIZABETH DOBSON was at all times relevant hereto employed by the Champaign County State's Attorney's office.

7.    That the Plaintiffs bring their claims pursuant to the provisions of Title 42 USC §§ 1981 and 1983 as a result of the Defendants' violation of the Plaintiffs' rights as guaranteed under the fourteenth amendment to the Constitution of the United States which incorporates the Fourth Amendment and First Amendment thereto and guarantees the Plaintiffs freedom from unreasonable search and seizure – due process; freedom of speech; and protection against deprivation of their right to equal protection of the law.  Plaintiffs' supplemental jurisdiction arises as a result of the Plaintiffs' claims brought under the corollary provisions of the Illinois Constitution of 1970; the Illinois Civil Rights Act of 2003 (740 ILCS 23/1 et.sq.); and common law claims for conversion and destruction of property.

## Claims
### Count I - Delegation of Duty to Prosecute (Due Process)

NOW COME Plaintiffs Martel Miller and Patrick Thompson, and hereby complain of Defendant Elizabeth Dobson as follows:

8.    That during a 'ride-along' with Defendant Griffet on August 7, 2004, Dobson authorized and directed Defendant Griffet to seize the video recorder and video tape that Plaintiff Miller was using to film an interview with a citizen who had just been pulled over by Defendants Pyburn and Clinton, all as more fully set forth in the affidavits of the

Plaintiffs filed November 29, 2006, attached hereto as Exhibits A and B.

9.     That after the confiscation of the videorecorder and video tape, Dobson met with various command staff of the City of Champaign police department on or about August 9, 2004.

10.     That Dobson had a series of conversations and communications with command staff at the Champaign Police department and procured reports from the University of Illinois Police Department in an effort to support the bringing of charges against the Plaintiff's.

11.     Dobson orchestrated and secured reports from the University of Illinois police department to be able to convince the Champaign Police Department to 'authorize' prosecution.

12.     That the conduct of Defendant Dobson constituted an abdication of decision making to the 'command staff' at the Champaign Police Department.

13.     That Defendant Dobson's delegation of a prosecutorial function violated Plaintiffs' due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution, and Plaintiffs' corollary rights under the Illinois Constitution.

14.     That 42 U.S.C.A.  1983 provides as follows:

> **Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.**

-3-

15.    That as a result of the conduct of the Defendant as set forth herein, the Plaintiffs'
       Constitutional rights were violated, they were subjected to criminal prosecution, Plaintiff
       Thompson was incarcerated, Plaintiffs' suffered emotional distress, embarrassment, and
       other damage and injury.

16.    That punitive and exemplary damages are necessary and proper to punish and deter
       Defendants and others from acting similarly.

       WHEREFORE, Plaintiffs pray for damages in an amount to be fixed by the trier of fact
as and for compensatory damages against the Defendant in an amount not less than $150,000,
together with an award of punitive damages, costs and attorneys' fees pursuant to 42 U.S.C.
§1988.  Plaintiffs demand Trial by Jury.

### Count II - Unlawful Seizure and Prior Restraint

       NOW COMES Plaintiffs Martel Miller and Patrick Thompson, and VEYA Foundation
hereby complain of Defendant Elizabeth Dobson and Defendant David Griffet as follows:

17.    That on August 7, 2004, Plaintiff Martel Miller was using a camcorder that was
       purchased by Plaintiff Patrick Thompson for the specific use by the organization they
       founded, VEYA, FOUNDATION, a Plaintiff herein, to videotape Champaign police
       officers interacting with a bicyclist they had pulled over, all as more fully set forth in
       Plaintiff Martel Miller's Affidavit attached as Exhibit A.

18.    That Plaintiff Miller was sixty feet away from the actual traffic stop, and no voices were
       audible from that distance.

19.    That once the bicyclist was finished with his interactions with the police officers,
       Plaintiff Miller motioned for him to approach, and the bicyclist, James Wood,

-4-

approached Martel Miller.

20.    That Plaintiff Miller requested and received permission from Mr. Woods to interview
       him with the same video recorder regarding his interactions with the Champaign police.

21.    That after the traffic stop, one of the officers, Defendant Pyburn, drove away, but the
       other officer, Defendant Clinton, drove to the other side of the street where Plaintiff
       Miller was standing on the sidewalk conducting an interview of Mr. Woods.

22.    That Defendant Clinton began yelling at Miller and deliberately attempted to place his
       voice on the tape that Mr. Miller was using to conduct his interview of Mr. Woods.

