UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARTEL MILLER, PATRICK THOMPSON and VEYA, INC. | ) ) ) |
| Plaintiffs, | ) ) ) |
| -v- | ) Case No. 05-2142 ) |
| CITY OF CHAMPAIGN, R. T. FINNEY, JOHN MURPHY, TROY DANIELS, JOHN SWENSON, DAVID GRIFFET, JUSTUS CLINTON, MICHAEL PYBURN, All in Their Individual Capacities, ELIZABETH DOBSON, In Her Individual Capacity, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
COUNTS II, III, IV, V AND VII OF PLAINTIFFS'
THIRD AMENDED COMPLAINT**

NOW COME Defendants, CITY OF CHAMPAIGN, R. T. FINNEY, JOHN MURPHY, TROY DANIELS, JOHN SWENSON, DAVID GRIFFET and JUSTUS CLINTON by their attorneys, David E. Krchak and James D. Green of Thomas, Mamer & Haughey, LLP, and submit this Memorandum of Law in support of their Motion to Dismiss Counts II, III, IV, V and VII of Plaintiffs' Third Amended Complaint.

**COUNT II**

Plaintiffs, Martell Miller, Patrick Thompson and VEYA Foundation, fail to state a §1983 claim upon which relief may be granted under Count II against Defendant, David Griffet. Count II is also directed against Defendant, Elizabeth Dobson.

Under Count II, Plaintiffs allege that Griffet, a City of Champaign police officer, seized Plaintiffs' video recorder and video immediately after it had been used to tape an interaction

between police officers and a bicyclist and this violated their constitutional rights pursuant to 42 USCA §1983.  (¶s 17 & 25, Count II)  Plaintiffs, however, acknowledge that Griffet seized the video "pursuant to the instruction and authorization of Elizabeth Dobson," an Assistant State's Attorney.  (¶25, Count II)

Plaintiff Miller, in his affidavit attached to the Third Party Complaint, states that after he videotaped the interaction between the bicyclist and officers that he "asked the officers to call a sergeant to the scene."  (¶34, Affidavit of Martell Miller, attached as Plaintiff's Ex. A to the Third Amended Complaint)  According to Plaintiff Miller, "Officer Griffet arrived about 10 minutes later."  (¶35, Miller Affidavit)  Miller further states that, "I offered to show Griffet the traffic stop and Griffet viewed it."  (¶37, Miller Affidavit)  "After viewing that portion of the tape, Griffet went back to the car and talked with [Assistant State's Attorney] Dobson for about a minute.  Griffet returned and reported that Dobson told him that he could take the camera and tape."  (¶38, Miller Affidavit)  In addition, Miller states that, "When Griffet took the camera from me, I asked him if he was going to arrest me, and Griffet answered, No."  (¶40, Miller Affidavit)  However, "Officer Griffet informed us that Assistant State's Attorney Dobson, who he said was in the police car several feet away from where we were standing, had informed him that he had the right to seize both our camera and the videotape inside the camera, which he then instructed other officers to do."  (¶41, Miller Affidavit)

Based on the allegations in Count II, Officer Griffet is entitled to qualified immunity in connection with his seizure of the camera and videotape.  It is well established that, "Officers carrying out arrest orders are entitled to rely on that order being based upon sufficient probable cause."  <u>Spiegel v. City of Chicago</u>, 920 F.Supp. 891, 896 (N.D.Ill. 1996), affirmed, 196 F.3d 717

(7th Cir. 2000). Here, Officer Griffet did not even go so far as to arrest Plaintiff Miller or Plaintiff Thompson, but relied upon a prosecutor's legal advice to seize the camera and video.

