```
              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF ILLINOIS


MARTEL MILLER and PATRICK    )
THOMPSON, VEYA, INC.,        )
                             )
         Plaintiffs,         )
                             )
    vs.                      )    No. 05-2142
                             )
CITY OF CHAMPAIGN, R.T.      )
FINNEY, JOHN MURPHY, TROY    )
DANIELS, JOHN SWENSON, DAVID )
GRIFFET, JUSTUS CLINTON,     )
MICHAEL PYBURN, All in Their )
Individual Capacities,       )
ELIZABETH DOBSON, in Her     )
Individual Capacity,         )
                             )
         Defendants.         )
```

**MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO DISMISS**

Defendant, Elizabeth Dobson, by her attorneys, Flynn, Palmer & Tague, for her Memorandum of Law in Support of Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

**AS TO COUNTS I, III AND IV**

Plaintiffs have filed a Third Amended Complaint under 42 U.S.C. Section 1903.

Counts I, III and IV, styled "Delegation of Duty to Prosecute", "Retaliatory Prosecution" and "Malicious Prosecution", all allege wrongful prosecution of Plaintiffs by former Champaign County Assistant State's Attorney Elizabeth Dobson.

In initiating a prosecution and in presenting the State's case, a prosecutor is immune from a civil suit for damages.

Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976).

A prosecutor is entitled to absolute immunity in a Section 1983 case alleging retaliatory prosecution (Smith v. Power, 346 F.3d 740, 741 (7th Cir. 2003)) and malicious prosecution (Spiegel v. Rabinovitz, 121 F.3d 251, 257 (7th Cir. 1997)).

Thus Counts I, III and IV of the Third Amended Complaint fail to state a claim upon which relief can be granted as to Defendant, Elizabeth Dobson, and therefore should be dismissed as to Defendant Dobson.

## AS TO COUNTS II AND V

Counts II and V of the Third Amended Complaint are Section 1983 claims alleging that former Champaign County Assistant State's Attorney, Elizabeth Dobson, instructed a City of Champaign Police Officer to unlawfully seize a videotape and camcorder. The videotape contained audio as well as video and was a recording of a traffic stop by a bystander.

A prosecutor has the protection of qualified immunity when functioning in the role of an administrator or investigative officer rather than an advocate. Mendenhall v. Goldsmith, 59 F.3d 685, 689 (7th Cir. 1995).

Giving legal advice to the police is deemed to be administrative in character. Mendenhall, 59 F.3d at 689.

Qualified immunity shields from liability government officials who are performing discretionary functions in the course of duty to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known.  Spiegel v. Cortese, 196 F.3d 717, 723 (7th Cir. 1999).

In determining whether qualified immunity applies, the Court is to consider (1) whether the plaintiff has asserted a violation of a federal constitution right and (2) whether the constitutional standards implicated were clearly established at the time in question.  Spiegel, 196 F.3d at 723.

The City of Champaign and Champaign County previously argued that the seizure of the videotape and camcorder was proper because it was the seizure of evidence in plain view of a crime, namely, the Illinois eavesdropping statute (720 ILCS 5/14-1, et seq.).

In response, the Court cited the exemption to the eavesdropping statute for "[r]ecordings made simultaneously with a video recording of an oral conversation between a peace officer, who has identified his or her office, and a person stopped for an investigation of an offense under the Illinois Vehicle Code".  720 ILCS 5/14-3(h).

Section 5/14-3(h) is part of Senate Bill 1352, which eventually became Public Act 88-677, and which amended the eavesdropping statute in response to People vs. Beardsley, 115 Ill.2d 47, 503 N.E.2d 346, 104 Ill.Dec. 789 (1986); In Re Marriage of Almquist, 299 Ill.App.3d 732, 736, 704 N.E.2d 68, 71, 234 Ill.Dec. 910 (1998); Senate Bill 1352; April 21, 1994 Senate Debates at pages 139-140; May 20, 1994 Senate Debates at pages 56-57; May 20, 1994 Senate Debates at page 42.

