UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARTEL MILLER, PATRICK THOMPSON, and the VEYA, FOUNDATION, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | 05-2142 JURY DEMAND |
| CITY OF CHAMPAIGN, R.T. FINNEY, JOHN MURPHY, TROY DANIELS, JOHN SWENSON, DAVID GRIFFET, JUSTUS CLINTON, MICHAEL PYBURN, All in Their Individual Capacities, ELIZABETH DOBSON, In Her Individual Capacity, Defendants. | ) ) ) ) ) ) ) | |

**RESPONSE IN OPPOSITION TO MOTION TO DISMISS COUNTS II, III, IV, V, AND VII OF PLAINTIFFS' THIRD AMENDED COMPLAINT**

NOW COME the Plaintiffs, MARTEL MILLER, PATRICK THOMPSON, and the VEYA FOUNDATION, by and through their attorneys, ROBERT G. KIRCHNER LAW OFFICE, and hereby file their Response in Opposition to the Motion to Dismiss Counts II, III, IV, V, and VII of Plaintiffs' Third Amended Complaint, and in support thereof state and allege as follows:

I. BACKGROUND

Plaintiffs Martel Miller, Patrick Thompson, and the VEYA Foundation filed their Third Amended Complaint [# 97] alleging Count I: Delegation of Duty to Prosecute (Due Process); Count II: Unlawful Seizure and Prior Restraint; Count III: Retaliatory Prosecution and Filing Charges Against Plaintiffs; Count IV: Malicious Prosecution of Plaintiffs; Count V: Seizure of Camcorder and Video; Count VI: Racially Motivated Traffic Stop on October 9th, 2003; and Count VII: Racially Motivated Traffic Stop on December 27th, 2003. Defendants City of Champaign, R.T. Finney, John Murphy, Troy Daniels, John Swenson, David Griffet and Justus Clinton filed a *Motion to Dismiss*

*Counts II, III, IV, V, and VII of Plaintiff's Third Amended Complaint* [#101] and their Memorandum of Law [#102]. Count I: Delegation of Duty to Prosecute (Due Process) is not the subject of the Motion to Dismiss filed by the City of Champaign, as it relates to actions by Defendant Dobson.

Count VI: Racially Motivated Traffic Stop on October 9th, 2003 is the subject of a summary judgment motion by Officer Griffet and is addressed in a response to that summary judgment motion.

## II. STANDARD OF REVIEW

In ruling upon Defendant's *12(b)(6) Motion to Dismiss* this Court must accept the allegations of Plaintiff's Complaint as true and draw all reasonable inferences therefrom in a light most favorable to the Plaintiff. (*Triad Associates, Inc. V. Robinson,* 10 F. 3rd 492, 495 (7th Cir.). If it does not appear beyond doubt that the Plaintiff cannot establish any set of facts which would entitle him to relief the Court must deny Defendant's *Motion to Dismiss*. (*Hishon v. King and Spaulding,* 467 U.S. 69 (1984)*; Conley v. Gibson,* 355 U.S. 41 (1957). The Court should dismiss the case only if the nonmoving party can prove *no set of facts* consistent with allegations of the complaint that would entitle him to relief. (*Turner/ Ozanne v. Hyman/Power* 111 F.3d 1312, 1319-1320 (7th Cir.1997). Additionally, because a Plaintiff need not plead all of the essential facts in his Complaint, the Court must also consider factual allegations which are consistent with the Complaint that are provided by Affidavit, attached Exhibits, or subsequent Briefs. (*Hrubec v. National Ry. Passenger Corp.,* 981 F. 2d 962, 963 (7th Cir. 1992)*; Doe v. First National Bank of Chicago,* 865 F. 2d 864, 873 (7th Cir. 1989).

