UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARTEL MILLER, PATRICK THOMPSON and VEYA, INC. | ) ) ) |
| Plaintiffs, | ) ) |
| -v- | ) ) Case No. 05-2142 |
| CITY OF CHAMPAIGN, R. T. FINNEY, JOHN MURPHY, TROY DANIELS, JOHN SWENSON, DAVID GRIFFET, and ELIZABETH DOBSON, | ) ) ) ) ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES
TO THIRD AMENDED COMPLAINT BY CITY DEFENDANTS**

COME NOW Defendants, CITY OF CHAMPAIGN, R. T. FINNEY, JOHN MURPHY, TROY DANIELS, JOHN SWENSON and DAVID GRIFFET, by and through their attorneys, David E. Krchak and James D. Green of Thomas, Mamer & Haughey, LLP, and for their Answer to the Third Amended Complaint state as follows:

**JURISDICTION AND VENUE**

1. The allegations of paragraph 1 are admitted.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are admitted.

4. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

5. The allegations of paragraph 5 are admitted.

6. The allegations of paragraph 6 are admitted.

7. The allegations of paragraph 7 are admitted, but Defendants deny that any of Plaintiffs' constitutional rights have been violated as alleged in this Complaint.

## COUNT I

The Court previously dismissed Count I in its entirety, and thus these Defendants need not respond to Count I.

## COUNT II

Count II is directed against Defendants, Elizabeth Dobson and David Griffet, but David Griffet has been dismissed from Count II, and thus these Defendants need not respond to Count II.

## COUNT III

Defendants, R. T. Finney, John Murphy, Troy Daniels and John Swenson, for their answer to Count III state as follows:

31. It is admitted that on or about March 26, 2004, VEYA mailed a letter to the Champaign Police Chief, R.T. Finney, informing him of one of VEYA's programs "The VEYA Citizen Watch" and that VEYA would be observing "police activities" but the remaining allegations of paragraph 31 are denied.

32. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

34. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35. Answering further, Defendants deny that any of these Defendants ever consented to being video recorded.

36. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37. These Defendants admit that on August 7, 2004, Plaintiff Martel Miller was videotaping a police-citizen interaction in Champaign on Bradley Avenue, but these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37.

38. The allegations of paragraph 38 are admitted.

39. The allegations of paragraph 39 are admitted.

40. The allegations of paragraph 40 are admitted.

41. Defendants admit that on August 9, 2004, Elizabeth Dobson met with John Murphy and John Swenson of the Champaign Police Department and there was a discussion of possible criminal charges being filed against Plaintiff Miller, but these Defendants deny that there was a discussion regarding the merits of any charges against Plaintiff Miller, and they deny whether there was a discussion as to the existence of probable cause to charge Plaintiff Miller and the remaining allegations of paragraph 41 are denied.

42. It is admitted that a portion of Elizabeth Dobson's conversation with John Murphy and John Swenson on August 9, 2004 may have been overhead by Troy Daniels, but these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42.

43.     It is admitted that Elizabeth Dobson had conversations with John Murphy and John Swenson and a portion of these conversations may have been overhead by Troy Daniels, but the remaining allegations of paragraph 43 are denied.

44.     It is admitted that John Murphy told Elizabeth Dobson on August 9, 2004 that Police Chief R.T. Finney would not object to the filing of charges against Plaintiff Miller, but Defendants deny that Murphy and Finney discussed the merits of the charges against Plaintiff Miller, they deny that they discussed whether probable cause existed to charge Plaintiff Miller, and they further deny that any of these Defendants specifically "authorized" the charges.  In addition, the remaining allegations of paragraph 44 are denied.

45.     Defendants admit that between August 10, 2004 and August 23, 2004, none of these Defendants objected to any member of the Champaign County State's Attorney's Office concerning the filing of charges against Plaintiff Miller, but these Defendants deny that the Champaign Police Department had a "administrative position" concerning the filing of charges during that time period and further deny the remaining allegations of paragraph 45.