23.    That shortly thereafter, Plaintiff Thompson arrived on the scene, as did Defendant
       Griffet.

24.    That Griffet was accompanied by Defendant Dobson, who was conducting a 'ridealong'
       with Officer Griffet.

25.    That pursuant to the instruction and authorization of Elizabeth Dobson, Defendant Griffet
       seized video recorder belonging to Plaintiff Patrick Thompson, utilized by Plaintiff
       Miller at the time, and purchased for use by members of Plaintiff VEYA, Foundation.

26.    That at the time the video recorder and videotape were confiscated, the Defendants knew
       that Plaintiff Miller had not violated any law in the use of the video recorder, Plaintiff
       Miller had showed the video to Defendant Griffet, all as more fully set forth in the
       Affidavit of Plaintiff Miller attached as Exhibit A.

27.    That when the video recorder and video tape were returned to Plaintiff Miller, the video
       tape was returned in an altered state with video footage missing.

28.    That Defendants' actions in seizing and withholding the video camera and video, and its

subsequent alteration constituted an unlawful interference with the filming and

broadcasting of police officer interactions with citizens, violated Plaintiffs' rights as

guaranteed by the Fourteenth Amendment to the United States Constitution, which

incorporate the First and Fourth Amendments, and Plaintiffs' corollary rights under the

Illinois Constitution.

29.    That as a result of the conduct of the Defendants as set forth herein, the Plaintiffs'

Constitutional rights were violated, they were subjected to emotional distress and

embarrassment and other damage improperly.

30.    That punitive and exemplary damages are necessary and proper to punish and deter

Defendants and others form acting similarly.

WHEREFORE, Plaintiffs pray for damages in an amount to be fixed by the trier of fact

as and for compensatory damages against the Defendants jointly and severally, in an amount not

less than $150,000, together with an award of punitive damages, their costs and attorneys' fees

pursuant to 42 U.S.C. §1988.  Plaintiffs demand Trial by Jury.

### Count III - Retaliatory Prosecution and Filing Charges against Plaintiffs

NOW COME the Plaintiffs, Patrick Thompson and Martel Miller, and complain of

Defendants Finney, Murphy, Daniels, Swenson, and Dobson as follows:

31.    That on or about March 26, 2004, Plaintiffs Patrick Thompson and Martel Miller mailed

correspondence addressed to Defendant Finney explaining that their organization,

VEYA, a plaintiff herein, would be monitoring the police, and specifically, police and

citizen interactions, all as more fully set forth in Plaintiff Miller's Affidavit attached as

Exhibit A.

-6-

32.     That on or about May 1, 2004, Plaintiff VEYA and Plaintiffs Miller and Thompson hosted a community forum at which they announced, discussed and explained their intention to monitor the police.

33.     That several police officers were present at the forum, including Defendant Griffet voiced no opposition was voiced by anyone present or by anyone to Plaintiffs Miller or Thompson.

34.     That between May and June 2004, a video of the VEYA Forum held on or about the May 1, 2004, was broadcast and re-broadcast on public access television (UPTV).

35.     That based on the interactions that Plaintiffs had with the officers, including interactions with police officers while Plaintiffs Miller and Thompson were videotaping, Plaintiffs did not believe that any of the officers objected to being video recorded, all as more fully set forth in Plaintiffs' Affidavits attached as Exhibits A and B.

36.     That between Memorial Day 2004 and August 7, 2004, Plaintiffs Miller and Thompson recorded various footage for their CitizenWatch television program of police officers interacting with citizens, all the while making sure that they were visible to the citizens and the officers while they were taping.

37.     That on August 7, 2004, Plaintiff Miller was videotaping a police–citizen interaction in Champaign on Bradley Avenue, all as more fully set forth in Plaintiff's Affidavit attached as Exhibits A.

38.      That after Defendant Griffet viewed the portion of the tape that had been made of the traffic stop on Bradley Avenue that night, Defendant Dobson authorized and instructed Defendant Griffet to seize the video recorder and the tape.

-7-

39.    That Griffet seized the video recorder and the tape.

40.    That Defendant Dobson drafted and filed the Information alleging the offense of
Eavesdropping (Class 1 Felony) against Plaintiff Miller.

41.    That Defendant Dobson met with two unidentified members of the Champaign Police
Department command staff on August 9, 2004 to discuss the possibility of criminal
charges being filed against Plaintiff Miller.

42.    That Defendant Dobson met with other members of the police department command
staff.

43.    That conversation was ongoing between Dobson and command officers.

44.    That command officers communicated to Defendant Dobson the concurrence of the Chief
of Police with the filing of criminal charges against Plaintiff Miller, specifically that
Defendant Finney had authorized charges.