It is also well settled that a police officer who consults with a prosecutor before making an arrest and is instructed to make an arrest has a reasonable basis for believing he has probable cause to do so. Kijonka v. Seitzinger, 363 F.3d 645, 648 (7th Cir. 2004). The Kijonka court also held that, "The question for us is whether there was any reasonable basis to suppose there was probable cause, as that is the test for qualified immunity." Id. (citations omitted). In Kijonka, the officer was entitled to qualified immunity in a §1983 claim even though he arrested the plaintiff for assault without probable cause because the officer had consulted with the Lawrence County State's Attorney before making the arrest. Id. The Seventh Circuit reasoned immunity was appropriate because: "Otherwise, the incentive for officers to consult prosecutors—a valuable screen against false arrests—would be greatly diminished." Id.

In this case, Officer Griffet had a reasonable basis for supposing that he could seize Plaintiffs' camera and video because, as Plaintiffs acknowledge, Assistant State's Attorney Dobson instructed him that he could do so. Sgt. Griffet, like the police officer in Kijonka, therefore, is entitled to qualified immunity and Count II must be dismissed in regard to Griffet.

## COUNT III

Under Count III, Plaintiffs Patrick Thompson and Martel Miller complain that their First and Fourth Amendment Rights were violated by Defendants R.T. Finney, John Murphy, Troy Daniels and John Swenson of the Champaign Police Department, and Defendant Elizabeth Dobson, an Assistant State's Attorney. Finney is the Police Chief. Plaintiffs allege that Murphy, Daniels and Swenson are part of the "command staff" of the Champaign Police Department. Apparently, Plaintiffs believe that they were subjected to retaliatory prosecution when Dobson filed charges

against them for violation of the Eavesdropping Act simply because Chief Finney and the command staff allegedly authorized these charges and requested that the State's Attorney's Office not dismiss these charges.

The allegations under Count III, however, demonstrate that it was the Assistant State's Attorney, Elizabeth Dobson, who "drafted and filed the Information alleging the offense of Eavesdropping (Class 1 Felony) against Plaintiff Miller." (¶40, Count III) Plaintiffs further acknowledge that "Dobson filed criminal eavesdropping charges against Plaintiff Thompson in retaliation for his filming of police and citizen interactions in preparation of such filming for public access on television." (¶51, Count III) Unlike Plaintiff Miller, Plaintiff Thompson does not allege that the Defendant officers retaliated against him under Count III. (Compare ¶48 to ¶51, Count III) Also, Plaintiffs Miller and Thompson were both indicted by a grand jury for violating the Eavesdropping Act. (¶50, Miller Affidavit & ¶55, Thompson Affidavit, attached as Exhibits A & B, respectively, to the Third Amended Complaint) Plaintiffs, under Count III, do not allege an absence of probable cause in the filing of the eavesdropping charges.

A Plaintiff must plead and prove the following elements to succeed in a retaliatory prosecution claim:

- Plaintiff engaged in constitutionally protected activity;

- Defendants were aware of Plaintiffs constitutionally protected activity; and

- But for defendants' actions, a criminal charge would not have been filed against plaintiff.

Hartman v. Moore, 126 S.Ct. 1695 (2006).

In order to prove the latter element, "want of probable cause must be alleged and proven." Hartman, at 1699. But, if probable cause exists, then it must be assumed that the prosecutor would

4

have taken the same action, anyway, and any "bad motive" on the part of the police does not amount to a constitutional tort. Id. at 1704.

In this case, it is undisputed, based on a Plaintiffs' pleadings, that Plaintiffs Miller and Thompson were both indicted for violation of the Eavesdropping Act. This fact, by itself, demonstrates there was probable cause to charge these Plaintiffs with a crime and, thus, there is no causal connection between the Defendant officers' alleged actions and Plaintiffs being charged with violating the Eavesdropping Act. See: Mutual Medical Plans, Inc. v. County of Peoria, 309 F.Supp.2d 1067, 1082 (C.D.Ill. 2004), wherein the Court held that the return of an indictment by a grand jury establishes "prima facie probable cause," citing Freides v. Sani-Mode Mfg. Co., 33 Ill.2d 291 (1965). Plaintiffs' Indictments are attached hereto as Exhibits A and B. These Indictments are referenced in the Affidavits of Miller (¶50) and Thompson (¶55). Plaintiffs purport to attach copies of the Indictments to their Affidavits but fail to do so in regard to the Third Amended Complaint. However, Plaintiffs previously used these same Affidavits in response to Defendants' dispositive motions and thus made the Indictments part of the Record in this case. (See: #92, Ex. B, pp. 3-6; #93, Ex. G, pp. 1-2).