In People vs. Beardsley, the court held that an arrestee did not violate the eavesdropping law by recording a conversation between two officers while the arrestee and the officers were in

the squad car, even though the officers did not know of or consent to the recording. The court held that the eavesdropping statute related only to conversations meant to be private, and the recorded conversation took place in the immediate presence of the arrestee. Beardsley, 115 Ill.2d at 54-55.

In Public Act 88-677, the General Assembly added the definition of "conversation" to the eavesdropping statute. The statute defines "conversation" as "any oral communication between 2 or more persons regardless of whether one or more of the parties intended their communication to be of a private nature under circumstances justifying that expectation". 720 ILCS 5/14-1(d).

Thus the amended statute broadened the eavesdropping statute by prohibiting the recording of any conversation without the consent of all parties regardless of any party's expectation of privacy. Almquist, 299 Ill.App.3d at 736.

At the same time the General Assembly broadened the eavesdropping statute, it also added exemptions (g), (h) and (i). 720 ILCS 5/14-3(g), (h) and (i). Each of these exceptions involves law enforcement. April 21, 1994 Senate Debates at pages 139-140.

In the debates, Senator Dillard described exemption (h) as applying to the audio portion of a videotape of a traffic stop by law enforcement officers. April 21, 1994 Senate Debates at page 139.

At the time the videotape and camcorder were seized, it was reasonable for former Assistant State's Attorney Dobson to believe that exemption (h) did not apply to a videotaping of a

traffic stop by a bystander.  Indeed, counsel for Defendant Dobson has not been able to find a previous case stating that exception (h) applies to a recording by someone other than a law enforcement officer.  Thus, the alleged constitutional violation in the seizing of the videotape and camcorder was not clearly established and Defendant Dobson is entitled to qualified immunity.

Lastly, the police officer who allegedly seized the videotape and camcorder at the direction of Defendant Dobson was not under any duty to follow her orders or suggestions. Therefore, the allegation that Defendant Dobson directed the police officer to seize the videotape and camcorder fails to state a Section 1983 violation against Defendant Dobson. <u>Anderson v. Simon,</u> 217 F.3d 472, 476 (7th Cir. 2000).

For the foregoing reasons, Counts II and V fail to state a claim upon which relief can be granted as to Defendant, Elizabeth Dobson, and therefore should be dismissed as to Defendant Dobson.

                                ELIZABETH DOBSON, Defendant

                                BY:  FLYNN, PALMER & TAGUE

                                By:   /s/  Jerome P. Lyke
                                      Jerome P. Lyke
                                      Illinois Bar No. 6182867
                                      Flynn, Palmer & Tague
                                      Attorney for Champaign County
                                      402 W. Church Street
                                      P.O. Box 1517
                                      Champaign, IL  61824-1517
                                      Telephone:  (217) 352-5181
                                      Fax: (217) 352-7964
                                      jeromelyke@yahoo.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he did on the 30th day of January, 2007, electronically file the foregoing Memorandum of Law in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Howard W. Small
hwslaw@shout.net

David E. Krchak
krchak@tmh-law.com

James D. Green
jim@tmh-law.com

Stanley E. Freeman
sfreeman@shout.net, ksh@shout.net

Robert G. Kirchner
rgk-kirchnerlaw@sbcglobal.net, bob@kirchner.us

Ruth E. Wyman
rw-kirchnerlaw@sbcglobal.net


ELIZABETH DOBSON, Defendant

BY:  FLYNN, PALMER & TAGUE


By:  /s/  Jerome P. Lyke
Jerome P. Lyke
Illinois Bar No. 6182867
Flynn, Palmer & Tague
Attorney for Champaign County
402 W. Church Street
P.O. Box 1517
Champaign, IL  61824-1517
Telephone:  (217) 352-5181
Fax: (217) 352-7964
jeromelyke@yahoo.com