III. STATEMENT OF POINTS AND AUTHORITIES

1. Qualified immunity has not been demonstrated, probable cause does not exist, retaliatory seizures and prosecutions are actionable *Ovadal v. City of Madison* 416 F.3d 531, 535 (7th Cir. 2005,) *Spiegel v. City of Chicago* 920 F.Supp 891, 896 (N.D. Ill. 1996)*, People v. Ceja* 204 Ill.2d 332, 789 N.E. 1228 (2003)*, People v. Soto* 342 Ill.App.3d 105, 796 N.E. 690 (2nd Dist. 2003) *,People v. Ledesma* 327 Ill.App.3d 805, 812, 763 N.E.2d 806 (4th Dist. 2002) *,Gutierrez v. Peters* 111 F.3d 1364, 1368-1369 (7th Cir. 1997), *Turner/ Ozanne v. Hyman/Power* 111 F.3d 1312, 1319-1320 (7th Cir.1997)

2. §1981 affords a remedy for racial targeting. (*Perkins v. Village of Lincolnshire* 1996 WL 613159), (*Roman v. City of Chicago Dep't of Police* 1995 WL 417573), (*Mendez* 687 F.Supp. 412), (*Dennis v. Velez*, 1988 WL 40838), (*Felician v. County of Suffolk* (E.D. NY. 2005) 419 F.Supp.2d 302)

IV. ARGUMENT

**A. Defendants' Motion to Dismiss Count II of Plaintiffs' Third Amended Complaint should be denied, as Defendants have failed to demonstrate that there is *no set of facts* upon which could entitle Plaintiffs to relief.**

Count II: Unlawful Seizure and Prior Restraint, Plaintiff MARTEL MILLER alleges that on August 7, 2004, while filming a bicycle traffic stop between a citizen and Officers Clinton and Pyburn that was to be used as part of a documentary being produced by Plaintiffs regarding citizen and police interactions, Plaintiff Martel Miller was ordered to stop filming or be arrested. In order to effectuate that result, Officer Griffet confiscated the camcorder from the Plaintiff. Before confiscating the camcorder and tape from Miller, Griffet spoke with Defendant Dobson away from Plaintiffs Miller and Thompson. The camcorder was later returned to Miller, as was

the tape, though the tape was returned in an altered form.

Defendants' Motion to Dismiss Count II alleges that Defendant Griffet is entitled to qualified immunity in connection with his seizure of Plaintiffs' camera and videotape on August 7, 2004, arguing that Griffet had a "reasonable basis" for supposing that he could seize Plaintiffs' camcorder and videotape, since Defendant Dobson "instructed him that he could do so." Defendants' Motion to Dismiss, p. 3. Defendants rely on *Kijonka v. Seitzinger*, 363 F.3d 645, 648 (7th Cir. 2004) to support their assertion that Griffet believed he had probable cause to seize the video recorder and video tape because he relied on Defendant Dobson's instruction to do so.

Defendant City's Memorandum of Law asserts that Defendant Griffet is entitled to qualified immunity and asserts that he is entitled to rely on the assumption that an order to arrest is based upon probable cause. Defendants' argument misstates the decision in *Spiegel v. City of Chicago* 920 F.Supp 891, 896 (N.D. Ill. 1996).It is critical to an evaluation of Plaintiffs' claims to recognize that the charges and conduct complained of herein was not the result of normal police activity, but instead, a reaction to months of videotaping for the purpose of producing a broadcast relating to police conduct which the police department, City staff, and police officers were <u>fully aware of</u> and which they did not want shown on public television. In *Spiegel* the case cited and relied upon, and in the discussion noted that the arresting officers, "like the Defendants here", who reasonably rely upon information obtained from another law enforcement official regarding an **arrest warrant** are entitled to qualified immunity should that information later be proved incorrect. Inexplicably, City Defendants neglect to include in their quoted extract from *Spiegel* the remainder of that paragraph. No such arrest warrant or communication is at issue

herein. No authority is cited by Defendants or on behalf of Defendant Griffet for the proposition (beginning at page 2 of the Memorandum) that Defendant Dobson's counseling during a ride along absolves him of liability.