46.     It is admitted that members of the Champaign Police Department command staff requested that the Champaign County State's Attorney consider filing charges and that reports were submitted to the State's Attorney's Office, but the remaining allegations of paragraph 46 are denied.

47.     The allegations of paragraph 47 are denied.

48.     The allegations of paragraph 48 are denied.

49.     The allegations of paragraph 49 are denied.

50.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50.

4

51.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Dobson filed criminal eavesdropping charges against Plaintiff Thompson shortly after viewing the videotape, but the remaining allegations of paragraph 51 are denied.

52.     The allegations of paragraph 52 are denied.

53.     The allegations of paragraph 53 are denied.

54.     The allegations of paragraph 54 are denied.

55.     The allegations of paragraph 55 are denied.

56.     The allegations of paragraph 56 are denied.

WHEREFORE, Defendants, R. T. Finney, John Murphy, Troy Daniels and John Swenson, pray that an order of dismissal be entered in their favor and against Plaintiffs under Count III.  Defendants request a trial by jury.

## AFFIRMATIVE DEFENSES

COME NOW Defendants, R.T. Finney, John Murphy, Troy Daniels and John Swenson, by their attorneys, and in addition to their answer to Count III, and the denials contained therein, Defendants assert the following affirmative defenses:

1.      At all times alleged in Count III of the Third Amended Complaint, R.T. Finney, John Murphy, Troy Daniels and John Swenson were acting in the course and scope of their employment as police officers with the City of Champaign, Illinois.

2.      Defendants are protected by the doctrine of qualified immunity because any action taken by them was objectively reasonable in light of the facts in front of them and, therefore, none of the Defendants are liable.

3.      Defendants are also protected by the doctrine of qualified immunity in that the right of the Plaintiffs to be free from prosecution under the circumstances and information presented to the Defendants was not clearly established in the law or, alternatively, that a reasonable police officer, under similar conditions and with similar information, would reasonably have believed that probable cause existed for the filing of charges against Plaintiffs and the indictment of Plaintiffs.

WHEREFORE, Defendants, R.T. Finney, John Murphy, Troy Daniels and John Swenson pray that the Court dismiss Count III of the Third Amended Complaint and enter an award of costs in favor of these Defendants.

## COUNT IV
### (Malicious Prosecution)

COME NOW Defendants, R. T. Finney, John Murphy, Troy Daniels and John Swenson, and for their answer to Count IV state as follows:

57.     The allegations of paragraph 57 are admitted.

58.     It is admitted that Defendant Dobson met with John Murphy and John Swenson at the Champaign Police Department on August 9, 2004 to discuss possible criminal charges being filed against Plaintiff Miller, but any remaining allegations of paragraph 58 are denied.

59.     It is admitted that a portion of Elizabeth Dobson's conversation with John Murphy and John Swenson on August 9, 2004 may have been overhead by Troy Daniels, but these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 59.

60.     It is admitted that Elizabeth Dobson had conversations with John Murphy and John Swenson and a portion of those conversations may have been overhead by Troy Daniels, but the remaining allegations of paragraph 60 are denied.

6

61. It is admitted that John Murphy told Elizabeth Dobson on August 9, 2004 that Police Chief R. T. Finney would not object to the filing of charges against Plaintiff Miller, but Defendants deny that Murphy and Finney discussed the merits of the charges against Plaintiff Miller, they deny that they discussed whether probable cause existed to charge Plaintiff Miller, and they further deny that any of these Defendants specifically "authorized" the charges. In addition, the remaining allegations of paragraph 61 are denied.

62. Defendants admit that between August 10, 2004 and August 23, 2004, none of these Defendants objected to any member of the Champaign County State's Attorney's Office concerning the filing of charges against Plaintiff Miller, but these Defendants deny that the Champaign Police Department had a "administrative position" concerning the filing of charges during that time period and further deny the remaining allegations of paragraph 62.

63. It is admitted that members of the Champaign Police Department command staff requested that the Champaign County State's Attorney consider filing charges and that reports were submitted to the State's Attorney's Office, but the remaining allegations of paragraph 63 are denied.