45.    That at no time between the filing date of August 10, 2004 and the summons return date
of August 23, 2004 did Defendant Dobson receive information from the Champaign
Police Department suggesting an administrative change in position concerning the filing
of criminal charges against Plaintiff Miller.

46.    That the charges against Plaintiff Miller were filed at the request of the Champaign
Police Department.

47.    That on information and belief, Defendants Murphy, Swenson and Daniels, as command
staff of the Champaign Police Department specifically requested the State's Attorney's
Office not dismiss charges pending meetings with certain groups and individuals
contacts.

-8-

48.   That Defendants retaliated against Plaintiff Miller for his filming of police and citizen interactions for use in a showing on television of police and citizen interactions by causing the filing, prosecution of such charges.

49.   That subsequent to the viewing of the tape seized from Plaintiff Miller on August 7, 2004, Defendants seized the CitizenWatch video produced by Plaintiffs Miller and Thompson on or about August 24, 2004.

50.   That the video included Officer Griffet stating that he didn't mind Plaintiff Miller taping him and waving at the camera and stating that he did not feel that Plaintiffs Thompson or Miller were doing anything improper by taping the interactions.

51.   That shortly after viewing the videotape, Defendant Dobson filed criminal eavesdropping charges against Plaintiff Thompson in retaliation for his filming of police and citizen interactions and preparation of such filming for public access on television.

52.   That the charges filed against Plaintiffs Thompson and Miller were false and were known to be false at the time the charges were "authorized" and brought by the Defendants.

53.   That the charges filed against Plaintiffs Miller and Thompson had a 'chilling' effect on Plaintiffs.

54.   That the conduct of the Defendants violated Plaintiffs' rights as guaranteed by the Fourteenth Amendment to the United States Constitution, which incorporate the First and Fourth Amendments, and Plaintiffs' corollary rights under the Illinois Constitution.

55.   That as a result of the conduct of the Defendants as set forth herein the Plaintiffs' Constitutional rights were violated, they were subjected to criminal prosecution, Plaintiff Thompson was incarcerated, Plaintiff's suffered emotional distress and embarrassment

-9-

and other damage and injury.

56.     That punitive and exemplary damages are necessary and proper to punish and deter

        Defendants and others form acting similarly.

        WHEREFORE, Plaintiffs pray for damages in an amount to be fixed by the trier of fact

as and for compensatory damages against the Defendants jointly and severally, in an amount not

less than $150,000, together with an award of punitive damages, their costs and attorneys' fees

pursuant to 42 U.S.C. §1988.  Plaintiffs demand Trial by Jury.

### Count IV - Malicious Prosecution of Plaintiffs

        NOW COME Plaintiffs Martel Miller and Patrick Thompson, and hereby complain of

Defendants Dobson, Finney, Murphy, Daniels and Swenson as follows:

57.     That Defendant Dobson drafted and filed the Information alleging the offense of

        Eavesdropping (Class 1 Felony) against Plaintiff Miller.

58.     That Defendant Dobson met with two members of the Champaign Police Department

        command staff on August 9, 2004 to discuss the possibility of criminal charges being

        filed against Plaintiff Miller.

59.     That Defendant Dobson met with other members of the police department command

        staff.

60.     That conversation was ongoing between Dobson and command officers.

61.     That command officers communicated to Defendant Dobson the concurrence of the Chief

        of Police with the filing of criminal charges against Plaintiff Miller, specifically that the

        Chief of Police Defendant Finney had authorized charges.

62.     That at no time between the filing date of August 10, 2004 and the summons return date

of August 23, 2004 did Defendant Dobson receive information from the Champaign Police Department suggesting an administrative change in position concerning the filing of criminal charges against Plaintiff Miller.

63.    That the charges against Plaintiff Miller were filed at the request of the Champaign Police Department.

64.    That on information and belief, Defendants Murphy, Swenson and Daniels, as command staff for the Champaign Police specifically requested the State's Attorney's Office not dismiss charges pending meetings with certain groups and individuals contacts.

65.    That the charge of eavesdropping against Plaintiff Martel Miller was initiated at the request of the Champaign Police Department and the case was maintained in support of the law enforcement officers as victims of the charged offense.

66.    That the Office of the Champaign County State's Attorney communicated to the Chief of Police of the City of Champaign Defendant Finney that the charge would remain on file until either the case was tried or the Champaign Police Department made a request that the charge be dismissed.

67.    That on on September 23, 2004, the Office of the Champaign County State's Attorney received written request, by fax, form the Chief of Police of the City of Champaign Defendant Finney and the City Manager of the City of Champaign that the charge in this case be withdrawn and dismissed.