Although Plaintiffs complain that their recorder and video were seized by Defendant Griffet (who is not named as a Defendant under Count III for retaliatory prosecution) he was "authorized and instructed…to seize the video recorder and the tape" by Assistant State's Attorney Dobson. (¶38, Count III) There is no allegation that any of the Defendant officers provided false or misleading information to prosecutor Dobson or the State's Attorney's Office, or that any false or misleading information was conveyed by the Defendant officers to the grand jury. Plaintiffs, therefore, fail to state a cause of action for retaliatory prosecution under Count III against Finney, Murphy, Daniels and Swenson.

5

## COUNT IV

Under Count IV, Plaintiffs Miller and Thompson fail to state a claim for malicious prosecution against Defendants Finney, Murphy, Daniels and Swenson (all of whom are Champaign Police Department personnel). Count IV is also directed against Assistant State's Attorney Dobson.

"Under Illinois law, to state a cause of action for malicious prosecution, a plaintiff must allege facts showing: (1) the commencement or continuance of an original…proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." Mutual Medical Plans, Inc. v. County of Peoria, 309 F.Supp.2d 1067, 1080 (C.D.Ill. 2004), citing Ferguson v. City of Chicago, 343 Ill.App.3d 60 (2003). The return of an indictment by a grand jury establishes "[p]rima facie probable cause." Id. at 1082. Although an indictment is not conclusive evidence of probable cause, it may only "be rebutted by other evidence such as proof that indictment was obtained by false or fraudulent testimony before grand jury or other improper or fraudulent means." Id., citing Freides v. Sani-Mode Mfg. Co., 33 Ill.2d 291 (1965).

In this case, Plaintiffs Miller and Thompson both allege that the Champaign County State's Attorney's Office charged them with eavesdropping and they were both indicted. (¶50, Miller Affidavit; ¶55, Thompson Affidavit; and these affidavits are referenced by Plaintiffs in ¶68 of Count IV to supposedly support their allegation that there was no probable cause for the initiation or continuation of the criminal proceedings against them.) However, because both Miller and Thompson were indicted, they fail to set forth sufficient facts to prove a malicious prosecution claim. They cannot show there was an absence of probable cause due to their indictments. Mutual Medical Plans, 309 F.Supp.2d at 1080-82. Indeed, it was the grand jury who indicted Miller and Thompson, and not Defendants Finney, Murphy, Daniels or Swenson. It was Assistant State's

Attorney Dobson who charged Miller and Thompson with violating the Eavesdropping Act, and not Finney, Murphy, Daniels or Swenson. In addition, there is no allegation that Finney, Murphy, Daniels or Swenson testified before the grand jury, much less provided the grand jury with false or fraudulent testimony, or that they improperly influenced the grand jury. Apparently, Officer Griffet is the only Defendant who testified before the grand jury (¶42, Miller Affidavit), but Plaintiffs are not suing Griffet for malicious prosecution.

Apparently, Plaintiffs believe that if Defendants Finney, Murphy, Daniels and Swenson approved or authorized Plaintiffs being prosecuted, then this is tantamount to malicious prosecution. No such inference can be drawn from allegations under Count IV and there are no cases providing for such an interpretation.

Plaintiff Miller and Thompson, therefore, fail to state a cause of action for malicious prosecution against Defendants Finney, Murphy, Daniels and Swenson under Count IV.

### COUNT V

Under Count V, Plaintiffs Miller, Thompson and VEYA fail to state a cause of action under Illinois law for unlawful seizure of their video recorder and videotape against Defendants Griffet and Justus Clinton.