However, "consulting a prosecutor may not give an officer absolute immunity ... but it goes far to establish qualified immunity." *Mannoia v. Farrow*, 06-1420, p. 9, 7th Cir. 2007 (Decided Feb. 7, 2007. Westlaw citation not yet available) citing *Kijonka v. Seitzinger*, 363 F.3d 645, 648 (7th Cir. 2004).

Defendants' assertion that Griffet had a *reasonable basis* for seizing Plaintiffs' camera and video is fact specific. What was the basis on which Dobson instructed Griffet that he could seize Plaintiffs' camcorder and tape? What did Griffet tell her? What information did Griffet choose not to tell her about the incident and what he viewed on Plaintiffs' recording? No such information is provided with Defendants' Motion to Dismiss. Clearly there are facts, consistent with Plaintiffs' Third Amended Complaint, that if true, permit recovery and the motion should be denied at this stage.

In *People v. Ceja* 204 Ill.2d 332, 789 N.E. 1228 (Illinois 2003), the Illinois Supreme Court addressed the post-amended version of the Illinois Eavesdropping Statue and held that no violation of that statute occurs when the individuals are aware that their statements are being monitored. The Court characterized this as acquiescence in an implied consent to monitoring when the communications continue despite the knowledge that they were being monitored. (*Ceja* at 349) Specifically, the Court noted that the controlling principals have been widely recognized and that the element of consent may be satisfied either expressly or by implication. Consent exists when a persons behavior manifests acquiescence. Implied consent, the Court stated, is

consent in fact which is inferred from the surrounding circumstances indicating that the party knowingly agreed to the surveillance. Although the circumstances relevant to an implication of consent will vary from case to case, language or acts that tend to prove a party knows of or assents to encroachments of conversations that are private are sufficient. The Court specifically noted the visibility of the speakers as a factor in determining consent. (*Ceja* at 349-350) As demonstrated by the facts presented herein. The Plaintiffs notified the City of Champaign Police Department of their intent to produce a documentary depicting the activities of the Champaign Police Department and it's officers and, in particular, their involvement in traffic stops. (See also Miller Affidavit, ¶ 4 p. 1-2 , ¶ 10 P. 2, ¶ 19 P. 2-3)  That letter was received and acknowledged by the command staff and City officials and it is clear from the factual information provided herewith, that specific officers, including Officer Griffett, had full knowledge and awareness of the monitoring of their activities in conjunction with the production of this documentary. Additionally, Griffet, in the documentary tape, speaks with Miller while he is filming and Officer Griffet telling Miller he had no problem with the taping that was taking place.  (See Martel Miller Affidavit ¶¶ 18, 19, P. 2) Thus, at the very least, a factual issue is presented upon which recovery may be had and which should entitle the Plaintiffs to pursue discovery.

These same principles were applied by the Appellate Court in *People v. Soto* 342 Ill.App.3d 105, 796 N.E. 690 (2nd Dist. 2003).

Thus, as early as 2003 the law had been established by the Illinois Supreme Court and an Appellate Court that the type of consent required to avoid liability under the Eavesdropping Statute existed under circumstances akin to that presented herein. Moreover, accidental overhears of recordings of a conversation clearly do not violate the Eavesdropping Act. (*People*

*v. Ledesma* 327 Ill.App.3d 805, 812, 763 N.E.2d 806 (4th Dist. 2002)) The post-amendment principles were entirely consistent with earlier precedent

As stated in the Standard of Review section herein, the Court should dismiss the case only if the nonmoving party can prove *no set of facts* consistent with allegations of the complaint that would entitle him to relief. (*Turner/ Ozanne v. Hyman/Power* 111 F.3d 1312, 1319-1320 (7th Cir.1997).

The facts presented, including Plaintiffs' Affidavits attached to their Third Amended Complaint, clearly cannot support a finding that there are no set of facts which would demonstrate that the Plaintiffs cannot prove a claim for which recovery might be had. Defendants' Motion to Dismiss Count III should be denied.