64. The allegations of paragraph 64 are denied.

65. It is admitted that police reports drafted by Sgt. David Griffet of the Champaign Police Department concerning Plaintiff Martel Miller, were submitted to the Champaign County State's Attorney Office; it is further admitted that John Murphy and John Swenson, during a conversation with Elizabeth Dobson on August 9, 2004, discussed possible criminal charges against Plaintiff Miller and John Murphy and John Swenson did not object to the prospective filing of charges against Plaintiff Miller, but these Defendants lack knowledge or information sufficient to form a belief as to whether the Champaign County State's Attorney's Office

7

"maintained" the charges against Plaintiff Miller so as to "support" law enforcement officers as victims and the remaining allegations of paragraph 65 are denied.

66. Defendant Finney admits that prior to September 22, 2004, he asked the State's Attorney, John Piland, to dismiss the charge against Plaintiff, Martel Miller, but the State's Attorney refused and it is further admitted that on September 22, 2004, Chief Finney wrote a letter to the State's Attorney requesting against that the charges against Plaintiff Miller be dismissed and the charges were dismissed. The remaining allegations of paragraph 66 are denied.

67. The allegations of paragraph 67 are admitted.

68. The allegations of paragraph 68 are denied.

69. It is admitted that the Champaign County State's Attorney's Office made the decision to dismiss charges against Plaintiffs Miller and Thompson, but the remaining allegations of paragraph 69 are denied.

70. The allegations of paragraph 70 are denied.

71. The allegations of paragraph 71 are denied.

WHEREFORE, Defendants, R. T. Finney, John Murphy, Troy Daniels and John Swenson, pray that an order of dismissal be entered in their favor and against Plaintiffs under Count IV. Defendants request a trial by jury.

## FIRST AFFIRMATIVE DEFENSE TO COUNT IV

Defendants, R. T. Finney, John Murphy, Troy Daniels and John Swenson, by their attorneys, Thomas, Mamer & Haughey, LLP raise the following First Affirmative Defense to Count IV:

8

1.      At all times alleged in the Third Amended Complaint, Defendants, R. T. Finney, John Murphy, Troy Daniels and John Swenson, acted in the course and scope of their employment as police officers with the City of Champaign, Illinois.

2.      Any involvement of these Defendants in connection with the filing of criminal charges against Plaintiffs, Martel Miller and Patrick Thompson, or in connection with the indictment of Plaintiffs, were done while these Defendants were acting as police officers in the execution or enforcement of the law and, therefore, each of these Defendants are entitled to the protections of immunities granted under Section 2-202 of the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

WHEREFORE, Defendants, R. T. Finney, John Murphy, Troy Daniels and John Swenson, pray that Count IV of the Third Amended Complaint against them be dismissed and for an award of costs of suit.

## SECOND AFFIRMATIVE DEFENSE TO COUNT IV

Defendants, R. T. Finney, John Murphy, Troy Daniels and John Swenson, by their attorneys, Thomas, Mamer & Haughey, LLP allege as a Second Affirmative Defense to Count IV as follows:

1.      At all times alleged in the Third Amended Complaint, Defendants, Finney, Murphy, Daniels and Swenson, acted in the course and scope of their employment as police officers with the City of Champaign, Illinois.

2.      Thus, at all relevant times, these Defendants are protected by the immunities granted by Section 2-208 of the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-208.

WHEREFORE, Defendants, R. T. Finney, John Murphy, Troy Daniels and John Swenson, pray that Count IV of the Third Amended Complaint against them be dismissed and that they be awarded their costs of suit.

### THIRD AFFIRMATIVE DEFENSE TO COUNT IV

Defendants, R. T. Finney, John Murphy, Troy Daniels and John Swenson, by their attorneys, Thomas, Mamer & Haughey, LLP allege as a Third Affirmative Defense to Count IV as follows:

1. At all times alleged in the Third Amended Complaint, Defendants, Finney, Murphy, Daniels and Swenson, acted in the course and scope of their employment as police officers with the City of Champaign, Illinois.