68.    That there was no probable cause for the initiation nor continuation of the proceeding against Plaintiff Miller nor against Plaintiff Thompson, all as more fully set forth in the Affidavits of Martel Miller and Patrick Thompson attached hereto as Exhibits A and B.

-11-

69.    That the criminal charges against each of the Plaintiffs were terminated by the dismissal of charges against each of them, and thus, terminated in their favor.

70.    That the Plaintiffs suffered damages by the filing on criminal eavesdropping proceedings against each of them, including but not limited incarceration and embarrassment.

71.    That as a result of the conduct of the Defendant as set forth herein, the Plaintiffs' Constitutional rights were violated, they were subjected to criminal prosecution, Plaintiff Thompson was incarcerated, Plaintiffs' suffered emotional distress, embarrassment, and other damage and injury.

WHEREFORE, Plaintiffs pray for damages in an amount to be fixed by the trier of fact as and for compensatory damages against the Defendants jointly and severally.  Plaintiffs demand Trial by Jury.

### Count V - Seizure of Camcorder and Video

NOW COME Plaintiffs Martel Miller, Patrick Thompson, and VEYA Foundation and hereby complain of Defendant Elizabeth Dobson, Defendant David Griffet, Defendant Justus Clinton, and Defendant Michael Pyburn as follows:

72.    That on August 7, 2004, Plaintiff Martel Miller was using a camcorder that was purchased by Plaintiff Patrick Thompson for the specific use by the organization they founded, VEYA, FOUNDATION, a Plaintiff herein, to videotape Champaign police officers interacting with a bicyclist they had pulled over, all as more fully set forth in Plaintiff Martel Miller's Affidavit attached hereto as Exhibit A.

73.    That Plaintiff Miller was sixty feet away from the actual traffic stop, and no voices were audible from that distance.

-12-

74.    That once the bicyclist was finished with his interactions with the police officers,

Plaintiff Miller motioned for him to approach, and the bicyclist, James Wood,

approached Martel Miller.

75.    That Plaintiff Miller requested and received permission from Mr. Woods to interview

him with the same video recorder regarding his interactions with the Champaign police.

76.    That after the traffic stop, one of the officers, Defendant Pyborn, drove away, but the

other officer, Defendant Clinton, drove to the other side of the street where Plaintiff

Miller was standing on the sidewalk conducting an interview of Mr. Woods.

77.    That Officer Clinton began yelling at Miller and deliberately attempted to place his voice

on the tape that Mr. Miller was using to conduct his interview of Mr. Woods.

78.    That shortly thereafter, Plaintiff Thompson arrived on the scene, as did Defendant

Griffet.

79.    That Griffet was accompanied by Defendant Dobson, who was conducting a 'ridealong'

with Officer Griffet.

80.    That pursuant to the instruction and authorization of Elizabeth Dobson, Defendant Griffet

seized video recorder belonging to Plaintiff Patrick Thompson, utilized by Plaintiff

Miller at the time, and purchased for use by members of Plaintiff VEYA, Foundation.

81.    That at the time the video recorder and videotape were confiscated, the Defendants knew

that Plaintiff Miller had not violated any law in the use of the video recorder,  Plaintiff

Miller had showed the video to Defendant Griffet, all as more fully set forth in the

Affidavit of Plaintiff Miller filed with this Court November 29, 2004.

82.    That when the video recorder and video tape were returned to Plaintiff Miller, the video

-13-

tape was returned in an altered state with video footage missing.

83.    That Defendants' actions of confiscating the video recorder and video tape and altering

the video by deleting certain footage constitutes seizure and destruction of property, and

an interference with protected speech.

WHEREFORE, Plaintiffs pray for damages in an amount to be fixed by the trier of fact

not less than $150,000.00 as and for compensatory damages against the Defendants jointly and

severally.  Plaintiffs demand Trial by Jury.

### Count VI - Racially Motivated Traffic Stop on October 9th, 2003

NOW COMES one of the Plaintiffs, Patrick Thompson, and complains of Defendant

Griffet and the City of Champaign as follows:

84.    That on October 9, 2003, Thompson was followed by a police officer from Fourth Street

and Green Street in Champaign several blocks to the Illini Union before the officer put

his lights on to pull Plaintiff over.

85.    That on October 9, 2003, Plaintiff was stopped, seized, and detained in front of the Illini

Union around 1:30 - 2 am without probable cause, reasonable suspicion, or any other

constitutionally or statutorily authorized basis to do so.

86.    That the officer's actions in stopping, seizing and detaining Plaintiff were as a result of

the Plaintiff's race, African American, and his color, black.