Griffet and Clinton were both Champaign police officers on August 7, 2004, at which time Plaintiffs allege that the recorder and tape were seized from Miller. Plaintiffs acknowledge that the seizure was conducted "pursuant to the instruction and authorization of [Assistant State's Attorney] Elizabeth Dobson." (¶80, Count V) Dobson had been conducting a "ridealong" with Officer Griffet. (¶79, Count V)

The Illinois Tort Immunity Act, 745 ILCS 10/1-101 et seq. provides that, "a public employee is not liable for his act or omission in the execution or enforcement of any law unless

such act or omission constitutes willful and wanton conduct." Byrne v. City of Chicago, 215 Ill.App.3d 698, 709, 576 N.E.2d 19, 25 (1st Dist. 1991).

The actions of Griffet and Clinton were not willful and wanton in this case because the seizure of the recorder and tape was conducted pursuant to the instruction and authorization of an officer of the court, Assistant State's Attorney Elizabeth Dobson. Griffet and Clinton were reasonable in relying upon this instruction. Their actions, therefore, could not have been willful and wanton and they are both immune from liability under the Tort Immunity Act.

## COUNT VII

Plaintiffs fail to state a cause of action under Count VII. The heading to Count VII references a "Racially Motivated Traffic Stop on December 27th, 2003." Plaintiffs do not allege which Defendant (or Defendants) Count VII is directed against. Also, there is no specific reference to the name of the complaining Plaintiff.

Although Plaintiff Thompson is the only Plaintiff referenced in Count VII (see: ¶s 90-99), the prayer for relief says, "Plaintiffs pray for damages…" (emphasis added)

Although Count VII alleges that Defendant David Griffet had contact with Plaintiff Thompson on December 27, 2003, (¶s 90-91), there is no allegation that Griffet initiated a traffic stop on Thompson's car on that date, but it is a traffic stop that appears to be the basis of the complaint under this count. Apparently, Thompson's car was stopped by an Officer Lack on that date, but there is no disclosure of Officer Lack's first name or Officer Lack's employer. (¶92, Count VII) Officer Lack is not named as a Defendant in the caption of the case and, on information and belief, he has not been served with a summons.

In addition to the forgoing, there is no allegation that Officer Lack lacked reasonable suspicion, probable cause or any other legal basis to stop Thompson's car on December 27, 2003.

8

Accordingly, Plaintiffs fail to state a cause of action against Defendants, City of Champaign and Officer Griffet, for the violation of their constitutional rights in connection with the so-called racially motivated traffic stop on December 27, 2003, and Count VII should be dismissed.

## CONCLUSION

Based on the foregoing this Court should grant the Motion to Dismiss Counts II, III, IV, V and VII of the Third Amended Complaint filed by Defendants, City of Champaign, R. T. Finney, John Murphy, Troy Daniels, John Swenson, David Griffet and Justus Clinton.

>CITY OF CHAMPAIGN, R. T. FINNEY, JOHN MURPHY, TROY DANIELS, JOHN SWENSON, DAVID GRIFFET and JUSTUS CLINTON, Defendants
>
>THOMAS, MAMER & HAUGHEY, LLP
>**/s/ James D. Green**
>_____
>David E. Krchak, No. 3127316
>James D. Green, No. 6203059
>Attorneys for Defendant
>Thomas, Mamer & Haughey, LLP
>30 E. Main, PO Box 560
>Champaign, IL 61824-0560
>(217) 351-1500
>Fax: (217) 351-2017
>E-mail address: jim@tmh-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Mr. Robert Kirchner<br>Ms. Ruth Wyman<br>Kirchner Law Office<br>100 Trade Centre Drive, Suite 402<br>Champaign, IL  61820 | Mr. Jerome P. Lyke<br>Flynn, Palmer & Tague<br>P.O. Box 1517<br>Champaign, IL  61824-1517 |

**/s/ James D. Green**
_____
James D. Green, No. 6203059
David E. Krchak, No. 3127316
Attorneys for Defendant
Thomas, Mamer & Haughey, LLP
30 E. Main, PO Box 560
Champaign, IL 61824-0560
(217) 351-1500
Fax:  (217) 351-2017
E-mail address:  jim@tmh-law.com