**B. Defendants' Motion to Dismiss Count III of Plaintiffs' Third Amended Complaint should be denied, as Defendants have failed to demonstrate that there is *no set of facts* upon which could entitle Plaintiffs to relief.**

Count III: Retaliatory Prosecution and Filing Charges Against Plaintiffs, Plaintiffs Martel Miller and Patrick Thompson allege that the pursuit of criminal charges against them constituted a deprivation of his First, Fourth, and Fourteenth Amendments to the United States Constitution as the charges filed against Plaintiffs Miller and Thompson were false and were known to be false at the time the charges were authorized" and brought by the Defendants (Finney, Murphy, Daniels, Swenson, and Dobson).

Defendants' *Motion to Dismiss Counts III,* alleges that Plaintiffs fail to state a cause of action for retaliatory prosecution against Defendants Finney, Murphy, Daniels and Swenson. Defendants appear to argue that because Defendant Dobson drafted and filed the Information alleging the offense of Eavesdropping and filed the criminal eavesdropping charges, and because

-7-

Plaintiffs were both indicted by a grand jury for violating the Eavesdropping Act, that the Defendants are not liable for retaliatory prosecution.

Defendants argument misstates the holding of *Mutual Medical Plains, Inc. V. County of Peoria*, 309 F.Supp.2d 1067, 1082 (C.D.Ill.2004), which cites *Friedes v. Sani-Mode Mfg.Co.*, 33 Ill.2d 291 (1965). *Mutual Medical Plains, Inc.* states, "'Prima facie probable cause' is established by the return of the indictment by the grand jury *but it is not conclusive evidence of probable cause*. It may be rebutted by other evidence such as proof that the indictment was obtained by false or fraudulent testimony before the grand jury, *or by failing to make a full or complete statement of facts, or by other improper or fraudulent means*. Mutual Medical Plains, Inc. V. County of Peoria*, 309 F.Supp.2d 1067, 1082 (C.D.Ill.2004),citing *Friedes v. Sani-Mode Mfg.Co.*, 33 Ill.2d 296 (1965) (Emphasis added.) As *Friedes* discusses, "Nothing persuades us to follow a rule which would require proof of false testimony or incomplete testimony to be the sole basis of removal of such a prima facie case. Such an impossible burden of proof would quickly frustrate the rights of an injured person who would dare resist extortion at the hands of malicious persons."*Friedes v. Sani-Mode Mfg.Co.*, 33 Ill.2d 291 (1965). "While advice of counsel is a defense to a suit for malicious prosecution, its validity depends upon the facts and circumstances communicated by the defendant to his attorney, whose advice must be sought, given and acted upon in good faith. Whether these elements are present is a jury question. *Friedes v. Sani-Mode Mfg.Co.*, 33 Ill.2d 291 (1965). At this point in the proceedings, without any discovery yet initiated, it is unknown what facts and circumstances were communicated to Defendant Dobson, and whether the action taken was acted upon in good faith.

On September 2, 2004, Thompson was charged by the Champaign County State's

Attorney's office with Eavesdropping.   (See Affidavit of Patrick Thompson attached to Plaintiffs' Third Amended Complaint, ¶54, p. 6) Thompson believes that the charges were filed against him in retaliation for his filming Dobson on June 29, 2004, when she was filming the same crowd that he was filming and for exposing Dobson's ride alongs with Griffet.  (See Affidavit of Patrick Thompson , ¶59, p. 6) According to news articles, Dobson stopped doing 'ridealongs' after Martel and Thompson were charged with eavesdropping.