2. Thus, at all relevant times, these Defendants are entitled to the immunities granted by Section 2-204 of the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

WHEREFORE, Defendants, R. T. Finney, John Murphy, Troy Daniels and John Swenson, pray that Count IV of the Third Amended Complaint against them be dismissed with prejudice and that they be awarded their costs of suit.

### COUNT V

The Court has previously dismissed Count V in its entirety and thus these Defendants need not respond to Count V.

### COUNT VI

The Court has previously dismissed Count VI in its entirety and thus these Defendants need not respond to Count VI.

## COUNT VII

COME NOW Defendants, City of Champaign and David Griffet, and for their answer to Count VII state as follows:

90. The allegations of paragraph 90 are admitted.

91. David Griffet admits that he asked Plaintiff Thompson what he was drinking and that Plaintiff Thompson lifted up a metal coffee mug but the remaining allegations of paragraph 91 are denied.

92. It is admitted that after Thompson's interactions with Griffet that Thompson's car was stopped by Officer Aaron Lack of the Champaign Police Department and Thompson was issued a warning for not having a license plate light, but the remaining allegations of paragraph 92 are denied.

93. The allegations of paragraph 93 are incomprehensible but Defendants deny that any of Plaintiff Thompson's constitutional rights were violated by either the City of Champaign or David Griffet in connection with the traffic stop on December 27, 2003, and any remaining allegations of paragraph 93 are denied.

94. The allegations of paragraph 94 are denied.

95. The allegations of paragraph 95 are denied.

96. The allegations of paragraph 96 are admitted.

97. The allegations of paragraph 97 are denied.

98. The allegations of paragraph 98 are denied.

99. The allegations of paragraph 99 are denied.

WHEREFORE, Defendants, City of Champaign and David Griffet, pray that an order of dismissal be entered in their favor and against Plaintiff, Patrick Thompson, under Count VII. Defendants request a trial by jury.

## AFFIRMATIVE DEFENSES

COME NOW Defendants, City of Champaign and David Griffet, by their attorneys, and in addition to their answer to Count VII, and the denials contained therein, Defendants assert the following affirmative defenses under Count VII:

1. Defendant, David Griffet, is protected by the doctrine of qualified immunity because any actions taken by him as set forth in Count VII of the Third Amended Complaint were objectively reasonable in light of the facts in front of him and, therefore, he is not liable.

2. Because David Griffet is protected by qualified immunity, any claim against the City of Champaign under Count VII is also barred.

WHEREFORE, Defendants, David Griffet and the City of Champaign, pray that this Court dismiss Count VII of the Third Amended Complaint and enter an award of costs in favor of Defendants.

> CITY OF CHAMPAIGN, R. T. FINNEY, JOHN MURPHY, TROY DANIELS, JOHN SWENSON, DAVID GRIFFET, JUSTUS CLINTON and MICHAEL PYBURN, Defendants
>
> THOMAS, MAMER & HAUGHEY, LLP
> **/s/ James D. Green**
> _____
> David E. Krchak, No. 3127316
> James D. Green, No. 6203059
> Attorneys for Defendants
> Thomas, Mamer & Haughey, LLP
> 30 E. Main, P.O. Box 560
> Champaign, IL 61824-0560
> (217) 351-1500
> Fax: (217) 351-2017

E-mail address: jim@tmh-law.com

## CERTIFICATE OF SERVICE

    I hereby certify that on September 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Mr. Robert Kirchner
Ms. Ruth Wyman
Kirchner Law Office
100 Trade Centre Drive, Suite 402
Champaign, IL  61820

Mr. Jerome P. Lyke
Flynn, Palmer & Tague
P.O. Box 1517
Champaign, IL  61824-1517

                                                **/s/ James D. Green**
                                                _____
                                                James D. Green, No. 6203059
                                                David E. Krchak, No. 3127316
                                                Attorneys for Defendant
                                                Thomas, Mamer & Haughey, LLP
                                                30 E. Main, P.O. Box 560
                                                Champaign, IL 61824-0560
                                                (217) 351-1500
                                                Fax:  (217) 351-2017
                                                E-mail address: jim@tmh-law.com