87.    That 42 U.S.C.A.  1981(a) provides as follows:

> **All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.**

-14-

88.     That as a result of the conduct of the Defendant as set forth herein, the Plaintiffs'

        Constitutional rights were violated, they were subjected to criminal prosecution, Plaintiff

        Thompson was incarcerated, Plaintiffs' suffered emotional distress, embarrassment, and

        other damage and injury.

89.     That punitive and exemplary damages are necessary and proper to punish and deter

        Defendants and others form acting similarly.

        WHEREFORE, Plaintiffs pray for damages in an amount to be fixed by the trier of fact

as and for compensatory damages against the Defendants jointly and severally, in an amount not

less than $150,000, together with an award of punitive damages, her costs and attorneys' fees

pursuant to 42 U.S.C. §1988.  Plaintiffs demand Trial by Jury.

### Count VII- Racially Motivated Traffic Stop on December 27th, 2003

90.     That on December 27, 2003, Defendant David Griffet walked up to Thompson as he was

        sitting in his car and asked what Thompson was drinking.

91.     Thompson answered that he was drinking tea.

92.     Shortly after Thompson's interactions with Griffet, Plaintiff was followed in his car by

        several other police officers as he drove through Champaign, at which time he was pulled

        over by Officer Lack and issued a ticket for not having a real license plate light, which

        Plaintiff did have.

93.     That Defendants' actions in initiating traffic stops against Thompson.

94.     That this traffic stop was based on his race, African American, and his color, black.

95.      The Champaign Police Department has a pattern and practice of racial profiling and

        disparate treatment in effectuating traffic stops.

96.    That 42 U.S.C.A.  1981(a) provides as follows:

> **All persons within the jurisdiction of the United States shall have the
> same right in every State and Territory to make and enforce contracts, to
> sue, be parties, give evidence, and to the full and equal benefit of all laws and
> proceedings for the security of persons and property as is enjoyed by white
> citizens, and shall be subject to like punishment, pains, penalties, taxes,
> licenses, and exactions of every kind, and to no other.**

97.    That Defendants' actions in racial profiling and disparate treatment, violates Plaintiff's

rights as guaranteed by the Fourteenth Amendment to the United States Constitution

which incorporates the Fourth Amendments, and Plaintiffs' corollary rights under the

Illinois Constitution, and the Illinois Civil Rights Act.

98.    That as a result of the conduct of the Defendant as set forth herein, the Plaintiffs'

Constitutional rights were violated, they were subjected to criminal prosecution, Plaintiff

Thompson was incarcerated, Plaintiffs' suffered emotional distress, embarrassment, and

other damage and injury.

99.    That punitive and exemplary damages are necessary and proper to punish and deter

Defendants and others form acting similarly.

WHEREFORE, Plaintiffs pray for damages in an amount to be fixed by the trier of fact

as and for compensatory damages against the Defendants jointly and severally, in an amount not

less than $150,000, together with an award of punitive damages, her costs and attorneys' fees

pursuant to 42 U.S.C. §1988.  Plaintiffs demand Trial by Jury.


Respectfully Submitted,

MARTEL MILLER, PATRICK THOMPSON, and the
VEYA,  FOUNDATION,
Plaintiffs,

-16-

2:05-cv-02142-HAB-DGB     # 97     Page 17 of 18

**By: s/ Robert G. Kirchner**
Robert G. Kirchner Bar Number  6182070
Attorney for Plaintiffs
Robert G. Kirchner Law Office
100 Trade Centre Drive Suite 402
Champaign, IL 61820
Email: rgk-kirchnerlaw@sbcglobal.net

**By: s/ Ruth E. Wyman**
Ruth E. Wyman Bar Number: 6284294
One of the Attorneys for the Plaintiffs
Robert G. Kirchner Law Office
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Facsimile: 217-355-5675
E-mail: rw-kirchnerlaw@sbcglobal.net

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2007,  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Howard W. Small       hwslaw@shout.net

David E. Krchak       krchak@tmh-law.com

James D. Green        jim@tmh-law.com

Jerome P. Lyke        jeromelyke@yahoo.com


Stanley E Freeman     sfreeman@shout.net  ksh@shout.net


**By: s/ Robert G. Kirchner**
Robert G. Kirchner
One of the Attorneys for Plaintiffs
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: (217) 355-5660
Facsimile: (217) 355-5675
E-mail: rgk-kirchnerlaw@sbcglobal.net

-17-

**By: s/ Ruth E. Wyman**
Ruth E. Wyman Bar Number: 6284294
One of the Attorneys for the Plaintiff
Robert G. Kirchner Law Office
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Facsimile: 217-355-5675
E-mail: rw-kirchnerlaw@sbcglobal.net