Miller believes that the decision to charge him with eavesdropping was made by the Champaign police department, and that belief is based in part of the admissions of Elizabeth Dobson, Lead Prosecutor, in her *State's Motion to Dismiss* the case against Miller (People v. E. Martel Miller, 04-CF-1482, filed Sept. 24, 2004) and the Affidavit in Support of the Motion to Dismiss, filed with the State's Motion to Dismiss. (See ¶ 57, p. 6 of 7 of Martel Miller Affidavit) Miller also believes that, based on Defendant John C. Piland's press release, stating that the "charges were filed at the request of the Champaign Police Department and only after command staff had the opportunity to review their case." (Emphasis in original)(See ¶ 57, p. 6 of 7 of Martel Miller Affidavit).   Also Defendant Piland's Press Release specifically names Defendants Swenson, Daniels of the Champaign Police Department, but also references Champaign Police Department 'Command Staff' as having first hand knowledge of Champaign Police Department's decision to prosecute. (See ¶ 57, p. 6 of 7 of Martel Miller Affidavit)

Miller believes that the decision to prosecute Patrick and Martel was made to keep him and Plaintiff Patrick Thompson, as founds and members of Plaintiff VEYA Foundation from monitoring the police, and that Defendants chose to go after Patrick and Martel, specifically, as Dobson states in her grand jury statement in the cases against he and Patrick for eavesdropping,

"So, again, with regard to taping your kids, go ahead." (See ¶ 57, p. 6 of 7 of Martel Miller Affidavit)

As the *Hartman* case cited by Defendants states, "the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore*, 126 S. CT. 1695 (2006) citing *Crawford-El v. Britton*, 523 U.S.574, 588 n.10, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

In discussing a *Bivens* or § 1983 case, the Court in *Hartman* states,

> Demonstrating that there was no probable cause for the underlying criminal charge will tend to reinforce the retaliation evidence and show that retaliation was the but-for basis for instigating the prosecution, while establishing the existence of probable cause will suggest that prosecution would have occurred even without a retaliatory motive. This alone does not mean, of course, that a Bivens or §1983 plaintiff should be required to plead and prove no probable cause, but it does mean that litigating probable cause will be highly likely in any retaliatory-prosecution case, owing to its powerful evidentiary significance.

*Hartman v. Moore*, 126 S. CT. 1695 at 1704 (2006)

Hartman also notes,

> A Bivens (or § 1983) action for retaliatory prosecution will not be brought against the prosecutor who is absolutely immune from liability for the decision to prosecute. Instead, the defendant will be a non-prosecutor, an official, like an inspector here, who may have influenced the prosecutorial decision but did not himself make it, and the cause of action will not be strictly for retaliatory prosecution, but for successful retaliatory inducement to prosecute. The consequence is that a plaintiff .... must show that the non prosecuting official acted in retaliation, and must also show that he induced the prosecutor to bring charges that would not have been initiated without his urging.

*Hartman v. Moore*, 126 S. CT. 1695, 1704-1705 (2006)

[*Hartman* also notes, "An action could still be brought against a prosecutor for conduct taken in an investigatory capacity, to which absolute immunity does not extend." *Hartman v. Moore*, 126 S. CT. 1695, 1705, FN8. (2006)]

The required action for a retaliatory prosecution is "not merely between the retaliatory animus of one person and that person's own injurious action, but between the retaliatory animus of one person and the action of another." *Hartman v. Moore*, 126 S. CT. 1695, 1705 (2006). Where allegations involve misconduct by police, malicious prosecution claims cannot stand if the decision by the prosecutor to bring charges was independent of any pressure exerted by the police. *Hartman v. Moore*, 126 S. CT. 1695, 1705 (2006).

"Some sort of allegation, then is needed both to bridge the gap between the nonprosecuting government agent's motive and the prosecutor's action, and to address the presumption of prosecutorial regularity. And at the trial stage, some evidence must link the allegedly retaliatory official to a prosecutor whose action has injured the plaintiff. The connection, to be alleged and shown, is the absence of probable cause." *Hartman v. Moore*, 126 S. CT. 1695, 1706 (2006). A prosecutor's disclosure that he/she "was nothing but a rubber stamp for his investigative staff or the police" would be of great significance in bridging the gap between the nonprosecuting government agent's motive and the prosecutor's action." *Hartman v. Moore*, 126 S. CT. 1695, 1706 (2006).

As stated in the Affidavits of Martel Miller and Patrick Thompson attached to their Third Amended Complaint and referencing the affidavit filed in Champaign County Circuit Court by Defendant Dobson, there were external pressures by the Defendants on Dobson in her decision to file and maintain charges against the Defendants. As such, Defendants Motion to Dismiss

-11-

Count III should be dismissed, as Defendants' burden to prove that there are no set of facts upon which Plaintiffs would be entitled to relief has not been met. [See ¶ 57 of Miller Affidavit cited above.]

As *Hartman* notes, "A retaliatory motive on the part of an official urging prosecution combined with an absence of probable cause supporting the prosecutor's decision to go forward are reasonable grounds to suspend the presumption of regularity behind the charging decision." *Hartman v. Moore*, 126 S. CT. 1695, 1706 (2006).

The facts presented in Plaintiffs' Third Amended Complaint and attached affidavits clearly cannot support a finding that there are no set of facts which would demonstrate that the Plaintiffs cannot prove a claim for which recovery might be had. Defendants' Motion to Dismiss Count III should be denied.

**C. Defendants' Motion to Dismiss Count IV of Plaintiffs' Third Amended Complaint should be denied, as Defendants have failed to demonstrate that there is *no set of facts* upon which could entitle Plaintiffs to relief.**

Count IV: Malicious Prosecution of Plaintiffs, Plaintiffs allege that there was no probable cause for the initiation nor continuation of proceedings against Plaintiffs Miller and Thompson for violation of the Eavesdropping Statute (¶ 68 Third Amended Complaint), that the criminal charges against each of the Plaintiffs were terminated by the dismissal of charges against each of them (and thus, terminated in their favor) (¶ 69 Third Amended Complaint); that the Plaintiffs suffered damages as a result of said filings (Constitutional rights were violated, they were subjected to criminal prosecution, Thompson was incarcerated, and Plaintiffs suffered emotional distress, embarrassment, and other damage and injury (¶¶ 70-71 Third Amended Complaint).

Defendants argue that Plaintiffs fail to state a claim for malicious prosecution against

-12-

Defendants Finney, Murphy, Daniels and Swenson. Defendants inaccurately assert that Plaintiffs "cannot show there was an absence of probable cause due to their indictments," citing *Mutual Medical Plans,* 309 F. Supp.2d at 1080-82. Defendants Motion to Dismiss, p. 6. Such an argument is unsupported by the allegations in Plaintiffs' Third Amended Complaint and Affidavits of Martel Miller and Patrick Thompson, which, for purposes of Defendants' Motion to Dismiss, the Court must consider as true and draw all reasonable inferences therefrom in a light most favorable to the Plaintiff. *Triad Associates, Inc. V. Robinson,* 10 F. 3rd 492, 495 (7th Cir. 1993)

  As *Mutual Medical Plans* states, "Liability for malicious criminal prosecution ... extends to all persons who played a significant role in causing the prosecution of the plaintiff, provided all the elements of the tort are present.... It may also exist where a defendant urges or insist that another institute a criminal proceeding. *Mutual Medical Plans,* 309 F. Supp.2d at 1081 C.D. IL 2004. Such allegations, as discussed herein and in Plaintiffs' Third Amended Complaint and Affidavits of Martel Miller and Patrick Thompson, attached to the Third Amended Complaint demonstrate that Defendants played such a role in the institution of criminal proceedings against Plaintiffs.

  With respect to the City of Champaign, as recognized it this Court's earlier Order and in light of the factual information presented in Plaintiffs' Third Amended Complaint and Affidavits attached thereto, with respect to the involvement of "command staff", the Plaintiffs should at least be entitled to proceed with discovery to determine if the "command staff", and its conduct renders the City liable under Monnell.. The assertion that command staff were involved in making the decisions complained of is not speculation, conjecture, or the imagination of the

Plaintiffs, but instead, the product of an affidavit by Assistant State's Attorney Elizabeth Dobson. Surely this provides some basis for permitting the Plaintiffs to proceed.

Defendants' assertion that Plaintiffs must plead that Defendants provided false and misleading information to Defendant Dobson is inconsistent with the notice pleading requirements in federal court.

The facts presented clearly cannot support a finding that there are no set of facts which would demonstrate that the Plaintiffs cannot prove a claim for which recovery might be had. Defendants' Motion to Dismiss Count IV should be denied.

**D. Defendants' Motion to Dismiss Count V of Plaintiffs' Third Amended Complaint should be denied, as Defendants have failed to demonstrate that there is *no set of facts* upon which could entitle Plaintiffs to relief.**

Count V: Seizure of Camcorder and Video, Plaintiffs allege that on August 7, 2004, Defendant Griffet seized the video record and videotape held and used by Plaintiff Miller on August 7, 2004 to prepare a documentary of citizen/police interactions at the instruction and authorization of Defendant Dobson, even though Defendants knew at the time the video recorder and video tape were confiscated that Plaintiff Miller had not violated any law in the use of the video recorder. (¶81 Third Amended Complaint).

Defendants argue that Count V against Defendants Griffet and Clinton should be dismissed for failure to state a cause of action under Illinois law for unlawful seizure of Plaintiffs' video recorder and videotape. Defendants assert an affirmative defense under the Illinois Tort Immunity Act 745 IlCS 10/1-101 et. seq., arguing that the actions of Griffet and Clinton were not willful or wanton because the seizure was conducted pursuant to the instruction and authorization of Defendant Dobson. Defendants' Motion to Dismiss, p. 7-8.

Raising an affirmative defense is not properly raised in a Motion to Dismiss (except for the affirmative defense of qualified immunity, which is an exception to the rule). Furthermore, Defendants argue that the actions of Griffet and Clinton were not willful and wanton. However, such a defense is determined by the facts of the case. In a Motion to Dismiss, the Court must consider as true the allegations in Plaintiffs' Complaint and affidavits, and draw all reasonable inferences therefrom in a light most favorable to the Plaintiffs. *Triad Associates, Inc. V. Robinson,* 10 F. 3rd 492, 495 (7th Cir. 1993)

The cope of Defendants' inducement and involvement is a factual issue, not a pleading issue, under §12(b)(6).

The facts presented clearly cannot support a finding that there are no set of facts which would demonstrate that the Plaintiffs cannot prove a claim for which recovery might be had. Defendants' Motion to Dismiss Count V should be denied.

### E. Defendants' Motion to Dismiss Count VII of Plaintiffs' Third Amended Complaint should be denied, as Defendants have failed to demonstrate that there is *no set of facts* upon which could entitle Plaintiffs to relief.

Count VII: Racially Motivated Traffic Stop on December 27th, 2003, Plaintiff PATRICK THOMPSON relates to a "traffic stop" on December, 2003, which was racially motivated. Specifically, Count VII filed by Plaintiff PATRICK THOMPSON alleges that his race and color are the basis for harassment, intimidation, and "traffic stops" by Defendant Griffet and other officers and relates to the pattern and practice of the City of Champaign Police Department.

Defendants argue that Plaintiffs fail to state a cause of action under Count VII - Racially Motivated Traffic Stop on December 27th, 2003. Because a Plaintiff need not plead all of the essential facts in his Complaint, the Court must also consider factual allegations which are

consistent with the Complaint that are provided by Affidavit, attached Exhibits, or subsequent Briefs. (*Hrubec v. National Ry. Passenger Corp.*, 981 F. 2d 962, 963 (7th Cir. 1992)*; Doe v. First National Bank of Chicago,* 865 F. 2d 864, 873 (7th Cir. 1989).

    The Complaint is clear in its assertion that the conduct complained of was racially motivated and no contrary facts are before the Court by Defendant Griffet and by the Defendant City of Champaign. (¶¶ 90-95 of Plaintiffs' Third Amended Complaint)

    42 U.S.C § 1981 has been held to apply to claims of police harassment based upon race. (*Perkins v. Village of Lincolnshire* 1996 WL 613159)It has been held to apply to claims that the police violated a plaintiff's civil rights because he was Latino-American. (*Roman v. City of Chicago Dep't of Police* 1995 WL 417573) and unlawful searches based upon plaintiff's Hispanic background (*Mendez* 687 F.Supp. 412; See also *Dennis v. Velez*, 1988 WL 40838; and *Felician v. County of Suffolk* (E.D. NY. 2005) 419 F.Supp.2d 302)

## V. CONCLUSION

    Clearly the opposing parties have been given fair notice of the nature, grounds, and bases of the claims before them. The discovery process bears the process of filling in the details. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1215 (2d ed. 1990). At this stage the plaintiff is to receive the benefit of imagination as long the hypothesis are consistent with the complaint. (*Sanjuan v. Am.Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) The bald assertion of immunity ignores how delicate the Seventh Circuit has treated the assertion of immunity as a defense in a Rule 12(b)(6) motion. (See *Jacobs v. City of Chicago* 215 F.3d 738, 765 n. 3 (7th Cir. 2000) The facts alleged without discovery of any type- interrogatories, request to produce, or depositions to date- and the absence of any facts produced

by the Defendants to support its claims, clearly mandate a denial of a motion to dismiss filed herein.

WHEREFORE the Plaintiffs pray the *Motion to Dismiss Counts II, III, IV, V and VII of Plaintiffs' Third Amended Civil Complaint* be denied.

Respectfully submitted,

PATRICK THOMPSON, MARTEL MILLER and VEYA, Foundation, Plaintiffs

**By: s/ Robert G. Kirchner**
Robert G. Kirchner Bar Number 6182070
Attorney for Plaintiffs
Robert G. Kirchner Law Office
100 Trade Centre Drive Suite 402
Champaign, IL 61820
Email: rgk-kirchnerlaw@sbcglobal.net

**By: s/ Ruth E. Wyman**
Ruth E. Wyman Bar Number: 6284294
One of the Attorneys for the Plaintiff
Robert G. Kirchner Law Office
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Facsimile: 217-355-5675
E-mail: rw-kirchnerlaw@sbcglobal.net

CERTIFICATE OF COMPLIANCE

I hereby certify that this Memorandum of Law complies with the type volume limitation under Local Rule 7.1(B)(4)(b)(1) in that it has 4,125 words in the Argument Section of the RESPONSE IN OPPOSITION TO MOTION TO DISMISS COUNTS II, III, IV, V, AND VII OF PLAINTIFFS' THIRD AMENDED COMPLAINT

**By: s/ Robert G. Kirchner**
Robert G. Kirchner Bar Number 6182070
Attorney for Plaintiffs
Robert G. Kirchner Law Office
100 Trade Centre Drive Suite 402
Champaign, IL 61820
Email: rgk-kirchnerlaw@sbcglobal.net

**By: s/ Ruth E. Wyman**
Ruth E. Wyman Bar Number: 6284294
One of the Attorneys for the Plaintiff
Robert G. Kirchner Law Office
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Facsimile: 217-355-5675
E-mail: rw-kirchnerlaw@sbcglobal.net

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Howard W. Small       hwslaw@shout.net

David E. Krchak       krchak@tmh-law.com

James D. Green        jim@tmh-law.com

Jerome P. Lyke        jeromelyke@yahoo.com


**By: s/ Robert G. Kirchner**
Robert G. Kirchner
One of the Attorneys for Plaintiffs
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: (217) 355-5660
Facsimile: (217) 355-5675
E-mail: rgk-kirchnerlaw@sbcglobal.net

**By: s/ Ruth E. Wyman**
Ruth E. Wyman Bar Number: 6284294
One of the Attorneys for the Plaintiff
Robert G. Kirchner Law Office
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Facsimile: 217-355-5675

E-mail: rw-kirchnerlaw@sbcglobal.net